UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NICHOLAS BERGERON, individually and on  :
behalf of others similarly situated,     :
                                         :
                          Plaintiff,     :    6:20-cv-6283
                                         :
     -against-                           :    CLASS ACTION COMPLAINT
                                         :    (JURY TRIAL DEMANDED)
ROCHESTER INSTITUTE OF TECHNOLOGY,       :
                                         :
                          Defendant.     :
                                         :
-----------------------------------------------------------x

Plaintiff Nicholas Bergeron ("Plaintiff") by and through undersigned counsel, brings this action against Rochester Institute of Technology ("Defendant" or the "Institute") on behalf of himself and all others similarly situated, and makes the following allegations based upon information, attorney investigation and belief, and upon Plaintiff's own knowledge:

## INTRODUCTION

1.      Plaintiff brings this case as a result of Defendant's decision to close campus, constructively evict students, and transition all classes to an online/remote format as a result of the Novel Coronavirus Disease ("COVID-19").

2.      While closing campus and transitioning to online classes was the right thing for Defendant to do, this decision deprived Plaintiff and the other members of the Class from recognizing the benefits of in-person instruction, access to campus facilities, student activities, and other benefits and services in exchange for which they had already paid fees and tuition.

3.      Defendant has either refused to provide reimbursement for the tuition, fees and other costs that Defendant is no longer providing, or has provided inadequate and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Class for their loss.

1

4. This action seeks refunds of the amount Plaintiff and other members of the Class are owed on a pro-rata basis, together with other damages as pled herein.

## PARTIES

5. Defendant Rochester Institute of Technology is an institution of higher learning located in Henrietta, State of New York.

6. Upon information and belief, Defendant has an estimated endowment in excess of $957 Million.[1]

7. Moreover, upon information and belief, Defendant may be eligible to receive federal stimulus under the CARES Act. The Act directs that approximately $14 billion be distributed to colleges and universities based upon enrollment and requires that institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

8. Plaintiff is an individual and a resident and citizen of the state of Massachusetts.

9. Plaintiff is currently enrolled as a full-time student in Defendant's undergraduate program, studying computing and information technology.

10. Plaintiff has paid substantial tuition for the Spring 2020 semester either out of pocket or by utilizing student loan financing or otherwise.

11. There are hundreds, if not thousands, of institutions of higher learning in this country.

12. Some institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online programming which do not provide for physical attendance by the students.

---

[1] https://www.rit.edu/fa/controller/sites/rit.edu.fa.controller/files/files/docs/FY19%20RIT%20Financial%20Statements_Final.pdf

13. Defendant's institution offers in-person, hands-on curriculum.

14. Plaintiff and members of the Proposed Tuition Class (as defined in paragraph 43) did not choose to attend another institution of higher learning, or to seek an online degree, but instead chose to attend Defendant's institution and enroll on an in-person basis.

15. Defendant markets the on-campus experience as a benefit of enrollment:[2]

> Where learning becomes practice – you become a professional.
>
> At RIT, experiential learning enables students to apply what they've learned through lectures, labs, assignments, and projects to a variety of rich experiences outside the classroom. These meaningful exchanges expand students' knowledge and broaden their perspectives by refining their professional and intellectual competencies, cultivating their leadership abilities, advancing their career development, and further developing their talents.

16. The tuition for in-person instruction at Defendant's institution covers not just the academic instruction, but encompasses an entirely different experience which includes but is not limited to:

   i. Face-to-face interaction with professors, mentors, and peers;

   ii. Access to facilities such as computer labs, study rooms, laboratories, libraries, etc.;

   iii. Student governance and student unions;

   iv. Extra-curricular activities, groups, intramurals, etc.;

   v. Student art, cultures, and other activities;

   vi. Social development and independence;

   vii. Hands-on learning and experimentation; and

   viii. Networking and mentorship opportunities.

---

[2] https://www.rit.edu/experiential-learning

17. In fact, Defendant offers an on-line undergraduate and graduate program for students wishing to pursue their degree entirely online.[3]

18. Students enrolled in the online degree program are not allowed to enroll in on-campus or blended classes.[4]

19. Upon information and belief, Defendant's tuition rate for the online programs is between 36% and 43% less than the cost of attaining the same degree in the regular, on-campus program:[5]



20. Plaintiff's education has transitioned from in-person hands-on learning to online instruction.

21. Plaintiff's online instruction is not commensurate with the same classes being taught in person.

22. In addition to tuition, Plaintiff was required to pay certain mandatory fees, including but not limited to a Student Activity Fee and a Student Health Services Fee.

23. According to Defendant's website, the Student Activity Fee "supports programs,

---

[3] https://www.rit.edu/ritonline/tuition
[4] Id.
[5] Id.

events, and services that enhance the quality of student life at RIT.[6] The Student Health Services Fee "covers office visits and many of the basic services students may need."[7]

24. As a result of being moved off campus, Plaintiff no longer has the benefit of the services for which these fees have been paid.

25. Most on-campus programs, events and services have been cancelled.[8]

26. Likewise, having been forced to move home to Massachusetts, Plaintiff is no longer able to take advantage of facilities, including the Student Health Center.

27. In addition to the tuition and fees described above, Plaintiff paid "Room and Board" fees for the opportunity to reside in campus housing and for access to a meal plan providing for on-campus dining opportunities.

28. At Defendant's request and direction, Plaintiff moved out of on-campus housing on or before April 5, 2020 and has not lived on campus since, nor had access to any meals under his meal plan since that date.

## JURISDICTION AND VENUE

29. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

30. This Court has personal jurisdiction over Defendant because Defendant is domiciled in New York and conducts business in New York.

31. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial

---

[6] https://www.rit.edu/fa/sfs/explanation-fees
[7] https://www.rit.edu/studentaffairs/studenthealth/about/feespayment
[8] https://www.rit.edu/coronavirus/dining-facilities-and-events

part of the events or omissions giving rise to the claims occurred in this District, and because Defendant is an institution domiciled and doing business in this District.

## FACTS

32. Upon information and belief, Defendant's Spring term began with the first day of classes on or about January 13, 2020.[9]

33. Upon information and belief, Defendant's Spring term was scheduled to conclude with the last day of examinations on or about May 6, 2020 and commencement ceremonies on May 9, 2020.[10]

34. Accordingly, Defendant's Spring semester was scheduled and contracted to consist of approximately 118 days.

35. Defendant's Spring break began on or about March 8, 2020 and was supposed to end on or about March 15, 2020.[11]

36. However, as a result of the COVID-19 pandemic, Defendant announced on March 15, 2020 that it was moving all classes online for the remainder of the semester. Defendant "strongly discouraged" students from returning to campus following the scheduled end of Spring break, except to retrieve their possessions and move out. Students were required to move out of on-campus housing no later than April 5, 2020.[12]

37. As of the drafting of this Complaint, Defendant has announced that it will be offering pro-rata refunds for room and board. Accordingly, this action does not seek to certify an On-Campus Housing Class or a Meals Class at this time. However, Plaintiff reserves the right to

---

[9] https://www.rit.edu/calendar
[10] Id.
[11] Id.
[12] https://www.rit.edu/news/rit-encourages-students-not-return-campus-courses-resume-march-23-through-alternative-modes

amend this complaint to plead such additional causes of action should Defendant fail to process the promised credits and/or calculate the credits in an inadequate manner.

38. Although Defendant is still offering some level of academic instruction via online classes, Plaintiffs and members of the proposed Class have been and will be deprived of the benefits of on campus learning as set forth more fully above.

39. Moreover, the value of any degree issued on the basis of online or pass/fail classes will be diminished for the rest of recipient's life

40. To date, Defendant has failed and continues to fail to offer any tuition-based refund or credit.

41. Moreover, Plaintiffs and members of the proposed Class have been and will be deprived of utilizing services for which they have already paid, such as access to campus facilities, and other opportunities.

42. To date, Defendant has failed and continues to fail to offer any fee-based refund or credit.

## CLASS ACTION ALLEGATION

43. Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Classes:

**The Tuition Class:**

All people who paid tuition for or on behalf of students enrolled in classes at the Institute for the Spring 2020 semester but were denied live in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.

**The Fees Class:**

All people who paid fees for or on behalf of students enrolled in classes at the

Institute for the Spring 2020 semester.

44. Excluded from the Classes are The Board of Trustees of the Institute (or similar governing body) and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and Court staff assigned to this case.  Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

45. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

46. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

### Numerosity: Fed. R. Civ. P. 23(a)(1)

47. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendant's records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

### Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)

48. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   i. Whether Defendant engaged in the conduct alleged herein;

   ii. Whether there is a difference in value between online distance learning and live

      in-person instruction;

iii. Whether Defendant breached its contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person instruction;

iv. Whether Defendant was unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of online distance learning and live in-person instruction;

v. Whether Defendant breached its contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

vi. Whether Defendant was unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to cover;

vii. Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

viii. Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

ix. The amount and nature of relief to be awarded to Plaintiff and the other Class members.

### **Typicality: Fed. R. Civ. P. 23(a)(3)**

49. Plaintiff's claim is typical of the other Class member's claims because, among other things, all Class members were similarly situated and were comparably injured through

Defendant's wrongful conduct as set forth herein.

### Adequacy: Fed. R. Civ. P. 23(a)(4)

50.  Plaintiff is an adequate Class representative because his interests do not conflict with the interests of other members of the Class he seeks to represent.  Plaintiff has retained counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the action vigorously.  The Class's interests will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority: Fed. R. Civ. P. 23(b)(3)

51.  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.

52.  Even if Class members could afford individual litigation, the Court system likely could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

### Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)

53.  To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

**Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)**

54. The Institute has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the Class members as a whole.

### FOR A FIRST COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiff and Other Members of the Tuition Class)

55. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

56. Plaintiff brings this count on behalf of himself and other members of the Tuition Class.

57. Plaintiff and the Tuition Class entered into contracts with the Institute which provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of students and, in exchange, the Institute would provide live in-person instruction in a physical classroom.

58. Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester either out of pocket, using student loan financing, or otherwise.

59. The Institute breached the contract with Plaintiff and the Tuition Class by moving all classes for the Spring 2020 semester to online distance learning platforms, without reducing or refunding tuition accordingly.

60. The Institute retained tuition monies paid by Plaintiff and other members of the Tuition Class, without providing them the full benefit of their bargain.

61. Plaintiff and other members of the Tuition Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the

value of the services the tuition was intended to cover, namely live in-person instruction in a physical classroom.

62. As a direct and proximate result of Defendant's breach, Plaintiff and the Tuition Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the difference between the value of the online learning which is being provided versus the value of the live in-person instruction in a physical classroom that was contracted for.

### FOR A SECOND COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Tuition Class)

63. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

64. Plaintiff brings this count on behalf of himself and other members of the Tuition Class.

65. The Institute has received a benefit at the expense of Plaintiff and other members of the Tuition Class to which it is not entitled.

66. Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

67. Plaintiff and other members of the Tuition Class conferred this benefit on Defendant when they paid the tuition.

68. Defendant has realized this benefit by accepting such payment.

69. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the tuition was collected, making Defendant's retention unjust under the circumstances.

70. Equity and good conscience require that the Institute return a portion of the

monies paid in tuition to Plaintiff and other members of the Tuition Class.

71.   Defendant should be required to disgorge this unjust enrichment.

### FOR A THIRD COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiff and Other Members of the Fees Class)

72.   Plaintiff realleges all preceding paragraphs as if fully set forth herein.

73.   Plaintiff brings this count on behalf of himself and other members of the Fees Class.

74.   Plaintiff and the Fees Class entered into contracts with the Institute which provided that Plaintiff and other members of the Fees Class would pay certain fees for or on behalf of students and, in exchange, the Institute would provide services related to those fees, such as access to student activities, athletics, wellness centers, libraries, etc.

75.   Plaintiff and other members of the Fees Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket or by using student financing.

76.   The Institute breached the contract with Plaintiff and the Fees Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities, without refunding or reducing fees accordingly.

77.   The Institute retained fees paid by Plaintiff and other members of the Fees Class, without providing them the full benefit of their bargain.

78.   Plaintiff and other members of the Fees Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

79. As a direct and proximate result of Defendant's breach, Plaintiff and the Fees Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which services were not provided.

### FOR A FOURTH COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
**(Plaintiff and Other Members of the Fees Class)**

80. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

81. Plaintiff brings this count on behalf of himself and other members of the Fees Class.

82. The Institute has received a benefit at the expense of Plaintiff and other members of the Fees Class to which it is not entitled.

83. Plaintiff and other members of the Fees Class paid substantial student fees for on campus benefits and services and did not receive the full benefit of the bargain.

84. Plaintiff and other members of the Fees Class conferred this benefit on Defendant when they paid the fees.

85. Defendant has realized this benefit by accepting such payment.

86. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the fees were collected, making Defendant's retention unjust under the circumstances.

87. Equity and good conscience require that the Institute return a pro-rata portion of the monies paid in fees to Plaintiff and other members of the Fees Class.

88. Defendant should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the Class(es), pray for judgment in their favor and against Defendant as follows:

a. Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

b. Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this action;

c. Declaring that Defendant has wrongfully kept monies paid for tuition and fees;

d. Requiring that Defendant disgorge amounts wrongfully obtained for tuition and fees;

e. Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused monies paid for tuition and fees;

f. Scheduling a trial by jury in this action;

g. Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted by law;

h. Awarding pre and post-judgment interest on any amounts awarded, as permitted by law; and

i. Awarding such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

[Signature on Following Page]

Dated: April 30, 2020

        **FERR & MULLIN, P.C.**

        By: /s/ Robert L. Mullin
            Robert L. Mullin
        7635 Main Street Fishers
        P.O. Box 440
        Fishers, NY 14453
        Tel: (585) 869-0210
        Fax: (585) 869-0211
        Email: rlmullin@FerrMullinLaw.com

        -and-

        **MOREA SCHWARTZ BRADHAM**
        **FRIEDMAN & BROWN LLP**
        John M. Bradham (*Pro Hac Vice* Admission Pending)
        Peter B. Katzman (*Pro Hac Vice* Admission Pending)
        444 Madison Avenue, 4th Floor
        New York, New York 10022
        Tel: (212) 695-8050
        Email:  jbradham@msbllp.com
            pkatzman@msbllp.com

        -and-

        **TOPTANI LAW PLLC**
        Edward Toptani (*Pro Hac Vice* Admission Pending)
        375 Pearl Street, Suite 1410
        New York, New York 10038
        Tel: (212) 699-8930
        Email: edward@toptanilaw.com

        -and-

        **ANASTOPOULO LAW FIRM, LLC**
        Eric M. Poulin (*Pro Hac Vice* Admission Pending)
        Roy T. Willey IV (*Pro Hac Vice* Admission Pending)
        32 Ann Street
        Charleston, SC 29403
        Tel: (843) 614-8888
        Email: eric@akimlawfirm.com

roy@akimlawfirm.com

**ATTORNEYS FOR PLAINTIFF(S)**