UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS BERGERON and BARBARA MYCEK, individually and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>ROCHESTER INSTITUTE OF TECHNOLOGY,<br><br>          Defendant. | Case No. 6:20-cv-06283 |

**RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..............................................................................................3

PROCEDURAL HISTORY .................................................................................................3

ARGUMENT ....................................................................................................................4

    I.      Appointment of Interim Class Counsel Is Premature Until *Bergeron* Is
           Consolidated with *Quattrociocchi*. .............................................................................4

    II.     Appointing Two Interim Class Counsel Firms Is Unnecessary and Does
           Not Serve the Purpose of Judicial Economy...........................................................5

CONCLUSION ..................................................................................................................6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Haynie v. Cornell Univ.*,
   No. 3:20-CV-467 (MAD/ML), 2020 WL 6043947 (N.D.N.Y. Oct. 13, 2020) .....................5, 6

*Kuzian v. Electrolux Home Prods., Inc.*,
   937 F. Supp. 2d 599 (D.N.J. 2013) .......................................................................................4

*Mycek v. Rochester Inst. of Tech.*,
   Case No. 6:20-cv-06324 (W.D.N.Y.) ....................................................................................3

*In re Nest Labs Litig.*,
   No. 14-CV-01363-BLF, 2014 WL 12878556 (N.D. Cal. Aug. 18, 2014) ...............................4

*In re Parking Heaters Antitrust Litig.*,
   310 F.R.D. 54 (E.D.N.Y. 2015) .............................................................................................5

*Quattrociocchi v. Rochester Inst. of Tech.*,
   Case No. 6:20-cv-06558 (W.D.N.Y.) .................................................................................3, 4

**Other Authorities**

Fed. R. Civ. P. 23(g) .................................................................................................................4

2

Defendant Rochester Institute of Technology ("RIT") respectfully submits this memorandum of law in partial opposition to the motion for appointment of interim class counsel made by Plaintiffs Nicholas Bergeron ("Bergeron") and Barbara Mycek ("Mycek").

## PRELIMINARY STATEMENT

RIT does not oppose the appointment of interim class counsel in this action, but respectfully draws the Court's attention to two threshold issues with such appointment. First, Plaintiffs' request for appointment of interim class counsel is premature prior to consolidation of this action with the action titled *Quattrociocchi v. Rochester Inst. of Tech.*, Case No. 6:20-cv-06558. Second, Plaintiffs' request that *two* firms be appointed as co-interim class counsel is unnecessary and does not protect the interests of the putative class or serve the interests of judicial economy. As such, RIT respectfully requests that, should the Court be inclined to grant Plaintiffs' motion, the Court should appoint only one firm as interim-class counsel, and only after the entry of an order consolidating this action with *Quattrociocchi*.

## PROCEDURAL HISTORY

On May 1, 2020, Bergeron filed a class action complaint against RIT seeking *pro rata* tuition and fees refunds for the spring 2020 academic term. *See* Dkt. No. 1. On May 19, 2020, Mycek filed a separate class action against RIT demanding the same relief. *See Mycek v. Rochester Inst. of Tech.*, Case No. 6:20-cv-06324. On August 5, 2020, Plaintiffs voluntarily consolidated the *Bergeron* and *Mycek* actions with the consent of RIT, designating *Bergeron* as the primary action. *See* Dkt. No. 12. Plaintiffs then filed an amended consolidated complaint ("CAC"). *See* Dkt. No. 14. On October 5, 2020, RIT moved to dismiss the CAC. *See* Dkt. Nos. 19-22.

Separately, on July 30, 2020, plaintiff Nicholas Quattrociocchi filed a complaint against RIT asserting the same claims, and seeking the same relief, on behalf of the same putative class as in the *Bergeron* and *Mycek* actions. *See Quattrociocchi v. Rochester Inst. of Tech.*, Case No. 6:20-

3

cv-06558.  On October 5, 2020, RIT moved to dismiss the *Quattrociocchi* action and, in the alternative, to consolidate any surviving claims with *Bergeron*.  *See id.* at Dkt. No. 9.  Quattrociocchi has not opposed consolidation.  *See id.* at Dkt. No. 15.

No order has yet been entered consolidating *Bergeron* with *Quattrociocchi*.  Nonetheless, Plaintiffs' counsels in *Bergeron* seek to be appointed interim class counsel, apparently with respect to all claims asserted on behalf of the putative class in all of these actions.

## **ARGUMENT**

**I.**     **Appointment of Interim Class Counsel Is Premature Until *Bergeron* Is Consolidated with *Quattrociocchi*.**

Pursuant to Fed. R. Civ. P. 23(g), the Court may appoint interim class counsel to "protect the interests of the putative class." Fed. R. Civ. P 23(g), advisory comm. note 2003 am.  While courts apply a flexible standard and discretion in appointing interim class counsel, courts are typically wary of appointing interim class counsel where such appointment would not generate any efficiencies and would merely maintain the *status quo*.  *See, e.g., In re Nest Labs Litig.*, No. 14-CV-01363-BLF, 2014 WL 12878556, at *2 (N.D. Cal. Aug. 18, 2014) (denying motion to appoint interim class counsel were the only two law firms in a consolidated action sought to be appointed as co-interim counsel); *Kuzian v. Electrolux Home Prods., Inc.*, 937 F. Supp. 2d 599, 619-20 (D.N.J. 2013) (no need to appoint interim class counsel where two consolidated cases were prosecuted by same counsel).

There is no reason to appoint Bursor & Fisher, P.A. and the Anastopoulo Law Firm, LLC co-interim class counsel over just the consolidated *Bergeron* action, as Bursor & Fisher is counsel to Mycek, and the Anastopoulo Law Firm is lead counsel to Bergeron.  Neither Plaintiffs nor their counsel assert any rivalry, or inability to cooperate, as between one another.  Rather, the motion for appointment of interim class counsel is clearly intended to designate *Bergeron* as the primary

COVID-19 tuition refund action against RIT. Counsel in this motion are merely jockeying for position over Quattrociocchi's counsel. But until an order is entered consolidating *Quattrociocchi* with *Bergeron*, appointment of interim class counsel in the *Bergeron* case would only increase confusion as to which counsel(s) in these now-distinct cases speaks for the putative class. As such, RIT respectfully requests that any appointment of interim class counsel be held in abeyance until after the entry of an order consolidating *Quattrociocchi* into the *Bergeron* case.

## II.    Appointing Two Interim Class Counsel Firms Is Unnecessary and Does Not Serve the Purpose of Judicial Economy.

Bursor & Fisher and Anastopoulo both seek to be appointed as co-interim lead counsel—a request that is unnecessary in the context of this putative class action, brought on behalf of a single putative class against a single defendant. Aside from conclusory assertions that appointment of interim class counsel will "streamline this litigation," *see* Moving Br. at 5, Plaintiffs' motion is bereft of any discussion or proffer as to why appointment of two lead firms is necessary or appropriate in a case like this.

Appointing two firms over this relatively straightforward action will not streamline this action, but rather will run the risk of creating redundancies and inefficiencies. *See In re Parking Heaters Antitrust Litig.*, 310 F.R.D. 54, 57-58 (E.D.N.Y. 2015) (rejecting four-firm committee where the complexities of the case did not warrant "the inevitable redundancies and inefficiencies attendant to a four-firm leadership structure"). In fact, the Northern District of New York has already analyzed this precise issue, in another COVID-19 tuition refund case, on a motion to appoint multiple interim class counsel brought by the same plaintiffs' firms here.

The Northern District rejected counsel's request to be appointed co-interim lead counsel in *Haynie v. Cornell Univ.*, No. 3:20-CV-467 (MAD/ML), 2020 WL 6043947, at *2 (N.D.N.Y. Oct. 13, 2020), explaining that appointment of multiple interim co-counsel (plus another local counsel)

did not "encourage judicial economy and efficiency," and that the "claims are not so complex" in these tuition refund cases "as to warrant a multi-firm counsel structure." *Id.* at *2-3. The very same concerns are present with respect to counsel's motion in the instant case: the factual context of the claims asserted in *Haynie* is essentially identical to that presented here, and the claims asserted against Cornell by Bursor & Fisher and Anastopoulo in *Haynie* are the very same claims asserted against RIT in this case. *See id.* at *3. Accordingly, the Northern District's analysis and conclusion in *Haynie* applies with equal force here. Appointment of multiple plaintiffs' firms to advance these straightforward claims on behalf of the putative class would decrease efficiencies, increase redundancies and costs, and make lines of communication unnecessarily diffuse. Accordingly, RIT respectfully submits that, should the Court consider appointment of interim class counsel appropriate in this case, only one plaintiffs' firm should be so appointed.

## CONCLUSION

For all of the reasons discussed herein, Rochester Institutes of Technology respectfully requests that the Court (i) appoint one firm as interim class counsel; and (ii) hold such appointment in abeyance pending consolidation of this action with *Quattrociocchi*.

Dated: New York, New York
        November 2, 2020

SANTIAGO BURGER LLP

By: /s *Fernando Santiago*
Fernando Santiago
fernando@litgrp.com
2280 East Avenue, 2nd Floor
Rochester, NY 14610
Tel: (585) 563-2400
Fax: (585) 563-7526

6

HOLLAND & KNIGHT LLP

By: /s/ *Robert J. Burns*
Robert J. Burns
Qian (Sheila) Shen
robert.burns@hklaw.com
qian.shen@hklaw.com
31 West 52nd Street
New York, NY 10019
Tel:  (212) 513-3200
Fax:  (212) 385-9010

Paul G. Lannon (admitted *pro hac vice*)
paul.lannon@hklaw.com
10 St. James Avenue, 11th Floor
Boston, MA 02116
Tel:  (617) 523-2700
Fax:  (617) 523-6850

7