# <u>Exhibit F</u>

<u>Waitt v. Kent State Univ.</u>, 2020-00392JD
(Oh. Ct. Cl. Sept. 28, 2020)

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CAITLYN WAITT | Case No. 2020-00392JD |
| Plaintiff | Judge Patrick M. McGrath |
| v. | <u>DECISION</u> |
| KENT STATE UNIVERSITY | |
| Defendant | |

2020 SEP 28 PM 2: 25
FILED
COURT OF CLAIMS
OF OHIO

Pursuant to Civ.R. 12(B)(1) and (6), defendant Kent State University (KSU) moves to dismiss the first amended class-action complaint filed by plaintiff Caitlyn Waitt. KSU's motion should be granted, in part, for reasons set forth below.

### I. Background

Waitt has filed a first amended class-action complaint against KSU and members of KSU's board of trustees in their official capacities. Waitt's lawsuit stems from KSU's decision to close buildings and switch in-person classes to a remote format in the face of a COVID-19 pandemic. Waitt asserts the following causes of action: (1) breach of contract, (2) violation of the constitutional guarantee against the taking of property without just compensation arising under 42 U.S.C. 1983, (3) violation of the constitutional guarantee of due process arising under 42 U.S.C. 1983, (4) unjust enrichment, and (5) conversion. Waitt has demanded a jury trial.

On August 27, 2020, KSU moved to dismiss Waitt's first amended class-action complaint pursuant to Civ.R. 12(B)(1) and (6). KSU maintains that Waitt's claims of breach of contract, unjust enrichment, and conversion rest on a notion that remote-education is "inferior to in-person education, which means all of those claims are disguised educational malpractice claims;" that the first amended class-action complaint "identifies no contract term that KSU is alleged to have breached; there is nothing

FILED
COURT OF CLAIMS
OF OHIO

2020 SEP 28 PM 2: 25

Case No. 2020-00392JD                    -2-                    DECISION

'unjust' about charging tuition and fees for educating a student and awarding her the credits to which she was entitled;" and this court lacks jurisdiction to consider the first amended class-action complaint's "due process" and "takings" claims.  KSU also characterizes Waitt's causes of action as "baseless."

Waitt opposes KSU's motion, contending in a memorandum that she has alleged an enforceable breach-of-contract claim—not a claim for educational malpractice—and that she has sufficiently pled claims for unjust enrichment and conversion.  And Waitt states in a footnote in her memorandum: "Plaintiff removes any request for a Jury Demand made in the Amended Complaint, as it was included as a scrivener's error. Further, as to the constitutional claims contained in the Amended Complaint, Plaintiff agrees to dismiss without prejudice the Second and Third Claim For Relief for Violation of the Takings Clause and Violation of Due Process, respectively. Plaintiff further agrees to voluntarily dismiss without prejudice the individuals named in the Amended Complaint."

KSU did not file a timely reply to Waitt's response.

## II. Law and Analysis

### A. Legal Standards

The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) "is whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989).  By comparison, a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim "is procedural and tests the sufficiency of the complaint." *Dunkle v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 13AP-923, 2014-Ohio-3046, ¶ 7, citing *Volbers-Klarich v. Middletown Mgmt.*, 125 Ohio St. 3d 494, 2010-Ohio-2057, ¶ 11, 929 N.E.2d 434.  A Civ.R. 12(B)(6) motion does not test the merits of a claim. *See Filo v. Liberato*, 2013-Ohio-1014, 987 N.E.2d 707, ¶ 15 (7th Dist.).  Whether a plaintiff can prove the facts as a plaintiff presents them is an issue for a later determination. *See Filo* at ¶ 15.  When a court is

FILED
COURT OF CLAIMS
OF OHIO

2020 SEP 28 PM 2: 25

Case No. 2020-00392JD                 -3-                              DECISION

presented with a Civ.R. 12(B)(6) motion to dismiss, the "factual allegations of the complaint and items properly incorporated therein must be accepted as true. Furthermore, the plaintiff must be afforded all reasonable inferences possibly derived therefrom. * * * It must appear beyond doubt that plaintiff can prove no set of facts entitling [plaintiff] to relief." *Vail v. Plain Dealer Publishing Co.*, 72 Ohio St.3d 279, 280, 649 N.E.2d 182 (1995).

### B. Discussion

#### 1. A court generally does not recast a party's pleading. A Civ.R. 12(B)(6) motion does not test the merits of a claim.

Waitt's first amended class-action complaint does not present a claim of "educational malpractice," as KSU suggests. When a trial court determines whether an action sets forth a claim upon which relief can be granted, a trial court should look to the body of the complaint. *Guillory v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin Nos. 07AP-861, 07AP-928, 2008-Ohio-2299, ¶ 11. A court's role, however, generally does not include recasting a party's pleadings. *See Greenlaw v. United States*, 554 U.S. 237, 243, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008) (stating that in "our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present").

KSU's suggestion that Waitt presents disguised educational malpractice claims is unpersuasive. Moreover, KSU's contention that Waitt's claims are "baseless" is of no moment because a Civ.R. 12(B)(6) motion does not test the merits of a claim, *see Filo v. Liberato*, 2013-Ohio-1014, 987 N.E.2d 707, ¶ 15 (7th Dist.), and whether a plaintiff can prove the facts as a plaintiff presents them is an issue for a later determination. *See Filo* at ¶ 15. Based on the court's review, it does not appear beyond doubt that, after all reasonable inferences are afforded in favor of Waitt and the proposed class, Waitt and the proposed class can prove no set of facts entitling her, or members of the

FILED
COURT OF CLAIMS
OF OHIO

2020 SEP 28 PM 2: 25

Case No. 2020-00392JD                    -4-                                    DECISION

proposed class, to relief based on claims of breach of contract, unjust enrichment, and conversion.

### 2. The Court of Claims of Ohio lacks subject-matter jurisdiction over alleged violations of claims arising under 42 U.S.C. 1983 or alleged violations of constitutional rights.

As a court of limited jurisdiction, this court lacks subject-matter jurisdiction over alleged violations of claims arising under 42 U.S.C. 1983 or alleged violations of constitutional rights. *Jackson v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 19AP-621, 2020-Ohio-1518, ¶ 12; *Guillory v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin Nos. 07AP-861, 07AP-928, 2008-Ohio-2299, ¶ 12. *See generally You v. Northeast Ohio Med. Univ.*, 10th Dist. Franklin No. 17AP-426, 2018-Ohio-4838, ¶ 34-35 (discussing this court's lack of jurisdiction over constitutional claims). KSU's contention that Waitt's claims of alleged violations of constitutional rights should be dismissed for lack of jurisdiction is well-taken.

Moreover, despite Waitt's "agree[ing] to dismiss without prejudice the Second and Third Claim For Relief for Violation of the Takings Clause and Violation of Due Process, respectively," Waitt does not call the court's attention to an Ohio Rule of Civil Procedure that supports such an action. Notably, under Civ.R. 41(A)(1), subject to exceptions, a plaintiff, without order of court, "may dismiss *all claims* asserted by that plaintiff against a defendant". (Emphasis added.) In *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, ¶ 18, the Ohio Supreme Court explained that Civ.R. 41(A)(1) "does not allow for the dismissal of a *portion* of the claims against a certain defendant. Civ.R. 41(A) applies to discrete parties, not discrete causes of action". Waitt's purported dismissal without prejudice of her constitutional claims is unavailing.

FILED
COURT OF CLAIMS
OF OHIO

2020 SEP 28  PM 2: 25

Case No. 2020-00392JD                    -5-                                    DECISION

### 3. The only defendant in original actions in the Court of Claims of Ohio is the state. Members of KSU's Board of Trustees should be dismissed as parties.

The only defendant in original actions in this court is the "state." R.C. 2743.02(E). As used in R.C. Chapter 2743, the term "state" "means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state." R.C. 2743.01(A). In common usage, an instrumentality is a "means or agency through which a function of another entity is accomplished, such as a branch of a governing body." *Black's Law Dictionary* 952 (11th Ed. 2019).

KSU is an instrumentality of the state of the Ohio as KSU is an institution of higher education created by statute. *See* R.C. 3341.01 (establishing Kent State University); *see Mihalcin v. Hocking College*, 10th Dist. Franklin No. 95API06-760, 1995 Ohio App. LEXIS 5496, at *9 (Dec. 14, 1995) (state universities, as named separately in the Ohio Revised Code, are created by statutory enactment). The government of KSU, however, is vested in its board of trustees. R.C. 3341.02(C).

Because KSU is an instrumentality of the state of Ohio, KSU therefore is the only proper defendant in this original action under R.C. 2743.02(E). KSU's board members, as the governing body of KSU, does not constitute the "state" for purposes of R.C. Chapter 2743. KSU's board members should be dismissed as parties in this case because they are not proper defendants in this original action under R.C. 2743.02(E).

### 4. Waitt is not entitled to a jury trial under R.C. 2743.11.

Pursuant to R.C. 2743.11, no claimant in this court "shall be entitled to have his civil action against the state determined by a trial by jury. Parties retain their right to trial by jury in the court of claims of any civil actions not against the state." Waitt's demand for a trial by jury therefore is of little consequence in this instance because under

FILED
COURT OF CLAIMS
OF OHIO

2020 SEP 28 PM 2: 25

Case No. 2020-00392JD                    -6-                    DECISION

R.C. 2743.11 Waitt is not entitled to a trial by jury. Waitt's jury demand should be stricken.

### III. Conclusion

For reasons set forth above, the court concludes that (1) KSU's motion to dismiss should be granted in part; (2) Waitt's constitutional claims should be dismissed for lack of subject matter jurisdiction; (3) defendants Virginia C. Addicott, Rev Dr. Todd C. Davidson, Ralph M. Della Ratta, Rob S. Frost, Jasmine Hoff, Robin M. Kilbride, Nicholas R. Kollar, Donald L. Mason, Stephen A. Perry, Shawn M. Riley, Catherine L. Ross, Michael D. Solomon, and Ann Womer Benjamin should be dismissed as parties; and (4) Waitt's jury demand should be stricken.

PATRICK M. MCGRATH
Judge

## IN THE COURT OF CLAIMS OF OHIO

CAITLYN WAITT

Plaintiff

v.

KENT STATE UNIVERSITY

Defendant

Case No. 2020-00392JD

Judge Patrick M. McGrath

<u>JUDGMENT ENTRY</u>

2020 SEP 28  PM 2:25

FILED
COURT OF CLAIMS
OF OHIO

For reasons set forth in the decision filed concurrently herewith, the court (1) GRANTS, in part, defendant's motion to dismiss filed on August 27, 2020, (2) DISMISSES plaintiff's constitutional claims contained in a first amended class-action complaint for lack of subject matter jurisdiction, (3) DISMISSES defendants Virginia C. Addicott, Rev Dr. Todd C. Davidson, Ralph M. Della Ratta, Rob S. Frost, Jasmine Hoff, Robin M. Kilbride, Nicholas R. Kollar, Donald L. Mason, Stephen A. Perry, Shawn M. Riley, Catherine L. Ross, Michael D. Solomon, and Ann Womer Benjamin as parties; and (4) STRIKES plaintiff's jury demand in the first amended class-action complaint.

PATRICK M. MCGRATH
Judge

cc:

Clifford P Bendau II
PO Box 97066
Phoenix AZ  85060

James L Simon
5000 Rockside Road Suite 520
Independence OH  44131

JOURNALIZED

Case No. 2020-00392JD                    -2-                    JUDGMENT ENTRY

Randall W Knutti                          Edward W. Ciolko
Peter E DeMarco                           Gary F. Lynch
Jeanna V Jacobus                          1133 Penn Avenue 5th Floor
Assistant Attorneys General               Pittsburgh PA  15222
150 East Gay Street 18th Floor
Columbus OH  43215-3130

009

FILED
COURT OF CLAIMS
OF OHIO
2020 SEP 28  PM 2: 25

JOURNALIZED