# **Exhibit H**

Smith v. The Ohio State Univ., 2020-00321JD
(Oh. Ct. Cl. Sept. 9, 2020)



**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| BROOKE SMITH, Indv. | Case No. 2020-00321JD |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Holly True Shaver |
| v. | |
| THE OHIO STATE UNIVERSITY | <u>ENTRY DENYING DEFENDANT'S</u><br><u>MOTION TO DISMISS</u> |
| Defendant | |

On June 30, 2020, defendant The Ohio State University (OSU) filed a motion to dismiss plaintiff's amended complaint pursuant to Civ.R. 12(B)(6).[1]  On July 30, 2020, plaintiff filed a response.  On August 6, 2020, defendant filed a reply.  For the reasons discussed below, defendant's motion shall be denied.

**Standard of Review**

A motion to dismiss filed pursuant to Civ.R. 12(B)(6) tests the sufficiency of the claims asserted in a complaint.  *Gordon v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 17AP-792, 2018-Ohio-2272, ¶ 13.  In construing a complaint upon a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, the court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party."  *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).  In order for a court to dismiss a complaint, it must appear beyond a doubt that the plaintiff can prove no set of facts entitling her to recovery.  *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991).  "In resolving a Civ.R. 12(B)(6) motion to dismiss, the trial court may consider only the

---

[1]Plaintiff also named the Ohio Department of Higher Education (ODHE) in her amended complaint.  However, on July 15, 2020, this court dismissed ODHE as a party in this action at the request of plaintiff.  Since ODHE is no longer a party in this action the June 30, 2020 motion to dismiss filed on behalf of ODHE is DENIED as moot.

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2020 SEP -9 PM 3:42

Case No. 2020-00321JD                    -2-                         ENTRY

statements and facts contained in the pleadings, and may not consider or rely on evidence outside the complaint." *Powell v. Vorys*, 131 Ohio App.3d 681, 684, 723 N.E.2d 596 (10th Dist.1998).

**Factual Background**

Plaintiff is an undergraduate student at OSU and brings a complaint on behalf of herself and a proposed class. The proposed class consists of "all ODHE students who paid Defendants (sic) Spring Semester 2020 tuition and/or fees for in-person educational services that Defendants failed to provide, and whose tuition and fees have not been refunded." (Complaint at ¶ 29.) Plaintiff alleges that on March 9, 2020, OSU's president moved all classes online due to the Covid-19 pandemic. *Id.* at ¶ 20. Thereafter, OSU's president announced that all in-person classes would be conducted virtually for the remainder of the spring semester. *Id.* Plaintiff alleges that the online instruction provided by OSU is deficient compared to the in-person classes for which she and the proposed class members contracted. *Id.* The claims brought on behalf of plaintiff and the proposed class seek to recover "a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendants have not provided." *Id.* at ¶ 22. Plaintiff brings claims for breach of contract, unjust enrichment, and conversion on behalf of herself and the putative class members.

In its motion, defendant argues that plaintiff's claims are for educational malpractice, which is not a viable claim in Ohio. Defendant alternatively argues that the unjust enrichment and conversion claims should be dismissed because unjust enrichment and conversion cannot be pleaded alternatively to breach of contract in this circumstance.

**Plaintiff's breach of contract claim is not an educational malpractice claim**

According to defendant, plaintiff's amended complaint asserts that online learning is substandard to in-person classes, and that plaintiff points to no specific contractual

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2020 SEP -9 PM 3: 42

Case No. 2020-00321JD                    -3-                         ENTRY

provision stating that classes would be conducted in person. Therefore, defendant argues that plaintiff's breach of contract claim is an educational malpractice claim in disguise, which is not a recognized claim in Ohio. Consequently, defendant argues, plaintiff's breach of contract claim concerning a refund of tuition and fees should be dismissed.

However, when a trial court determines whether an action sets forth a claim upon which relief can be granted, a trial court should look to the body of the complaint. *Guillory v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin Nos. 07AP-861, 07AP-928, 2008-Ohio-2299, ¶ 11. A trial court's role generally does not include recasting a party's pleadings. *See Greenlaw v. United States*, 554 U.S. 237, 243, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008) (stating that in "our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present").

Plaintiff alleges that when she paid tuition to defendant a contract was created and that by holding classes virtually and not refunding a portion of the previously paid tuition and fees, defendant breached said contract. The essence of plaintiff's breach of contract claim is that she contracted for in-person classes and received online classes instead. The mere mention of possible consequences to plaintiff's educational or professional future does not render plaintiff's complaint a claim for educational malpractice. Accordingly, making all reasonable inferences in plaintiff's favor, the court finds that plaintiff may state a claim for breach of contract. Therefore, defendant's motion to dismiss plaintiff's breach of contract claim is DENIED.

**Plaintiff can plead unjust enrichment and conversion in the alternative**

Defendant alternatively argues that plaintiff's unjust enrichment and conversion claims should be dismissed because unjust enrichment and conversion cannot be pleaded in the alternative to a breach of contract claim absent an allegation of fraud or

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2020 SEP -9 PM 3: 42

Case No. 2020-00321JD                    -4-                              ENTRY

bad faith, or if the parties do not dispute the existence of the contract governing their relationship. Plaintiff does not allege fraud or bad faith. And defendant argues that the parties agree that a contract exists between them. It is well settled that the relationship between a university and a student enrolled therein is contractual in nature. *Savoy v. Univ. of Akron*, 10th Dist. Franklin No. 13AP-696, 2014-Ohio-3043, ¶ 24.

Defendant refers to case law, including *Savoy*, to argue that the university catalog, handbook, and other guidelines supplied to the student constitute the terms of a contract between the university and the student. However, in the same motion, defendant asserts that plaintiff has failed to point to any contractual provision that covers the basis of plaintiff's breach of contract claim. As plaintiff correctly argues, it is not known at this point which express contract, if any, governs plaintiff's claims. Furthermore, plaintiff asserts that defendant is in possession of the documents covering her claim which is only available to her through discovery. Therefore, not only do the parties disagree as to which contract governs this case, but they also disagree as to the existence of one or more of the alleged contracts. In construing the complaint under the Civ.R. 12(B)(6) standard, the court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell*, 40 Ohio St.3d at 192, 532 N.E.2d 753. Because the existence of the underlying contract is disputed, it would be premature for the court to dismiss plaintiff's unjust enrichment and conversion claims. Furthermore, it would also be premature for the court to dismiss unjust enrichment and conversion claims pleaded in the alternative at this stage of the litigation. *See Cristino v. Admr., Ohio Bur. of Worker's Comp.*, 10th Dist. Franklin No. 12AP-60, 2012-Ohio-4420, ¶ 26. ("The mere presence of both [breach of contract and unjust enrichment] claims in a complaint does not warrant the dismissal of the unjust-enrichment claim on a Civ.R. 12(B)(6) motion."). Accordingly, defendant's motion to dismiss plaintiff's unjust enrichment and conversion claims is denied.

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2020 SEP -9 PM 3: 42

Case No. 2020-00321JD                    -5-                                        ENTRY

**Conclusion**

Based upon the foregoing, defendant's motion to dismiss is DENIED.  Defendant shall file its answer to plaintiff's amended complaint in the normal course.

PATRICK M. MCGRATH
Judge

cc:

Randall W Knutti                                     Scott D Simpkins
Peter E DeMarco                                      55 Public Square Suite 1950
Jeanna V Jacobus                                     Cleveland OH  44113
Assistant Attorneys General
150 East Gay Street 18th Floor
Columbus OH  43215-3130

006

JOURNALIZED