# <u>Exhibit I</u>

<u>Zahn v. Ohio Univ.</u>, 2020-00371JD
(Oh. Ct. Cl. Oct. 19, 2020)

**IN THE COURT OF CLAIMS OF OHIO**

2020 OCT 19 PM 2:08    FILED COURT OF CLAIMS OF OHIO

| | |
|---|---|
| LILY ZAHN | Case No. 2020-00371JD |
| Plaintiff | Judge Dale A. Crawford |
| v. | ENTRY OF PARTIAL DISMISSAL |
| OHIO UNIVERSITY | |
| Defendant | |

On August 20, 2020, Defendant, Ohio University (OU), filed a motion to dismiss Plaintiff's amended complaint pursuant to Civ.R. 12(B)(1) and (6). On September 10, 2020, Plaintiff filed a reply. For the reasons discussed below, Defendant's motion shall be granted, in part, and denied, in part.

**Standard of Review**

A motion to dismiss filed pursuant to Civ.R. 12(B)(6) tests the sufficiency of the claims asserted in a complaint. *Gordon v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 17AP-792, 2018-Ohio-2272, ¶ 13. In construing a complaint upon a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, the court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). In order for a court to dismiss a complaint, it must appear beyond a doubt that the plaintiff can prove no set of facts entitling her to recovery. *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991). "In resolving a Civ.R. 12(B)(6) motion to dismiss, the trial court may consider only the statements and facts contained in the pleadings, and may not consider or rely on evidence outside the complaint." *Powell v. Vorys*, 131 Ohio App.3d 681, 684, 723 N.E.2d 596 (10th Dist.1998).

JOURNALIZED



FILED
COURT OF CLAIMS
OF OHIO

2020 OCT 19 PM 2: 08

Case No. 2020-00371JD                    -2-                              ENTRY

## Factual Background

Plaintiff is an undergraduate student at OU and brings an amended complaint on behalf of herself and a proposed class. The proposed class consists of "[a]ll persons who paid tuition and the Mandatory Fees for a student to be enrolled at any undergraduate or graduate programs at an Ohio University campus during the Spring 2020 semester, Summer 2020 semester, and any future semester, but had their class(es) moved to online learning." (Amended Complaint, ¶ 58.) Plaintiff alleges that on March 10, 2020, OU's president moved all in-person classes online due to the Covid-19 pandemic. *Id*. at ¶ 29. Then, on March 12, 2020, OU closed all dining venues except for one venue that was limited to carry out. *Id* at ¶ 31. Thereafter, on March 13, 2020, OU announced that all in-person classes would be conducted virtually for the remainder of the spring semester and switched from a traditional letter grading system to a satisfactory/no credit grading system. *Id*. at ¶ 32-34. Plaintiff further alleges that OU closed and restricted access to its on-campus facilities. *Id*.

The crux of Plaintiff's claim is that the online instruction provided by OU is deficient compared to the in-person classes for which she and the proposed class members contracted. *Id*. at ¶ 43. Specifically, Plaintiff points to the fact that the tuition and mandatory fees for OU's online "eCampus" classes offered each semester are significantly less expensive than its on campus classes. *Id*. at ¶ 21-25. The claims brought on behalf of Plaintiff and the proposed class seek to recover a prorated refund of the tuition and mandatory fees (i.e. meal plans, university's general fee, technology fee, career & experiential learning fee, and student info system/network fee) associated with the use of OU's on-campus facilities, Plaintiff paid to OU for the semesters where online learning was conducted rather than in-person learning. *Id*. at ¶ 56. Plaintiff brings claims for breach of contract, unjust enrichment, conversion, and violations of the 5th and 14th amendments to the Constitution on behalf of herself and the putative class members.

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2020 OCT 19 PM 2: 08

Case No. 2020-00371JD                    -3-                                    ENTRY

In its motion, OU argues that Plaintiff's claims for breach of contract, unjust enrichment, and conversion should be dismissed because, as alleged, they constitute claims for educational malpractice, which is not a viable claim in Ohio. Alternatively, OU argues that the claims for breach of contract, unjust enrichment, and conversion should be dismissed because they are "baseless." Lastly, OU argues that this Court lacks subject matter jurisdiction over Plaintiff's constitutional claims.

**Plaintiff's claims do not constitute an educational malpractice claim.**

According to OU, Plaintiff's claims are based on the assertion that online learning is substandard to in-person classes, but Plaintiff points to no specific contractual provision stating that classes would be conducted in person. As a result, OU argues that Plaintiff's breach of contract, unjust enrichment, and conversion claims are an educational malpractice claim in disguise, which is not a recognized claim in Ohio. Consequently, OU asserts that Plaintiff's claims seeking a refund of tuition and fees should be dismissed.

However, when a trial court determines whether an action sets forth a claim upon which relief can be granted, a trial court should look to the body of the complaint. *Guillory v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin Nos. 07AP-861, 07AP-928, 2008-Ohio-2299, ¶ 11. A trial court's role generally does not include recasting a party's pleadings. *See Greenlaw v. United States*, 554 U.S. 237, 243, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008) (stating that in "our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present").

Plaintiff alleges that a contract was created when she paid tuition to OU and OU breached said contract by holding classes virtually without refunding a portion of the previously paid tuition and fees. The essence of Plaintiff's claims is that she contracted for in-person classes and certain services that she never received. The mere mention

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2020 OCT 19 PM 2: 08

Case No. 2020-00371JD                    -4-                              ENTRY

of possible consequences to Plaintiff's educational or professional future does not render Plaintiff's amended complaint a claim for educational malpractice. Accordingly, making all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff's claims are not an educational malpractice claim. Therefore, OU's motion to dismiss Plaintiff's amended complaint on this basis is denied.

**Plaintiff has plead sufficient facts to support a claim for breach of contract.**

To prove a claim for breach of contract, a plaintiff must establish: (1) a contract existed; (2) the plaintiff performed his obligations under the contract; (3) the defendant breached the contract; and (4) plaintiff suffered damages or loss due to the breach. *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, 878 N.E.2d 66, ¶ 18 (10th Dist.), citing *Powell v. Grant Med. Ctr.*, 148 Ohio App.3d 1, 10, 771 N.E.2d 874 (10th Dist.2002). Ohio law recognizes three types of contracts: express, implied in fact, and implied in law. *Union Sav. Bank v. Lawyers Title Ins. Corp.*, 191 Ohio App.3d 540, 2010-Ohio-6396, 946 N.E.2d 835 (10th Dist.). "While both express and implied contracts require the showing of an agreement based on a meeting of the minds and mutual assent, the manner in which these requirements are proven varies depending upon the nature of the contract." *Reali, Giampetro & Scott v. Soc. Natl. Bank*, 133 Ohio App.3d 844, 849, 729 N.E.2d 1259 (7th Dist.1999).

In an express contract, the assent to the terms of the contract is formally expressed in the offer and acceptance of the parties. *Id.* However, in an implied contract, no such formal offer and acceptance occurs, and no express agreement exists. *Id.* "Unlike express contracts, implied contracts are not created or evidenced by explicit agreement of the parties; rather, they are implied by law as a matter of reason and justice." *Fouty v. Ohio Dept. of Youth Servs.*, 167 Ohio App.3d 508, 2006-Ohio-2957, 855 N.E.2d 909, ¶ 56 (10th Dist.). "An implied-in-fact contract arises from the conduct of the parties or circumstances surrounding the transaction that make it clear

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2020 OCT 19 PM 2: 08

Case No. 2020-00371JD                    -5-                    ENTRY

that the parties have entered into a contractual relationship despite the absence of any formal agreement." *Id.*

A review of Plaintiff's amended complaint reveals that a portion of the expenses and fees she seeks to recover are covered by an express contract (e.g. meal plans, facility fees, etc.). Yet, Defendant asserts that no contractual provision exists to support Plaintiff's claim that classes were required to be held in person. However, based upon the allegations in the amended complaint, Plaintiff can at least state a claim that an implied contract exists for an in-person education as opposed to an online education.

As discussed above, a contract requires offer and acceptance and can be either *express or implied.* Plaintiff has alleged that she paid an amount of money to OU with the expectation that she would receive an in-person education rather than an online education. Plaintiff has also alleged that she paid money for certain mandatory fees and has not received the services associated with those fees (e.g. access to dining halls, activity fees, facility fees, etc.). Based on these assertions, the Court finds it is not beyond doubt that Plaintiff could prove a set of facts that either an express or implied contract was created. Plaintiff has a right to submit evidence to the fact finder in support of her claims. Accordingly, OU's motion to dismiss Plaintiff's breach of contract claim is denied.

**Plaintiff has plead sufficient facts to state a claim for unjust enrichment.**

OU alternatively argues that Plaintiff's unjust enrichment claim should be dismissed because it lacks merit and is "baseless." However, it is well settled that, in determining a 12(B)(6) motion to dismiss, the Court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *See Mitchell, supra.* Moreover, a Civ.R. 12(B)(6) motion does not test the merits of a claim. *See Fifo v. Liberato*, 2013-Ohio-1014, 987 N.E.2d 707, ¶ 15 (7th Dist.). In fact, whether a plaintiff can prove the facts asserted in the complaint is an issue for a later determination. *See Fifo* at ¶ 15. Unjust enrichment of a person, or

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2020 OCT 19 PM 2:08

Case No. 2020-00371JD                        -6-                                    ENTRY

liability in quasi-contract, "occurs when [a person] has and retains money or benefits which in justice and equity belong to another." *Hummel v. Hummel*, 133 Ohio St. 520, 528, 14 N.E.2d 923 (1938). Generally, "an express agreement and an implied contract, such as one which would be raised under a quasi-contract/unjust enrichment theory, cannot exist in connection with the same thing at the same time." *Lone Star Equities, Inc. v. Dimitrouleas*, 2015-Ohio-2294, 34 N.E.3d 936, ¶ 71 (2d Dist.). However, it is well settled that unjust enrichment can be plead in the alternative to a breach of contract claim if the existence of the underlying contract is in dispute. *See Cristino v. Admr., Ohio Bur. of Worker's Comp.*, 10th Dist. Franklin No. 12AP-60, 2012-Ohio-4420, ¶ 26. ("The mere presence of both [breach of contract and unjust enrichment] claims in a complaint does not warrant the dismissal of the unjust-enrichment claim on a Civ.R. 12(B)(6) motion.").

Upon review, the Court finds that, after all reasonable inferences are afforded in favor of Plaintiff, it does not appear beyond doubt that Plaintiff can prove no set of facts entitling her, or members of the proposed class, to relief based on a theory of unjust enrichment. Because the existence of the underlying contract is in dispute, it would be premature for the Court to dismiss Plaintiff's unjust enrichment claim plead in the alternative to her breach of contract claim. If the Court were to find that there is no express or implied contract, plaintiff retains the right to provide the fact finder with evidence of unjust enrichment. Accordingly, OU's motion to dismiss Plaintiff's unjust enrichment claim is denied.

**Plaintiff does not state a claim for conversion.**

To establish the tort of conversion, a plaintiff must show that (1) she has ownership or the right of possession of the property in question at the time of the alleged conversion, (2) defendant converted the property through a wrongful act, and (3) damages resulted from the defendant's act. *RAE Assocs., Inc. v. Nexus Communications, Inc.*, 10th Dist. Franklin No. 14AP-482, 2015-Ohio-2166, ¶ 30. In

JOURNALIZED

FILED
COURT OF CLAIMS
OF OHIO

2020 OCT 19 PM 2: 08

Case No. 2020-00371JD                    -7-                                    ENTRY

order to maintain an action for conversion of money, the plaintiff must establish that the funds were "earmarked," such that the defendant had an obligation to deliver a specific corpus of money capable of identification and not merely that the defendant had an obligation to pay a certain sum as a general debt. *Haul Transport of Virginia, Inc., v. Morgan*, 2d Dist. Montgomery No. 14859, 1995 Ohio App. LEXIS 2240 (June 2, 1995).

Upon review of the amended complaint, the factual allegations do not support an action for conversion. OU did not take possession of money Plaintiff would have received. Rather, the money went to OU for payment of the in-person classes and mandatory fees for which Plaintiff contracted. Plaintiff is merely finding a new way of stating that OU, despite paying tuition and fees as agreed, failed to fulfill their contractual obligation of holding in-person classes and failed to provide the amenities associated with the fees paid by Plaintiff. Thus, the court finds that Plaintiff's conversion claim must be dismissed pursuant to Civ.R. 12(B)(6).

**The Court of Claims lacks subject matter jurisdiction over Plaintiff's constitutional claims.**

In her response, Plaintiff concedes that this Court lacks jurisdiction over her claims arising under the 5th and 14th amendments to the Constitution. As a Court of limited jurisdiction, this Court lacks subject-matter jurisdiction over alleged violations of claims arising under 42 U.S.C. 1983 or alleged violations of constitutional rights. *Jackson v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 19AP-621, 2020-Ohio-1518, ¶12; *Guillory v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin Nos. 07AP-861, 07AP-928, 2008-Ohio-2299, ¶12. Consequently, Plaintiff's constitutional claims must be dismissed pursuant to Civ.R. 12(B)(1).

**Conclusion**

The Covid-19 pandemic and resulting orders from state and local officials closing public and private facilities have created novel legal issues that need exploration

JOURNALIZER

FILED
COURT OF CLAIMS
OF OHIO

2020 OCT 19 PM 2: 08

Case No. 2020-00371JD                    -8-                              ENTRY

and ultimate resolution.  To dismiss a claim because it is novel would be a mistake. Plaintiff will be given the opportunity to proceed with her claims individually and/or by class action.  Based upon the foregoing, Defendant's motion to dismiss is GRANTED, in part, and DENIED, in part.  Plaintiff's constitutional claims are DISMISSED pursuant to Civ.R. 12(B)(1).  Plaintiff's conversion claim is DISMISSED pursuant to Civ.R. 12(B)(6). Defendant's motion to dismiss Plaintiff's breach of contract and unjust enrichment claims is DENIED.  Defendant shall file its answer to Plaintiff's amended complaint in the normal course.

DALE A. CRAWFORD
Judge

cc:

Clifford P Bendau II
PO Box 97066
Phoenix AZ  85060

Randall W Knutti
Peter E DeMarco
Jeanna V Jacobus
Assistant Attorney General
150 East Gay Street 18th Floor
Columbus OH  43215-3130

James L Simon
5000 Rockside Road Suite 520
Independence OH  44131

Edward W Ciolko
Gary F Lynch
1133 Penn Avenue 5th Floor
Pittsburgh PA  15222

JOURNALIZED