**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
NICHOLAS BERGERON and BARBARA   :
MYCEK, both individually and on           :
behalf of all others similarly situated,   :
                                   :
            Plaintiffs,       :
                                   :     Lead Case No.: 6:20-cv-06283-CJS
     v.                  :
                                   :
ROCHESTER INSTITUTE OF        :
TECHNOLOGY,                 :
                                   :
            Defendant.     :
-------------------------------------------------------x

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO APPOINT
INTERIM CLASS COUNSEL**

**TABLE OF CONTENTS**

**PAGE(S)**

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 1

I.  CONSOLIDATION OF *QUATTROCIOCCHI* IS UNOPPOSED ................................. 1

II.  APPOINTING B&F AND ALF IS IN THE BEST INTERESTS OF THE CLASSES ........................................................................................................ 2

CONCLUSION .............................................................................................................. 4

**TABLE OF AUTHORITIES**

**CASES**

*Crawford v. The Presidents and Directors of Georgetown College,*
  Case No. 20-cv-1539 (D.D.C.) ..................................................................................3

*Desai v. Carnegie Mellon Univ.,*
  Case No. 20-cv-00844-CB (W.D. Pa. Aug. 26, 2020) ...............................................3

*Haynie v. Cornell Univ.,*
  2020 WL 6043947 (N.D.N.Y. Oct. 13, 2020) ................................................... 2, 3, 4

*In Re Columbia University Tuition refund Action,*
  Case No. 1:20-cv-03208-JMF (S.D.N.Y. May 14, 2020) ..........................................3

*In re Parking Heaters Antitrust Litig.,*
  310 F.R.D. 54 (E.D.N.Y. 2015) ................................................................................2

 *In re University of Miami COVID-19 Tuition and Fee Refund Litig.,*
  Case No. 20-cv-60851-AHS (S.D. Fla. Aug. 17, 2020) ........................................2, 3

*Rifat v. Board of Trustees of the California State University,*
  Case No. 2:20-cv-04421-CJC-RAO (C.D. Cal. Sept. 15, 2020) ...............................3

*Stellato v. Hofstra Univ.,*
  Case No. 20-cv-01999 (E.D.N.Y. Oct. 1, 2020) .......................................................3

*Qureshi v. American Univ.,*
  Case No. 20-cv-01141-CRC (D.D.C. July 31, 2020).............................................2, 3

**INTRODUCTION**

Defendant Rochester Institute of Technology ("RIT") "partially" opposes Plaintiffs'

Motion for Appointment of Interim Class Counsel on technical grounds. *See* Partial Opposition

of Plaintiffs' Motion for Appointment of Interim Class Counsel (ECF No. 31) ("Opp."). First,

RIT opposes the Motion as premature until the *Quattrociocchi* case is consolidated with these

matters. But as explained herein, nobody opposes consolidating *Quattrociocchi* with these

matters. Second, RIT opposes the Motion on the ground that it believes two law firms are not

necessary as Class Counsel. But that argument is contrary to the findings of the vast majority of

courts considering interim class counsel appointments in COVID-19 college tuition refund cases,

and others. Simply put, RIT's partial opposition is meritless. The Court should appoint Philip L.

Fraietta, and Sarah N. Westcot of Bursor & Fisher, P.A. ("B&F"), and Eric M. Poulin and Roy

T. Willey, IV of Anastopoulo Law Firm, LLC ("ALF") and as co-lead interim class counsel in

this consolidated matter on behalf of the putative Classes.

**ARGUMENT**

**I.     CONSOLIDATION OF *QUATTROCIOCCHI* IS UNOPPOSED**

RIT argues that "Plaintiffs' request for appointment of interim class counsel is premature

prior to consolidation of this action with the [*Quattrociochii*] action." Opp. at 3. That is a red-

herring. As RIT admits, on October 5, 2020, it moved to consolidate *Quattrociocchi* with this

action, and Quattrociocchi did not oppose consolidation. Opp. at 4. Indeed, on November 9,

2020, Plaintiffs' counsel, Mr. Fraietta, met-and-conferred with Quattrociocchi's counsel, Mr.

Jason Sultzer, by phone. *See* Reply Declaration of Philip L. Fraietta In Support Of Plaintiffs'

Motion To Appoint Interim Class Counsel ("Reply Fraietta Decl.") ¶ 2. On that call, Mr. Sultzer

confirmed that Quattrociocchi does not oppose consolidation. *Id.* ¶ 3. Plaintiffs also do not

oppose consolidation. Thus, all relevant parties are in favor of consolidation. Under these

circumstances, waiting until consolidation is effectuated is a mere delay tactic that will simply result in the refiling of Plaintiffs' motion post-consolidation and an inefficient duplicative round of briefing. Ironically, this would result in the very redundancies and inefficiencies that Defendant professes to seek to avoid.

RIT also argues that "[c]ounsel in this motion are merely jockeying for position over Quattrociocchi's counsel," and that appointment of interim class counsel would lead to confusion as to which counsel speaks for the putative class. Opp. at 5. Not so. Plaintiffs' counsel and Quattrociocchi's counsel have already agreed to jointly prosecute these actions, with Plaintiffs' counsel to serve as co-lead class counsel, and Quattrociocchi's counsel to provide litigation support as needed. Reply Fraietta Decl. ¶ 4. Appointment of interim class counsel will avoid any confusion as to which counsel speaks for the putative class.

## II.  APPOINTING B&F AND ALF IS IN THE BEST INTERESTS OF THE CLASSES

RIT argues that "[a]ppointing two firms over this relatively straightforward action will not streamline this action, but rather will run the risk of creating redundancies and inefficiencies." Opp. at 5. But RIT fails to cite a single case where a court declined to appoint two firms as class counsel due to the risk of redundancy and inefficiency. *Cf. In re Parking Heaters Antitrust Litig.*, 310 F.R.D. 54, 57-58 (E.D.N.Y. 2015) (rejecting four-firm committee); *Haynie v. Cornell Univ.*, 2020 WL 6043947 (N.D.N.Y. Oct. 13, 2020) (rejecting three-firm committee with additional firm as proposed local counsel). Instead, numerous courts across the country have appointed two or more firms, including B&F and ALF, as class counsel in COVID-19 tuition refund cases. *See, e.g.*, *Qureshi v. American Univ.*, Lead Case No. 20-cv-01141-CRC, ECF No. 25 (D.D.C. July 31, 2020) (appointing B&F, ALF, and The Sultzer Law Group, P.C. as co-lead interim counsel); *In re University of Miami COVID-19 Tuition and Fee Refund Litig.*,

Case No. 20-cv-60851-AHS, ECF No. 48 (S.D. Fla. Aug. 17, 2020) (appointing B&F, ALF, and another firm as co-lead interim class counsel); *Desai v. Carnegie Mellon Univ.*, Case No. 20-cv-00844-CB, ECF No. 12 (W.D. Pa. Aug. 26, 2020) (appointing B&F and another firm as co-lead interim class counsel); *Stellato v. Hofstra Univ.*, Case No. 20-cv-01999 (E.D.N.Y. Oct. 1, 2020) (appointing B&F and two other firms as co-lead interim class counsel); *In Re Columbia University Tuition refund Action*, 1:20-cv-03208-JMF (S.D.N.Y. May 14, 2020) (appointing ALF and another firm as co-lead interim class counsel); and *Rifat v. Board of Trustees of the California State University*, 2:20-cv-04421-CJC-RAO (C.D. Cal. Sept. 15, 2020) (appointing ALF and another firm as co-lead interim class counsel).

Moreover, B&F and ALF are the leading law firms across the country in COVID-19 college tuition refund cases, having each filed more than 45 cases. Reply Fraietta Decl. ¶¶ 5-6. Thus, the firms have amassed substantial work product and institutional knowledge in these cases, which will allow them to efficiently litigate these actions, providing tremendous economies of scale for the benefit of the proposed Classes. *Id.* ¶ 8. Indeed, B&F and ALF have already coordinated on a number of these cases and have built a cordial and professional working relationship in connection with the same. *Id.* ¶ 9.[1]

Finally, RIT's reliance on *Haynie* is misplaced. In *Haynie*, the plaintiffs sought to appoint three firms as co-lead interim class counsel, plus an additional firm as local counsel.

---

[1] The Sultzer Law Group ("SLG") has also brings invaluable class action experience in a support role. SLG has filed more than 40 COVID-19 college cases across the country and has extensive experience in consumer class actions. SLG has also been named lead or co-lead counsel in numerous class actions involving two or more co-lead counsels, including *Qureshi v. American University*, Case No. 1:20-cv-01141 (D.D.C.) where SLG was named co-lead counsel with B&F and ALF. In addition to *Quereshi*, the SLG and B&F are working cooperatively to prosecute other COVID-19 college cases with B&F and ALF, including -*Crawford v. The Presidents and Directors of Georgetown College*, Case No. 20-cv-1539 (D.D.C.) (SLG and B&F). Accordingly, the firms have already demonstrated that they can work efficiently and effectively together and avoid duplication of work.

2020 WL 6043947, at *2.  Thus, the proposed structure in *Haynie* was far more bloated than the two firm structure proposed here.

Further, in *Haynie,* the appointment of multiple firms as co-lead interim class counsel was rendered inefficient by a proposed third firm, who is not involved in this case.  Reply Fraietta Decl. ¶ 10.  Specifically, in June 29, 2020 pre-motion letters, the plaintiffs in *Haynie* "announc[ed] their intention to move to consolidate by July 3, 2020." *Id.* at *2.  While B&F and ALF were ready, willing, and able to meet that deadline, the third firm in their proposed structure was not.  Reply Fraietta Decl. ¶ 11.  Despite repeated follow-up by B&F and ALF, it was not until August 18, 2020, that the *Haynie* plaintiffs ultimately filed their consolidation papers. *Id.* In other words, the delays and inefficiencies in *Haynie* were caused by the third firm, not by B&F nor ALF.  To the contrary, in the various cases where B&F and ALF have worked together, they have worked diligently and efficiently. *Id.* ¶ 12.  The same will continue in this case if the two firms are appointed as co-lead interim class counsel.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court appoint Philip L. Fraietta, and Sarah N. Westcot of Bursor & Fisher, P.A. and Eric M. Poulin and Roy T. Willey, IV of Anastopoulo Law Firm, LLC and as co-lead interim class counsel in this consolidated matter on behalf of the putative Classes.

Dated:  November 16, 2020                    By:     /s/ *Philip L. Fraietta*

Philip L. Fraietta
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

4

Sarah N. Westcot(*pro hac vice* forthcoming*)*
**BURSOR & FISHER, P.A.**
701 Brickell Ave, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com


-AND-


Roy T. Willey, IV (*pro hac vice*)
Eric M. Poulin (*pro hac vice*)
**ANASTOPOULO LAW FIRM, LLC**
32 Ann Street
Charleston, SC 29403
Telephone: (843) 843-8888
Email: roy@akimlawfirm.com
          eric@akimlawfirm.com


**ATTORNEYS FOR PLAINTIFFS AND
THE PROPOSED CLASSES**