UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NICHOLAS BERGERON and
NICK QUATTROCIOCCHI, individually
and on behalf of others similarly situated,

                     Plaintiffs,                  DECISION AND ORDER

vs.

                                         20-CV-6283 (CJS)

ROCHESTER INSTITUTE OF TECHNOLOGY,

                     Defendant.

_____

This matter is presently before the Court on a motion of Plaintiffs' counsel, Bursor & Fisher, P.A. and the Anastopoulo Law Firm, LLC, for appointment as interim class counsel. Mot. to Appoint Counsel, Sept. 23, 2020, ECF No. 15. For the reasons stated below, Plaintiffs' motion [ECF No. 15] is granted.

LEGAL STANDARD

"When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under" Rule 23(g)(1) of the Federal Rules of Civil Procedure. *In re Municipal Derivatives Antitrust Litigation*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (citation omitted). In their papers on this motion, the parties point out that the Northern District of New York has considered a similar motion which involved, among others, Plaintiffs' counsel, in the matter of *Haynie v. Cornell Univ.*, No. 3:20-CV-467 (MAD/ML), 2020 WL 6043947 (N.D.N.Y. Oct. 13, 2020). As the district court in *Haynie* explained:

> In appointing [class] counsel, a court must consider (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the

applicable law; and (4) the resources that counsel will commit to representing the class. A court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . .

*Haynie*, 2020 WL 6043947 at *1–2 (internal quotation marks and citations omitted). "Ultimately, the court's goal is achieving efficiency and economy without jeopardizing fairness to the parties." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57–58 (E.D.N.Y. 2006) (internal quotation marks and citation omitted).

## DISCUSSION

It does not appear that there is opposition to the appointment of Bursar & Fisher and the Anastopoulo Law Firm as interim class counsel from any of the plaintiffs, and there are no alternative requests for appointment. However, RIT maintains[1] that "[a]ppointing two interim class counsel firms is unnecessary and does not serve the purpose of judicial economy." Def.'s Mem. of Law, 5, Nov. 2, 2020, ECF No. 31. In particular, RIT notes that, in *Haynie*, the district court found that the "appointment of multiple interim co-counsel . . . did not 'encourage judicial economy and efficiency,' and that the 'claims are not so complex' in these tuition refund cases 'as to warrant a multi-firm counsel structure.'" Def.'s Mem. of Law at 5–6 (quoting *Haynie*, 2020 WL 6043947 at *2–3). In response, Plaintiffs distinguish *Haynie* from the present case in that they have streamlined their structure and approach to case management, and have no need

---

[1] Initially, RIT also objected to appointment of interim class counsel prior to the consolidation of Plaintiff Nick Quattrociocchi's putative class action with Bergeron's putative class action. That consolidation occurred by stipulation on December 7, 2020. Stip and Order, Dec. 7, 2020, ECF No. 41. Notably, Plaintiffs' counsel has represented to the Court that Quattrociocchi's counsel, The Sultzer Law Group, P.C., supports the appointment of Bursor and Fisher and the Anastopoulo Law Firm as interim class counsel.

for additional local counsel.

After considering the applicable factors, the Court is satisfied in this case that as co-lead interim class counsel, Bursor and Fisher and the Anastopoulo Law Firm will fairly and adequately represent the interests of the class. First and foremost, it is clear from the papers submitted to date in this case, and the representation provided at oral argument on RIT's motion to dismiss, that Plaintiffs' counsel have done a considerable amount of work investigating the potential claims in this action, and have the requisite knowledge of applicable law. In addition, the affidavits and exhibits submitted by Plaintiffs' counsel in support of this motion show both ample experience in class action litigation, and sufficient resources to represent the class. *See* Mot. to Appoint Counsel (Ex. 2–7), Sept. 23, 2020, ECF Nos. 15-2 to 15-7. Lastly, the Court notes that whereas the *Haynie* court experienced a co-lead counsel structure that caused inefficiencies, redundancies, and delay, in the present case Plaintiffs' counsel has been responsive and timely. *See, e.g.*, Stip. to Consolidate Cases, Dec. 4, 2020, ECF No. 40.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' motion to appoint counsel [ECF No. 15] is granted, and Bursor & Fisher and the Anastopoulo Law Firm are appointed as co-lead interim counsel for the putative classes. SO ORDERED.

Dated:      December 18, 2020
            Rochester, New York

                                          ENTER:


                                          /s/ Charles J. Siragusa
                                          CHARLES J. SIRAGUSA
                                          United States District Judge

3