UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NICHOLAS BERGERON and NICK
QUATTROCIOCCHI, individually and on behalf of
others similarly situated,

                  Plaintiffs,

v.

ROCHESTER INSTITUTE OF TECHNOLOGY,

                  Defendant.

Case No.  6:20-cv-06283

**ANSWER TO SECOND
CONSOLIDATED AMENDED
CLASS ACTION COMPLAINT**

Defendant Rochester Institute of Technology ("RIT") responds to Plaintiffs' Nicholas

Bergeron ("Bergeron") and Nick Quattrociocchi ("Quattrociocchi") (together, "Plaintiffs")

Second Consolidated Amended Class Action Complaint ("SAC") as follows:

<u>PRELIMINARY STATEMENT</u>

1.     RIT lacks knowledge and information and knowledge as to Plaintiffs' motives in

filing this action and, therefore, denies the allegation concerning why Plaintiffs bring this case.

RIT denies that it did not issue appropriate refunds for the spring 2020 semester.  RIT admits that

it converted classes to an online/remote format beginning March 23, 2020 as a result of COVID-

19 and government orders.

2.     RIT denies the allegations of Paragraph 2.

3.     RIT denies the allegations of Paragraph 3.

4.     Paragraph 4 contains a legal conclusion to which no response is required.  RIT

further states that the SAC speaks for itself.  To the extent that a response to Paragraph 4 is

required, RIT denies the allegations of Paragraph 4.

## PARTIES

5.      RIT incorporates by reference all preceding responses as though fully set forth herein.

6.      RIT admits the allegations of Paragraph 6.

7.      RIT admits that its audited financial statements for the year ending June 30, 2019 provide that, at June 30, 2019, RIT's endowment net assets totaled approximately $957 million. RIT further admits that approximately 16,000 students were enrolled in RIT's undergraduate and graduate programs.  RIT denies that the webpage cited at footnote 2 to Paragraph 7 describes RIT's enrollment for 2019-2020 and states that, as of the date of this Answer, the webpage https://www.rit.edu/about-rit reflects RIT's undergraduate and graduate enrollment numbers for the fall 2020 semester.

8.      RIT admits the allegations of Paragraph 8.

9.      RIT admits that, pursuant to the CARES Act, half of the CARES Act funds RIT received were allocated for emergency financial aid grants to students.  RIT also admits that the webpage cited at footnote 3 to Paragraph 8 correctly links to a statement by RIT dated May 19, 2020, concerning distributions to students of CARES Act funding.  Plaintiffs' characterization that RIT's distribution of CARES Act funds in compliance with federal law is somehow improper is inaccurate and prejudicial, and RIT accordingly denies the remaining allegations of Paragraph 9.

10.     RIT admits that Bergeron was enrolled at RIT during the spring 2020 semester. RIT lacks knowledge and information sufficient to form a basis as to the truth of the remainder of the allegations of Paragraph 10 and, therefore, denies the remaining allegations of Paragraph 10.

11.     RIT admits that Quattrociocchi was enrolled at RIT during the spring 2020 semester.  RIT lacks knowledge and information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 11 and, therefore, denies the remaining allegations of Paragraph 11.

## JURISDICTION AND VENUE

12.     RIT incorporates by reference all preceding responses as though fully set forth herein.

13.     Paragraph 13 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 13 is required, RIT denies the allegations of Paragraph 13.

14.     RIT admits that it conducts business in New York.  The remainder of the allegations of Paragraph 14 contains a legal conclusion to which no response is required.  To the extent that a response to these allegations is required, RIT denies the remaining allegations of Paragraph 14.

15.     Paragraph 15 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 15 is required, RIT denies the allegations of Paragraph 15.

## BACKGROUND FACTS

16.     RIT incorporates by reference all preceding responses as though fully set forth herein.

17.     RIT admits that Bergeron and Quattrociocchi were both enrolled as full-time students for the spring 2020 semester – *i.e.*, each Plaintiff enrolled in classes totaling at least 12 academic credits.

18.     RIT admits that Plaintiffs were required to accept full responsibility to pay all tuition, fees, and other associated costs in exchange for enrolling in RIT classes or receiving any

service from RIT.  Paragraph 18 is vague and ambiguous as to the characterization that Plaintiffs were required to "pay substantial tuition," and RIT therefore denies this allegation.  RIT admits that Plaintiffs each paid tuition and fees for the spring 2020 semester out-of-pocket and/or through loans, and states that Plaintiffs were also each awarded scholarships or grants.  RIT denies the allegation that "all members of the putative Tuition Class" paid tuition out of pocket or through student loans.

19.     Paragraph 19 is vague and ambiguous as to its reference to "publicly available information" concerning the "average undergraduate tuition cost."  Paragraph 19 is also vague and ambiguous as to its reference to "related costs and fees."  RIT's tuition and fees schedule for the spring 2020 semester is published at https://www.rit.edu/fa/sfs/billing/tuitionandfees/1920, and, accordingly, RIT denies the allegations of Paragraph 19.

20.     RIT admits the allegations of Paragraph 20.

21.     RIT lacks knowledge and information sufficient to form a basis as to the truth of the allegations of Paragraph 21 and, therefore, denies the allegations of Paragraph 21.

22.     Paragraph 22 is vague and ambiguous as to its reference to "in-person, hands-on programs" and "fully online distance-learning programs."  RIT admits that it offers limited online graduate degree and professional education programs, and offers a single online bachelor degree program.  RIT denies the remaining allegations of Paragraph 22.

23.     Paragraph 23 is vague and ambiguous as to its assertion that "[t]hese products are not identical or interchangeable."  RIT denies the remaining allegations of Paragraph 23.

24.     RIT denies the allegations of Paragraph 24.

25.     Paragraph 25 is vague and ambiguous as to which "online programs" are referenced.  RIT states that the excerpt of RIT's website is not a current accurate excerpt of

RIT's website and that the excerpt speaks for itself.  RIT denies the remaining allegations of Paragraph 25.

28. RIT denies the allegations of Paragraph 26.

27. RIT states that Paragraph 27 contains an accurate excerpt of RIT's website and that the excerpt speaks for itself.  RIT denies the allegations of Paragraph 27, and specifically denies that it "markets the on-campus experience as a benefit of enrollment."

28. RIT lacks knowledge and information sufficient to form a basis as to the truth of the allegations of Paragraph 28, and therefore denies the allegations of Paragraph 28.

29. RIT admits that it converted courses to remote instruction during the spring 2020 term in response to COVID-19 and government orders.  RIT denies the remainder of the allegations of Paragraph 29.

30. RIT denies the allegations of Paragraph 30.

31. RIT admits that Plaintiffs each paid a Student Activity Fee and Student Health Services Fee.  Paragraph 31 is vague and ambiguous as to which "certain mandatory fees" are referenced, therefore RIT denies the remaining allegations of Paragraph 31.

32. RIT admits that Plaintiffs have accurately quoted its website in Paragraph 32. The quote speaks for itself.

33. RIT admits that Plaintiffs have accurately quoted its website in Paragraph 33. The quote speaks for itself.

34. Paragraph 34 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 34 is required, RIT denies the allegations of Paragraph 34.

## FACTUAL ALLEGATIONS

35.    RIT admits the allegations of Paragraph 35 and states that the 2019-2020 academic calendar is located at https://www.rit.edu/calendar/1920.

36.    RIT admits the allegations of Paragraph 36.

37.    Paragraph 37 is vague and ambiguous as to its allegation that the spring 2020 semester was "contracted to consist of approximately 118 days," and, on that basis, RIT denies the allegations of Paragraph 37.

38.    RIT admits that the webpage cited at Paragraph 38, footnote 12, is an announcement made by RIT dated March 15, 2020.  The announcement speaks for itself.

39.    Paragraph 39 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 34 is required, RIT denies the allegations of Paragraph 39.

40.    Paragraph 40 is vague and ambiguous in its reference to "some level of academic instruction," and, accordingly, RIT denies the allegations of Paragraph 40.

41.    RIT denies the allegations of Paragraph 41.

42.    RIT denies the allegations of Paragraph 42.

43.    RIT denies the allegations of Paragraph 43.

44.    RIT admits that Paragraph 44 accurately quotes a portion of the referenced article from New York Magazine.  RIT otherwise denies the allegations of Paragraph 44.

## CLASS ACTION ALLEGATIONS

45.    RIT incorporates by reference all preceding responses as though fully set forth herein.

46.    RIT admits that Plaintiffs purport to bring this action on behalf of themselves and the putative classes.  RIT denies that class certification is appropriate in this case.

47.     RIT denies the allegations of Paragraph 47.

48.     RIT denies the allegations of Paragraph 48.

49.     RIT admits that Plaintiffs purport to bring this action on behalf of themselves and the putative classes.  RIT denies that class certification is appropriate in this case and, therefore, denies the remaining allegations of Paragraph 49.

50.     RIT denies the allegations of Paragraph 50.

51.     RIT denies the allegations of Paragraph 51 and all subparts therein.

52.     RIT denies the allegations of Paragraph 52.

53.     RIT denies the allegations of Paragraph 53.

54.     RIT denies the allegations of Paragraph 54.

55.     RIT denies the allegations of Paragraph 55.

56.     RIT denies the allegations of Paragraph 56.

57.     RIT denies the allegations of Paragraph 57.

## FOR A FIRST COLLECTIVE CAUSE OF ACTION
## BREACH OF CONTRACT
### (Plaintiffs and Other Members of the Tuition Class)

58.     RIT incorporates by reference all preceding responses as though fully set forth herein.

59.     RIT admits that Plaintiffs purport to bring this action on behalf of themselves and the putative classes.  RIT denies that class certification is appropriate in this case.

60.     RIT admits that the relationship between RIT and its students is contractual with respect to tuition and fees.  RIT admits that one term of that contractual agreement is students' obligation to pay tuition and fees in exchange for class registration and receipt of any service from RIT.  Paragraph 60 is vague and ambiguous as to its reference to the "full rights and privileges of student status."  RIT denies the remaining allegations of Paragraph 60.

61.     Paragraph 61 is vague and ambiguous as to its reference to the "rights and privileges of student status." RIT admits that the relationship between RIT and its students is contractual with respect to tuition and fees.  RIT denies the remaining allegations of Paragraph 61.

62.     Paragraph 62 is vague and ambiguous as to its reference to the "rights and privileges of student status."  RIT admits that the relationship between RIT and its students is contractual with respect to tuition and fees.  RIT denies the remaining allegations of Paragraph 62.

63.     RIT denies the allegations of Paragraph 63.

64.     RIT denies the allegations of Paragraph 64.

65.     Paragraph 65 is vague and ambiguous in its assertion that RIT "markets to and enrolls students in two separate and distinct products" and, therefore, denies the allegations of Paragraph 65.

66.     RIT admits that it offers online graduate degree and professional education programs and offers a single online bachelor degree program to undergraduates.  RIT admits that Paragraph 66 includes an accurate excerpt from RIT's website and denies the remaining allegations of Paragraph 66.

67.     RIT admits that it maintains a webpage titled "RIT Online" at the URL cited in Paragraph 67.  RIT denies the remaining allegations of Paragraph 67.

68.     RIT denies the allegations of Paragraph 68.

69.     RIT admits that it maintains a webpage at the URL cited in Paragraph 69.  RIT denies the remaining allegations of Paragraph 69.

70.     RIT admits that Paragraph 70 accurately quotes RIT's website.  RIT denies the remaining allegations of Paragraph 70.

71.     RIT admits that it maintains a webpage at the URL cited in Paragraph 71, footnote 15.  RIT denies the remaining allegations of Paragraph 71.

72.     RIT admits that it maintains a webpage at the URL cited in Paragraph 72, footnote 16 and that the excerpt of RIT's website at Paragraph 72 is accurate.  RIT denies the remaining allegations of Paragraph 72.

73.     RIT admits that it maintains a webpage at the URL cited in Paragraph 73, footnote 17 and that the excerpt of RIT's website at Paragraph 73 is accurate.  RIT denies the remaining allegations of Paragraph 73.

74.     RIT admits that it maintains a webpage at the URL cited in Paragraph 74, footnote 18 and that the excerpt of RIT's website at Paragraph 74 is accurate.  RIT denies the remaining allegations of Paragraph 74.

75.     RIT admits that it maintains a webpage at the URL cited at Paragraph 75.  RIT denies the remaining allegations of Paragraph 75.

76.     RIT states that its website speaks for itself, and denies the allegations at Paragraph 76.

77.     RIT denies the allegations of Paragraph 77.

78.     RIT denies the allegations of Paragraph 78.

79.     Paragraph 79 is vague and ambiguous, and RIT therefore denies the allegations of Paragraph 79.

80.     Paragraph 80 is vague and ambiguous, and RIT therefore denies the allegations of Paragraph 80.

81.     RIT admits that students who are accepted to RIT are provided letters notifying them of their acceptance.   The remainder of the allegations of Paragraph 81 are vague and ambiguous, and RIT therefore denies the remaining allegations of Paragraph 81.

82.     RIT denies the allegations of Paragraph 82.

83.     RIT denies the allegations of Paragraph 83.

84.     RIT denies the allegations of Paragraph 84.

85.     RIT denies the allegations of Paragraph 85.

86.     RIT denies the allegations of Paragraph 86.

87.     RIT admits that it makes a student handbook accessible to students.   RIT denies the remaining allegations of Paragraph 87.

88.     RIT admits that the URL cited at Paragraph 88, footnote 20 directs to the Undergraduate Student Handbook for the Kate Gleason College of Engineering for the 2018-2019 academic year.   The handbook speaks for itself.   RIT denies the remaining allegations of Paragraph 88.

89.     RIT admits that the URL cited at Paragraph 89, footnote 21 directs to the Undergraduate Student Handbook for the Kate Gleason College of Engineering for the 2018-2019 academic year.   The handbook speaks for itself.   RIT denies the remaining allegations of Paragraph 89.

90.     RIT admits that the URL cited at Paragraph 90, footnote 22 directs to the Undergraduate Student Handbook for the Kate Gleason College of Engineering for the 2018-2019 academic year.   The handbook speaks for itself.   RIT denies the remaining allegations of Paragraph 90.

91.     RIT admits that the URL cited at Paragraph 91, footnote 23 directs to the Undergraduate Student Handbook for the Kate Gleason College of Engineering for the 2018-2019 academic year.  The handbook speaks for itself.  RIT denies the remaining allegations of Paragraph 91.

92.     RIT admits that the URL cited at Paragraph 92, footnote 24 directs to a website page for prospective students and includes a video titled "Accepted Student Admissions Presentation."   The website and video speak for themselves.   RIT denies the remaining allegations of Paragraph 92.

93.     RIT admits that the URL cited at Paragraph 93, footnote 25 directs to a website page for prospective students and includes a video titled "Accepted Student Admissions Presentation."   The website and video speak for themselves.   RIT denies the remaining allegations of Paragraph 93.

94.     RIT admits that the URL cited at Paragraph 94, footnote 26 directs to a website page for prospective students and includes a video titled "Accepted Student Admissions Presentation."   The website and video speak for themselves.   RIT denies the remaining allegations of Paragraph 94.

95.     RIT admits that the URL cited at Paragraph 95, footnote 27 directs to a website page for prospective students and includes a video titled "Accepted Student Admissions Presentation."   The website and video speak for themselves.   RIT denies the remaining allegations of Paragraph 95.

96.     RIT admits that the URL cited at Paragraph 96, footnote 28 directs to a website page for prospective students and includes a video titled "Accepted Student Admissions

Presentation."   The website and video speak for themselves.   RIT denies the remaining allegations of Paragraph 96.

97.    RIT admits that the URL cited at Paragraph 97, footnote 29 directs to a website page for prospective students.   The website speaks for itself.   RIT denies the remaining allegations of Paragraph 97.

98.    RIT admits that the URL cited at Paragraph 98, footnote 30 directs to a website page for prospective students.   The website speaks for itself.   RIT denies the remaining allegations of Paragraph 98.

99.    RIT admits that the URL cited at Paragraph 99, footnote 31 directs to a website page for prospective students.   The website speaks for itself.   RIT denies the remaining allegations of Paragraph 99.

100.    RIT admits that the URL cited at Paragraph 100, footnote 32 directs to a website page for prospective students and includes a video titled "Experience Student Life at RIT."  The website and video speak for themselves.  RIT denies the remaining allegations of Paragraph 100.

101.    The video referenced at Paragraph 101 speaks for itself.   RIT denies the remaining allegations of Paragraph 101.

102.    RIT admits that the URL cited at Paragraph 102, footnote 33 directs to a website page for prospective students and includes a video titled "Experience Student Life at RIT."  The website and video speak for themselves.  RIT denies the remaining allegations of Paragraph 102.

103.    RIT denies the allegations of Paragraph 103.

104.    RIT denies the allegations of Paragraph 104.

105.    RIT denies the allegations of Paragraph 105.

106.    RIT denies the allegations of Paragraph 106.

107.    RIT denies the allegations of Paragraph 107.

108.    RIT admits that, prior to March 15, 2020, it offered in-person instruction.   RIT denies the remaining allegations of Paragraph 108.

109.    RIT denies the allegations of Paragraph 109.

110.    RIT denies the allegations of Paragraph 110.

111.    Paragraph 111 contains a legal conclusion to which no response is required.   To the extent that a response to Paragraph 111 is required, RIT denies the allegations of Paragraph 111.

112.    Paragraph 112 contains a legal conclusion to which no response is required.   To the extent that a response to Paragraph 112 is required, RIT denies the allegations of Paragraph 112.

113.    Paragraph 113 contains a legal conclusion to which no response is required.   To the extent that a response to Paragraph 113 is required, RIT denies the allegations of Paragraph 113.

114.    Paragraph 114 contains a legal conclusion to which no response is required.   To the extent that a response to Paragraph 114 is required, RIT denies the allegations of Paragraph 114.

115.    RIT denies the allegations of Paragraph 115.

116.    Paragraph 116 contains a legal conclusion to which no response is required.   To the extent that a response to Paragraph 116 is required, RIT denies the allegations of Paragraph 116.

117.     Paragraph 117 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 117 is required, RIT denies the allegations of Paragraph 117.

118.     Paragraph 118 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 118 is required, RIT denies the allegations of Paragraph 118.

119.     Paragraph 119 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 119 is required, RIT denies the allegations of Paragraph 119.

120.     Paragraph 120 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 120 is required, RIT denies the allegations of Paragraph 120.

121.     Paragraph 121 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 121 is required, RIT denies the allegations of Paragraph 121.

## FOR A SECOND COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiffs and Other Members of the Tuition Class)

122.     RIT incorporates by reference all preceding responses as though fully set forth herein.

123.     RIT admits that Plaintiffs purport to bring this action on behalf of themselves and the putative classes.  RIT denies that class certification is appropriate in this case.

124.     Paragraph 124 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 124 is required, RIT denies the allegations of Paragraph 124.

125.    RIT denies the allegations of Paragraph 125.

126.    RIT denies the allegations of Paragraph 126.

127.    RIT denies the allegations of Paragraph 127.

128.    Paragraph 128 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 128 is required, RIT denies the allegations of Paragraph 128.

129.    RIT denies the allegations of Paragraph 129.

130.    Paragraph 130 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 130 is required, RIT denies the allegations of Paragraph 130.

131.    RIT denies the allegations of Paragraph 131.

132.    RIT denies the allegations of Paragraph 132.

133.    Paragraph 133 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 133 is required, RIT denies the allegations of Paragraph 133.

134.    Paragraph 134 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 134 is required, RIT denies the allegations of Paragraph 134.

135.    RIT admits that, pursuant to the CARES Act, half of the CARES Act funds RIT received were allocated for emergency financial aid grants to students.    Plaintiffs' characterization that RIT's distribution of CARES Act funds in compliance with federal law is somehow improper is inaccurate and prejudicial, and RIT accordingly denies the remaining allegations of Paragraph 135.

136.    Paragraph 136 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 136 is required, RIT denies the allegations of Paragraph 136.

**FOR A THIRD COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiffs and Other Members of the Fees Class)**

137.    RIT incorporates by reference all preceding responses as though fully set forth herein.

138.    RIT admits that Plaintiffs purport to bring this action on behalf of themselves and the putative classes.  RIT denies that class certification is appropriate in this case.

139.    Paragraph 139 is vague and ambiguous as to its reference to "a number of mandatory fees," and, therefore, RIT denies the allegations of Paragraph 139.

140.    Paragraph 140 is vague and ambiguous as to its reference to "publications" and "the nature and purpose of each fee," and, therefore, RIT denies the allegations of Paragraph 140.

141.    Paragraph 141 is vague and ambiguous as to its generalized reference to fees, and, therefore, RIT denies the allegations of Paragraph 141.

142.    Paragraph 142 is vague and ambiguous as to its generalized reference to fees, and, therefore, RIT denies the allegations of Paragraph 141.

143.    Paragraph 143 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 143 is required, RIT denies the allegations of Paragraph 134.

144.    RIT admits that it maintains a webpage at the URL cited in Paragraph 144, footnotes 34-35, and that Plaintiffs accurately quote from RIT's website.  RIT denies the remaining allegations of Paragraph 144.

145.     Paragraph 145 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 145 is required, RIT denies the allegations of Paragraph 145.

146.     RIT denies the allegations of Paragraph 146.

147.     Paragraph 147 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 147 is required, RIT denies the allegations of Paragraph 147.

148.     Paragraph 148 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 148 is required, RIT denies the allegations of Paragraph 148.

149.     Paragraph 149 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 149 is required, RIT denies the allegations of Paragraph 149.

150.     Paragraph 150 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 150 is required, RIT denies the allegations of Paragraph 150.

151.     Paragraph 151 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 151 is required, RIT denies the allegations of Paragraph 151.

152.     Paragraph 152 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 152 is required, RIT denies the allegations of Paragraph 152.

**FOR A FOURTH COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Plaintiffs and Other Members of the Fees Class)**

153.    RIT incorporates by reference all preceding responses as though fully set forth herein.

154.    RIT admits that Plaintiffs purport to bring this action on behalf of themselves and the putative classes.  RIT denies that class certification is appropriate in this case.

155.    Paragraph 155 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 155 is required, RIT denies the allegations of Paragraph 155.

156.    RIT denies the allegations of Paragraph 156.

157.    Paragraph 157 is vague and ambiguous in its reference to "substantial student fees."  Paragraph 157 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 157 is required, RIT denies the allegations of Paragraph 157.

158.    Paragraph 158 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 158 is required, RIT denies the allegations of Paragraph 158.

159.    RIT denies the allegations of Paragraph 159.

160.    Paragraph 160 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 160 is required, RIT denies the allegations of Paragraph 160.

161.    RIT denies the allegations of Paragraph 161.

162.    RIT denies the allegations of Paragraph 162.

163.     Paragraph 163 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 163 is required, RIT denies the allegations of Paragraph 163.

164.     Paragraph 164 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 164 is required, RIT denies the allegations of Paragraph 164.

165.     RIT admits that, pursuant to the CARES Act, half of the CARES Act funds RIT received were allocated for emergency financial aid grants to students.   Plaintiffs' characterization that RIT's distribution of CARES Act funds in compliance with federal law is somehow improper is inaccurate and prejudicial, and RIT accordingly denies the remaining allegations of Paragraph 165.

166.     Paragraph 166 contains a legal conclusion to which no response is required.  To the extent that a response to Paragraph 166 is required, RIT denies the allegations of Paragraph 166.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.     The SAC, and each cause of action therein, fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Contract Formed)

2.      No contract was formed in which RIT promised to provide in-person instruction under all circumstances, or provide tuition and/or fees refunds in the event in-person instruction was suspended under the circumstances alleged by Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

### (No Breach)

3.      RIT did not breach the terms of its agreement with Plaintiffs as there was no promise to provide in-person instruction and no promise to refund tuition and/or fees if in-person instruction had to be suspended under the circumstances alleged by Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

4.      RIT at all times reserved the right to alter the mode of instruction, including conversion to online or remote instruction.

## FIFTH AFFIRMATIVE DEFENSE

### (Substantial Performance)

5.      RIT substantially performed in compliance with the terms of the contract.

## SIXTH AFFIRMATIVE DEFENSE

### (Novation)

6.      To the extent that a contract requiring in-person learning is found, which RIT denies, Plaintiffs agreed, by words or conduct, to cancel the original contract in place for the spring 2020 semester and substitute a new contract in place in response to changes necessitated by the COVID-19 health crisis.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Modification)**

7.     Plaintiffs agreed, by words or conduct, to modify the terms of the contract between Plaintiffs and RIT in response to the COVID-19 health crisis.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Excused Performance)**

8.     Any promise by RIT to provide in-person instruction was excused by the COVID-19 health crisis, government shutdown orders and/or by express or implied actions of the Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

**(Impossibility of Performance)**

9.     RIT was prevented from providing in-person instruction by operation of law.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

10.    Plaintiffs waived their claims by their words or conduct in accepting online and remote instruction and academic credits without objection or reservation of rights.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

11.    Plaintiffs assumed the risk that in-person instruction would be suspended after the commencement of the spring 2020 semester.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

12.     The SAC, and each cause of action asserted therein, is barred in whole or in part by the doctrine of equitable estoppel, given that Plaintiffs accepted academic credits and online or remote instruction without objection or reservation of rights.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Injury)**

13.     Plaintiffs are barred from claiming or recovering any relief set forth in the SAC, and each cause of action asserted therein, because Plaintiffs have not suffered any compensable injury as a result of RIT's alleged actions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Reliance)**

14.     The SAC, and each cause of action asserted therein, is barred in whole or in part because at no time mentioned herein did Plaintiffs rely on any promises, warranties, express or implied, or representations which may have been made by RIT in connection with the mode of instruction or refunds of tuition and/or fees.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Reliance Not Reasonable)**

15.     To the extent that Plaintiffs claim to have relied on alleged promises made by RIT, Plaintiffs' causes of action are barred because Plaintiffs' reliance on the alleged promises made by RIT, if any, was not reasonable.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

16.     The injuries and damages sustained by Plaintiffs, if any, were caused in whole or in part by the negligence, fault, breach of contract, failure to act and/or want of care of Plaintiffs and/or third parties and other external events related to the COVID-19 pandemic over which/whom RIT had no control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

17.     Plaintiffs failed to mitigate their alleged damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

18.     Plaintiffs would be unjustly enriched if awarded damages, given RIT's investment of time and money to complete the spring 2020 semester during the COVID-19 pandemic and in compliance with government shutdown orders, and given that Plaintiffs accepted academic credits and online or remote instruction without objection or reservation of rights.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Full Performance)

19.     RIT fully performed all of its contractual obligations to Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Class Not Certifiable)

20.     Plaintiffs' claims cannot meet the requirements of Fed. R. Civ. P. 23 for class certification.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Plaintiffs Not Similarly Situated)**

21.     Plaintiffs are not similarly situated as the other members of the putative class.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Educational Malpractice Doctrine)**

22.     Plaintiffs' claims are barred by the educational malpractice doctrine.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Unenforceable Contract)**

22.     The terms of the alleged contract with respect to student refunds due to a government-mandated closure of campus during a pandemic are indefinite and unenforceable.

**RESERVATION OF DEFENSES**

RIT reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Rochester Institute of Technology prays for judgment as follows:

1.     The SAC be dismissed with prejudice or judgment entered in favor of RIT;

2.     Certification of any class or class action is denied;

3.     Plaintiffs take nothing by reason of the SAC; and

4.     RIT is awarded its costs, including reasonable attorneys' fees.

Dated: January 29, 2021
      New York, New York

                            SANTIAGO BURGER LLP

                            By: /s *Fernando Santiago*
                            Fernando Santiago
                            fernando@litgrp.com
                            2280 East Avenue, 2nd Floor
                            Rochester, NY 14610
                            Tel: (585) 563-2400
                            Fax: (585) 563-7526

                            HOLLAND & KNIGHT LLP

                            By: /s/ *Robert J.  Burns*
                            Robert J.  Burns
                            Qian (Sheila) Shen
                            robert.burns@hklaw.com
                            qian.shen@hklaw.com
                            31 West 52nd Street
                            New York, NY 10019
                            Tel: (212) 513-3200
                            Fax: (212) 385-9010

                            Paul G.  Lannon (*pro hac vice*)
                            paul.lannon@hklaw.com
                            10 St.  James Avenue, 11th Floor
                            Boston, MA 02116
                            Tel: (617) 523-2700
                            Fax: (617) 523-6850