UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NICHOLAS BERGERON and NICK
QUATTROCIOCCHI, individually and on behalf of
others similarly situated,

          Plaintiffs,

v.

ROCHESTER INSTITUTE OF TECHNOLOGY,

          Defendant.

Case No.  6:20-cv-06283

**PROPOSED DISCOVERY PLAN**

Plaintiffs Nicholas Bergeron ("Bergeron") and Nick Quattrociocchi ("Quattrociocchi") (together, "Plaintiffs"), and Defendant Rochester Institute of Technology ("RIT"), by and through the undersigned counsel, respectfully submit the following Proposed Discovery Plan ("PDP") pursuant to Fed. R. Civ. P. 26(f)(3) and the Court's Order dated February 2, 2021 (Dkt. No. 51) (the "Scheduling Conference Order").

**I.      Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636.**

The parties do not consent to disposition of the case by the Magistrate Judge pursuant to 28 U.S.C. § 636(c).  The parties respectfully request that the District Court's order of February 1, 2021 (Dkt. No. 50) be amended such that the District Court hears and disposes of any motions to certify or decertify a class.

**II.     Deadline for compliance with the mandatory disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure.**

The parties made good faith efforts to convene their Rule 26(f) conference as soon as practicable following the issuance of the Scheduling Conference Order.  The parties' Rule 26(f) conference was held on February 16, 2021, and the parties have agreed to exchange initial

#82069246_v3

disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than March 2, 2021 (14 days after the Rule 26(f) conference).

**III.     Deadline for the filing of motions to amend the pleadings or add parties.**

The parties agree that if any amendments to the pleadings or addition of parties are deemed necessary, they will seek leave of the Court.

**IV.     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

*RIT's Position*

RIT anticipates that the subjects on which discovery will be needed include:

- Breach of Contract Claims

   o   Whether Plaintiffs contend that the contract is express of implied-in-fact;

   o   What documents comprise the contract, or what conduct gave rise to an implied-in-fact contract;

   o   What specific promises were breached, and how such promises were breached;

   o   What were Plaintiffs' reasonable expectations when executing the contract; and

   o   Plaintiffs' methodology for calculating damages.

- Unjust Enrichment Claims

   o   What benefit did Plaintiffs bestow on RIT;

   o   Why and how RIT's retention of the benefit was wrongful; and

   o   Plaintiffs' methodology for calculating damages.

- Class Certification

   o   What promises were made to students with respect to in-person instruction and services, and whether such promises were uniform or individual as to each student;

   o   Whether students each have their own reasonable expectations as to how RIT would respond to a pandemic;

o   What services and instruction each student was deprived of during remote learning that would constitute a breach of any contract; and

o   Whether the calculation of damages is unique to each student based on the value of instruction and services received, or based on the amount of types of services the student used;

Merits discovery as to the named Plaintiffs' claims should proceed simultaneously with class certification discovery, and class-wide merits discovery should only be permitted following anticipated motions for class certification and summary judgment.  RIT proposes this phased approach discovery because (i) early summary judgment and class certification motions will refine the scope of the claims at issue, the relevant factual predicates underlying Plaintiffs' claims, and the parameters for class-wide merits discovery (if a class is certified); and (ii) class-wide merits discovery will implicate student privacy interests pursuant to Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA").

Accordingly, RIT proposes that fact discovery as to the merits of the named Plaintiffs' claims and class certification discovery be completed by September 30, 2021, and that a schedule for class-wide merits discovery be entered only after any summary judgment and class certification motions are decided.

*Plaintiffs' Position*

Plaintiffs anticipate discovery on the following subjects, among others.  This listing of topics does not indicate that Plaintiffs agree with Defendant's identified topics, and will not preclude Plaintiffs from asserting objections to specific discovery requests, as appropriate, or to amending this list:

i.      Documents concerning Plaintiff;

ii.     Defendant's Course Catalog and Course Scheduler Portals;

iii.    Defendant's course-specific syllabi and Academic Policies;

iv. Defendant's handbooks, catalogs, brochures, advertisements, or other promotional materials;

v. Documents and communications relating to Defendant's decision not to issue refunds for tuition paid for the Spring 2020 semester;

vi. Documents and communications relating to Defendant's COVID-19 response, including but not limited to training manuals, handbooks, internal policies and communications, communications with parents, communications with students, communications with alumni, communications with donors, communications with any government agencies or officials, and communications with any outside consultants or experts;

vii. Documents regarding the amount of tuition monies Defendant received from for the Spring 2020 Semester;

viii. Plaintiff's alleged damages;

ix. Documents regarding the amount of money Defendant received for Spring Semester 2020 fees;

x. Documents showing the amount of tuition and fees for Spring Semester 2020 that Defendant refunded to students, if any, and Documents showing the total number of students who attended Stevens during the Spring 2020 Semester, including a breakdown of the number of students enrolled in each of Defendant's courses of study;

xi. Documents and communications showing requests by students or parents for refunds for the Spring 2020 Semester, and Defendant's response to said requests.

4

xii.    Documents and communications from Defendant's students or parents of Defendant's students regarding Defendant's response to COVID-19 regarding Defendant's decision to suspend in-person classes;

xiii.   Documents governing rights and responsibilities between students and Defendant concerning tuition and fees paid for Spring Semester 2020;

xiv.    Documents and communications related to any training or education provided to Defendant's professors and instructors as part of preparations to move Spring Semester 2020 classes to an online-only format;

xv.     Documents and communications pertaining to any insurance agreement under which any person carrying on an insurance business may be liable to satisfy in part or in whole a judgement which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

xvi.    Documents and communications pertaining to Defendant's financial planning or internal discussions of financial or budget matters related to changes in operation due to COVID-19.

Plaintiffs oppose Defendant's request to "phases" discovery.  Pursuant to *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), Plaintiffs do not believe there is a meaningful difference between "class certification discovery and class-wide merits discovery."  Plaintiffs therefore propose to conduct all fact discovery at once, which will avoid inevitable discovery disputes and inefficiencies regarding "phasing" of discovery.

**V.     Any Orders that should be entered under Rule 26(c) (protective/confidentiality orders).**

*RIT's Position*

RIT anticipates needing a protective order clarifying the scope of relevant discovery, and the potential undue burden imposed on RIT in the event Plaintiffs seek discovery concerning the relative difference in quality or value of pre- and post-COVID instruction and services.  While Plaintiffs characterized this case as a straight-forward breach of contract action at the pleadings stage in order to avoid the application of the educational malpractice doctrine, Plaintiffs' asserted damages theory is based entirely on the purported "difference between the fair market value of the online learning provided versus the fair market value of the live, in-person instruction in a physical classroom on a physical campus."  *See, e.g.,* SAC ¶ 121.  Plaintiffs have not explained how they intend to calculate this delta in "fair market value" or what the necessary relevant scope of discovery is to establish their claims, and as such, discovery could be either very narrow (*i.e.* based on the documents comprising the purported contract alone) or exceedingly broad (*i.e.* implicating facts concerning, *inter alia,* the method of instruction, level of engagement, type of assignments, etc.).  Indeed, Plaintiffs' preliminary list of topics for which they seek discovery, *see* Section IV, *supra*, includes topics such as faculty training manuals which, on its face, exceeds the scope of what would be relevant to a straight-forward breach of contract action.

Without clarification on this fundamental issue of scope, RIT will be unduly burdened by potentially excessive discovery demands at extraordinary cost.  To address these concerns, RIT expects to move for a protective order that would (i) require Plaintiffs to confirm the relevant scope of discovery; (ii) release RIT from preserving and collecting documents and information outside Plaintiffs' specified scope of discovery and shift the cost of preserving and producing unduly burdensome volumes of video and ESI; and (iii) propose sampling of certain type of records for use on summary judgment and class certification.  RIT also believes that phasing discovery as proposed above will address some of these concerns.

*Plaintiffs' Position*

Plaintiffs do not oppose the entry of a protective order, and will meet-and-confer with RIT's counsel on the appropriate scope of the same.

**VI.     Any changes in the limitations on discovery as provided in Rule 30 (oral depositions), and Rule 33 (interrogatories practice) and Rule 34 (document requests).**

*RIT's Position*

RIT anticipates that Plaintiffs will seek multiple depositions of RIT faculty and administrators, either pursuant to Fed. R. Civ. P. 30(b)(6) or Fed. R. Civ. P. 30(b)(1).  RIT requests an order limiting Plaintiffs to no more than two depositions totaling no more than 14 hours, in the first instance, and additional depositions of RIT faculty and administrators only with leave of the Court.

*Plaintiff's Position*

Preserve right to take full ten depositions.  Leave of Court with others.

**VII.    Any issues that the parties reasonably foresee concerning discovery of electronically stored information, including the form or forms in which it should be produced.**

*RIT's Position*

RIT anticipates issues with respect to the scope of relevant discovery, which will impact the burden of ESI preservation and collection, as described above.  RIT has met and conferred with Plaintiffs concerning producing ESI pursuant to RIT's standard production protocols, which were provided to Plaintiffs on February 12, 2021.

*Plaintiffs' Position*

Plaintiffs do not oppose the entry of an ESI protocol, and will meet-and-confer with RIT's counsel regarding the appropriate scope of the same.

**VIII.   Any agreements between the parties concerning assertions of claims of attorney-client privilege or work-product protection after information is produced, including agreements reached under Federal Rule of Evidence 502.**

*RIT's Position*

RIT expects that the parties can come to agreement on a stipulated protective order governing privileged and/or confidential documents and information.  Additionally, given the potentially voluminous amount of documents and ESI to be produced in this action, RIT believes that a categorical privilege log would be the most efficient means of logging such documents in this action.

Any disclosure of student records, including, *inter alia*, student financial records, academic records, and communications with students will require consent of the students pursuant to FERPA.  Thus, if class certification is granted and class-wide merits discovery undertaken, RIT anticipates that an order will be required governing the procedure for obtaining FERPA consent from all members of the class.

*Plaintiffs' Position*

Plaintiffs do not oppose the entry of a protective order, and will meet-and-confer with RIT's counsel on the appropriate scope of the same.

**IX.   Deadline for completion of fact discovery.**

*RIT's Position*

*See* Section IV, above.

*Plaintiffs' Position*

January 31, 2022.  Plaintiffs proposed a longer time period than RIT because Plaintiffs' proposed discovery schedule does not include phasing.

8

**X.     If expert discovery is contemplated by any party, a deadline for the completion of all expert discovery, including full compliance with Rule 26(a)(2) regarding the identification and filing reports of testifying experts.**

*RIT's Position*

RIT anticipates that Plaintiffs will use experts in opposition to summary judgment and/or in support of class certification.  Accordingly, RIT proposes that expert disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) be made no later than November 1, 2021; and rebuttal disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii) be made no later than December 1, 2021.

*Plaintiffs' Position*

Plaintiffs anticipate that RIT will use experts in support of summary judgment and/or in opposition to class certification.  Accordingly, Plaintiffs propose that expert disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) be made no later than February 28, 2022; and rebuttal disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii) be made no later than April 1, 2022.

**XI.     Deadline for the filing of motions to compel discovery.**

*Parties' Position*

Motions to compel discovery should be filed on a rolling basis in accordance with the Fed. R. Civ. P. and applicable Local Rules.  The last day for filing such motions should be August 16, 2021.

**XII.     Deadline for the filing of dispositive motions.**

*RIT's Position*

RIT proposes that dispositive motions and class certification motions be filed no later than January 31, 2022; opposition to each be filed no later than March 2, 2022; and reply to each be filed no later than April 1, 2022.

9

*Plaintiffs' Position*

Plaintiffs propose that class certification and dispositive motions be filed no later than February 28, 2022; opposition to class certification and dispositive motions be filed no later than April 1, 2022; reply to class certification and dispositive motions be filed no later than May 2, 2022.

**XIII.   The advisability and timing of a judicially supervised settlement conference or other alternative dispute resolution, including mediation.**

*Parties' Position*

At this time, RIT does not expect a settlement conference or mediation to be productive.

**XIV.   The parties shall advise whether a jury trial is required and the estimated length of the trial.**

*Parties' Position*

The parties agree that a jury will be required, and provide a preliminary estimate that trial will take two-three weeks.

**XV.   Remote Appearances at February 24, 2021 Case Management Conference.**

Due to the ongoing COVID-19 pandemic and related travel restrictions, the parties respectfully request that all attorneys appearing for the case management conference scheduled on February 24, 2021 at 9:00 a.m. be permitted to appear via video or telephone conference.

Dated: February 18, 2021
New York, New York

SANTIAGO BURGER LLP

By: /s *Fernando Santiago*
Fernando Santiago
fernando@litgrp.com
2280 East Avenue, 2nd Floor
Rochester, NY 14610
Tel: (585) 563-2400
Fax: (585) 563-7526


HOLLAND & KNIGHT LLP

By: /s/ *Robert J.  Burns*
Robert J.  Burns
Qian (Sheila) Shen
robert.burns@hklaw.com
qian.shen@hklaw.com
31 West 52nd Street
New York, NY 10019
Tel: (212) 513-3200
Fax: (212) 385-9010

Paul G.  Lannon (*pro hac vice*)
paul.lannon@hklaw.com
10 St.  James Avenue, 11th Floor
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850

*Attorneys for RIT*

Dated:  February 18, 2021                By:        /s/ *Philip L. Fraietta*

Philip L. Fraietta
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

11

Sarah N. Westcot (*pro hac vice*)
**BURSOR & FISHER, P.A.**
701 Brickell Ave, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

        -AND-

Roy T. Willey, IV (*pro hac vice*)
Eric M. Poulin (*pro hac vice*)
**ANASTOPOULO LAW FIRM, LLC**
32 Ann Street
Charleston, SC 29403
Telephone: (843) 843-8888
Email: roy@akimlawfirm.com
        eric@akimlawfirm.com

*Attorneys for Plaintiffs*

12