# EXHIBIT 17

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW**
**YORK**

| | |
|---|---|
| NICHOLAS BERGERON and NICK QUATTROCIOCCHI, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>ROCHESTER INSTITUTE OF TECHNOLOGY,<br><br>        Defendant. | Case No.:  6:20-cv-06283 |

<u>**PLAINTIFF NICK QUATTROCIOCCHI'S FIRST OBJECTIONS AND RESPONSES TO DEFENDANT ROCHESTER INSTITUTE OF TECHNOLOGY'S SECOND SET OF INTERROGATORIES**</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, Nicholas Quattrociocchi ("Plaintiff") responds to Defendant's Second Set of Interrogatories as set forth below. The following responses are made solely for the purposes of this action. Plaintiff will respond to these Interrogatories on the basis of the best information available to it at the time of gathering responsive information and materials, subject to the objections described below. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. Plaintiff reserves the right, where appropriate, to supplement and/or correct the responses contained herein.

<u>**INTERROGATORY NO. 4**</u>:

If YOU contend that RIT was obligated to provide you with in-person instruction for the spring 2020 term, state all the facts that support YOUR contention, including, but not limited to, the term(s) of all contracts that YOU claim imposed such obligation, whether each such term was

1

DEFENDANT'S EXHIBIT

NQ-9

express or implied, the document or other physical location (if any) where such term(s) are located, and how and when YOU claim RIT agreed to each such term(s).

**RESPONSE:** Plaintiff objects to this request to the extent that it seeks a legal conclusion. Plaintiff further objects to this request as premature to the extent that it seeks information as to the ultimate merits of the case to be decided at trial. Notwithstanding the foregoing objection, see Plaintiffs' Second Amended Consolidated Class Action Complaint.

**INTERROGATORY NO. 5:**

If YOU contend that RIT was obligated to provide YOU with any specific service or benefit during the spring 2020 term other than in-person instruction that it failed to provide, state all facts that support YOUR contention, including, but not limited to, the service or benefit that YOU contend RIT failed to provide and the terms of all contracts that YOU claim imposed such an obligation, whether each such term was express or implied, how and when YOU claim RIT agreed to such terms, the circumstances constituting RIT's alleged failure, and all resulting damages or injuries to YOU.

**RESPONSE:** Plaintiff objects to this request to the extent that it seeks a legal conclusion. Plaintiff further objects to this request as premature to the extent that it seeks information as to the ultimate merits of the case to be decided at trial. Notwithstanding the foregoing objection, see Plaintiffs' Second Amended Consolidated Class Action Complaint.

**INTERROGATORY NO. 6:**

Identify and describe each and every difference between RIT's provision of in-person instruction and services to YOU before March 11, 2020, and RIT's provision of remote instruction and services to YOU after March 11, 2020, that YOU contend constitutes a breach of any agreement between YOU and RIT.

**RESPONSE:** Plaintiff objects to this request as vague, overbroad, and it seeks a legal conclusion as to the ultimate issue of this case. Plaintiff further objects to the extent this request seeks to have

2

Plaintiff recharacterize his allegations during discovery and refers Defendants to the allegations contained within the operative complaint. Notwithstanding such objections, Plaintiff identifies and describes that he received materially different services, including any campus-based and in-person educational services, offerings, events, or opportunities after the University transitioned to online only learning. Plaintiff ceased receiving in-person instruction, access to classrooms, access to the in-person community of students, facility, staff, and other individuals that were previously available on campus. Further, Plaintiff did not receive access to other campus buildings, labs, libraries, study halls, facilities, or other physical buildings. *See also* https://www.rit.edu/rit-life; https://www.rit.edu/experiential-learning.

**INTERROGATORY NO. 7:**

Provide YOUR calculation of damages for each cause of action asserted by YOU in this litigation for which YOU seek any monetary recovery, including, but not limited to, the formula for calculating YOUR alleged damages, the dollar value of YOUR claimed damages, and the facts supporting YOUR calculation of damages.

**RESPONSE:** Plaintiff objects to this request a premature as discovery is yet to be completed, including expert discovery. Notwithstanding the foregoing objection, Plaintiff states that he will provide his expert witness reports and damage calculations on the schedule agreed to by the parties and entered by the Court.

Dated: Carle Place, New York
      September 20, 2021

**LEEDS BROWN LAW, P.C.**

_____
Michael A. Tompkins, Esq.
Anthony M. Alesandro, Esq.
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550
mtompkins@leedsbrownlaw.com

3

aalesandro@leedsbrownlaw.com

*Counsel for Plaintiffs & Putative Class*