# EXHIBIT 28

(*Gila Duke v. Ohio University*
Ohio Ct. Cl. Case No. 2020-00036JD, Feb. 25, 2022 Decision)

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| GILA DUKE, Indv. | Case No. 2021-00036JD |
| Plaintiff | Judge Dale A. Crawford |
| v. | <u>DECISION</u> |
| OHIO UNIVERSITY | |
| Defendant | |

This matter is before the Court on Plaintiff's motion for class certification. Plaintiff Gail (Gila) Duke was a senior at Defendant Ohio University (Defendant or OU), at the Athens campus, during the Spring 2020 semester. She seeks to represent a class of all undergraduate students enrolled in classes at the Athens Campus of OU during the Spring 2020 semester who paid tuition and/or fees. Plaintiff asserts that undergraduate students attending OU's Athens campus were consistently promised access to on-campus and in-person classes and services. Plaintiff argues that when OU closed its campus and switched to online classes in response to the COVID-19 pandemic, it breached an implied contract with her and the other undergraduate students who were enrolled in in-person classes. Plaintiff claims that the class is entitled to a partial refund of the tuition and fees that they paid. On January 18, 2022, the Court conducted a hearing on Plaintiff's Civ.R. 23 motion.[1]

The Ohio Supreme Court, in its seminal class action case, *Cullen v. State Farm Mut. Auto. Ins. Co.*, held:

> A trial court must conduct a rigorous analysis when determining whether
> to certify a class pursuant to Civ.R. 23 and may grant certification only
> after finding that all of the requirements of the rule are satisfied; the

---

[1] At the beginning of the hearing, Defendant's motion in limine, which was filed early the morning of the hearing or after the Court closed the previous day, was DENIED as untimely.

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25  PM 4: 37

Case No. 2021-00036JD                    -2-                                    DECISION

analysis requires the court to resolve factual disputes relative to each requirement and to find, based upon those determinations, other relevant facts, and the applicable legal standard, that the requirement is met.

137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, paragraph one of the syllabus. The party seeking class certification must demonstrate by a preponderance of the evidence that the proposed class meets each of the requirements of Civ.R. 23. *Cullen*, at paragraph three of the syllabus. Upon review of the evidence and applicable law, the Court finds that class certification is appropriate.

**Factual Background**

In March 2020, OU closed its Athens campus in response to the COVID-19 pandemic.[2] OU refunded a prorated portion of some fees when it closed the campus, such as housing and meal plans and certain class fees. However, it did not refund any tuition or certain other fees.

The parties diverge on how they define "tuition" for purposes of this case. Plaintiff uses the term tuition to refer to the instructional fee and the non-resident surcharge, when applicable. (Memorandum in Support, p. 4.) Defendant uses the term tuition, in its briefing and in its internal materials, to mean the instructional fee, the non-resident surcharge (when applicable), and the general fee. (Motion, Ex. X; Affidavit of Sherry Rossiter, ¶ 7.) The general fee is defined by Defendant thus: "The general fee is a required component of tuition, and it provides funding for non-instructional services. The fee is charged to every student who is enrolled in at least one class. The services and activities supported by the fee promote students' emotional and physical well-being, as well as their cultural and social development outside the classroom." (Motion, Ex. X.)

---

[2] Neither party provided in their memoranda a concrete date on which classes would have resumed after spring break if not for the pandemic. Plaintiff asserts that March 10, 2020 was the last day of in-person classes, but Plaintiff herself testified that OU announced the transition to online classes during spring break, which was then extended to prepare for the transition.



FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25  PM 4: 37

Case No. 2021-00036JD                    -3-                         DECISION

Plaintiff argues that OU should have refunded a prorated amount of tuition for the proposed class because they paid for in-person classes and yet, for part of the semester, received little more than OU's eCampus students, who pay less for an exclusively online education. (Memorandum in Support, p. 5.)  Plaintiff also asserts that OU should have refunded a prorated amount of fees, though Plaintiff did not specify which fees beyond the general fee.

**Proposed Class**

Plaintiff moves the Court to certify a class of "all undergraduate students enrolled in classes at the Athens Campus of OU during the Spring 2020 Semester who paid tuition and/or fees."  During the hearing, Plaintiff presented evidence that she was enrolled in classes at the Athens campus of OU during the Spring 2020 semester and that she paid the instructional fee and the general fee. (Plaintiff's Hearing Ex. 11.) However, Plaintiff did not specify any other fees—with the exception of the non-resident surcharge for out-of-state students—which she seeks to recover for herself and on behalf of the class.

The evidence presented shows that the only fee Plaintiff paid other than the instructional fee and the general fee is a digital course materials fee for an Operations Management course in which she was enrolled. (Plaintiff's Hearing Ex. 11.)  During the hearing, the Bursar for OU explained that the digital course materials fee is for digital materials that replace a physical textbook.  She further testified that the fee was unrelated to the transition to online classes due to the COVID-19 pandemic.  The Court finds that the digital course materials fee is a one-time fee similar to the purchase of an item, such as a textbook. It is not a fee for services throughout the semester, like room and board; nor does paying the fee grant one access to a physical part of campus or an activity conducted on campus, such as a recreation fee. *Compare Smith v. The Ohio State University*, Ct. of Cl. No. 2020-00321JD (Jan. 21, 2022) (certifying a class of students who paid tuition and fees including a general fee, student activity fee, learning


FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25   PM 4: 37

Case No. 2021-00036JD                                    -4-                                                    DECISION

technology fee, course fees, program fees, and bus fee).  Furthermore, Plaintiff alleges that Defendant failed to fulfill its obligation under the implied contract to provide in-person classes and services, but Plaintiff does not allege that Defendant failed to provide her with the digital course materials for which this fee was charged.

At the end of the hearing, the undersigned announced that the class would only be certified as to tuition and not as to fees.  At the time, the undersigned had in mind Defendant's definition of tuition, which includes the general fee.  However, the Court has since reviewed the similar cases before this Court in which class actions have been brought against public universities for reimbursements as a result of pandemic-related transitions to online classes.  In *Smith v. The Ohio State University*, Ct. of Cl. No. 2020-00321JD, the Court considered a fee named "general fee" to be a fee instead of tuition. For the sake of consistency and for this decision as to class certification only, the Court will consider the general fee to be a fee.  When the merits of the case are argued before the Court, the parties may address whether the general fee should be considered a fee or part of tuition for the sake of calculating damages, if any.  Accordingly, the Court defines tuition, for purposes of this decision only, as the instructional fee and the non-resident surcharge.

The Court has the authority to modify the class definition when the Court concludes that it is warranted.  *See* Civ.R. 23(C)(1)(b); *see also* Civ.R. 23(D)(1) (providing that in conducting an action under Civ.R. 23, the court "may issue orders that: * * * (c) impose conditions on the representative parties or on intervenors; * * * or (e) deal with similar procedural matters"); *Ritt v. Billy Blanks Enters*, 171 Ohio App.3d 204, 2007-Ohio-1695, 870 N.E.2d 212, ¶ 104-105 (8th Dist.) (modifying the class definition); *In re NHL Players' Concussion Injury Litigation*, D.Minn. No. 14-2551 (SRN/BRT), 2017 U.S. Dist. LEXIS 115159, at *5 (July 24, 2017) (courts possess administrative and procedural authority over the course of class action proceedings

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25 PM 4:37

Case No. 2021-00036JD                  -5-                                DECISION

under Fed.R.Civ.P. 23(d)(1)(A) and 23(d)(1)(E) and inherent authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases).

The Court hereby defines the class as follows: "all undergraduate students enrolled in classes at the Athens campus of Ohio University during the Spring 2020 semester who paid tuition and/or the general fee."

**Requirements for Class Certification**

Rule 23 of the Ohio Rules of Civil Procedure governs class actions in Ohio. *See* Civ.R. 23.[3]  A trial judge "has broad discretion in determining whether a class action may be maintained." *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987), syllabus.  The Ohio Supreme Court has cautioned, however, that the trial court's discretion in deciding whether to certify a class action "is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23." *Hamilton v. Ohio Savs. Bank*, 82 Ohio St.3d 67, 70, 694 N.E.2d 442 (1998).  The Ohio Supreme Court has further cautioned: "The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." *Hamilton* at 70.

The United States Supreme Court too has emphasized that courts should engage in rigorous analysis in determining whether a proposed class should be certified in a class action.  In *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34, 133 S.Ct. 1426, 185 L.Ed.2d 515 (2013), the Court stated:

> Repeatedly, we have emphasized that it "'may be necessary for the court
> to probe behind the pleadings before coming to rest on the certification
> question,' and that certification is proper only if 'the trial court is satisfied,

---

[3] The Ohio Supreme Court has determined that federal authority may aid Ohio courts in interpreting Civ.R. 23.  *See Cullen*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, at ¶ 14, quoting *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 201, 31 Ohio B. 398, 509 N.E.2d 1249 (1987) ("[b]ecause Civ.R. 23 is virtually identical to Fed.R.Civ.P. 23, we have recognized that 'federal authority is an appropriate aid to interpretation of the Ohio rule'").



FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25  PM 4: 37

Case No. 2021-00036JD                         -6-                              DECISION

after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Id. at 350-351* (quoting *General Telephone Co. of Southwest* v. *Falcon*, 457 U.S. 147, 160-161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)). Such an analysis will frequently entail "overlap with the merits of the plaintiff's underlying claim." 564 U.S., at 351, 131 S. Ct. 2541, 180 L. Ed. 2d 374. That is so because the "'class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Ibid.* (quoting *Falcon, supra*, at 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740).

A party seeking class certification must meet the following requirements before the action may be maintained as a class pursuant to Civ.R. 23:

> (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met.

*Cullen*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, at ¶ 11 (citations omitted).

**Identifiable Class**

"An identifiable class must exist before certification is permissible. The definition of the class must be unambiguous." *Warner v. Waste Mgt.,* 36 Ohio St.3d 91, 521 N.E.2d 1091 (1988), paragraph two of the syllabus. "[T]he requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25  PM 4: 37

Case No. 2021-00036JD                           -7-                                    DECISION

individual is a member." *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 71-72, 69 N.E.2d 442 (1998) (citations omitted). The class definition "must be precise enough 'to permit identification within a reasonable effort.'" *Id.* at 72, quoting *Warner* at 96.

Plaintiff asserts that the class is definite and unambiguous because OU tracks student enrollment and payments. The class can thus be easily identified through a search of OU's records.

Defendant, however, argues that there is no identifiable class because it is not administratively feasible to determine who paid tuition and fees for the Spring 2020 Semester. Defendant specifically argues that its records do not indicate for each student whether the student actually paid the money received by OU for each student's tuition and fees, or whether the tuition and fees were paid by a parent or other family member. "At best, the financial records for each individual student would need to be reviewed to determine what identifying information, if any, is available." (Memorandum in Opposition, p. 7.)

The Court finds that the class is identifiable and unambiguous. While it is common for parents or other family members to pay all or some of a student's tuition, it is the student who is billed and who is financially responsible for the bill. Defendant's own Financial Obligation Agreement shows that OU considered the students themselves to be responsible for paying tuition, fees, and other associated costs, even if a student is a minor. (Defendant's Hearing Ex. L.) Even if a parent, guardian, or other family member paid the tuition bill for a student, they paid it on the student's behalf. Therefore, this requirement is satisfied.

**Class Representative and Membership**

In order to establish class membership, it is necessary that "the representative have proper standing. In order to have standing to sue as a class representative, the plaintiff must possess the same interest and suffer the same injury shared by all



FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25  PM 4: 37

Case No. 2021-00036JD                          -8-                          DECISION

members of the class that he or she seeks to represent." *Hamilton*, 82 Ohio St.3d at 74, 694 N.E.2d 442.

Plaintiff asserts that she is a member of the proposed class because she "paid tuition and fees during Spring 2020 Semester to attend the undergraduate program at OU's Athens Campus, had her access to campus restricted, and her classes moved from in-person to remote formats." (Memorandum in Support, p. 7.)

Defendant argues that Plaintiff is not a member of the class because she did not pay her tuition for the Spring 2020 semester. Defendant points to the Complaint, which states that Plaintiff's mother, Yana Duke, who was formerly a plaintiff in this action herself, paid Plaintiff's tuition and fees. However, for the same reason explained above regarding how there is an identifiable class, the Court also rejects Defendant's argument here. Even if Plaintiff's mother paid her tuition bill, she paid it on Plaintiff's behalf. The Court therefore finds that Plaintiff has the same interests and suffered the same injury shared by all members of the class.

**Numerosity**

"Numerosity is presumed for classes larger than forty members. * * *  However, the numerosity inquiry is not strictly mathematical but must take into account the context of the particular case, in particular whether a class is superior to joinder based on other relevant factors including: (i) judicial economy, (ii) geographic dispersion, (iii) the financial resources of class members, (iv) their ability to sue separately, and (v) requests for injunctive relief that would involve future class members." *Pennsylvania Pub. School Emp. Retirement Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir.2014); *see also Warner v. Waste Mgmt.*, 36 Ohio St.3d 91, 521 N.E.2d 1091 (1988) (approving the maxim that if a class has more than forty people in it, numerosity is satisfied).

Defendant does not appear to dispute that this requirement has been met. The evidence before the Court reveals that there were approximately 14,976 undergraduate

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25  PM 4: 37

Case No. 2021-00036JD                    -9-                         DECISION

students enrolled in classes at the Athens campus for the Spring 2020 semester. (Motion, Ex. JJ.) Therefore, the numerosity requirement has been established.

**Commonality**

Pursuant to Civ.R. 23(A)(2), there must be the presence of "questions of law or fact common to the class." Courts have generally given a permissive application to this requirement. *Warner*, 36 Ohio St.3d 91, 521 N.E.2d 1091, at paragraph three of the syllabus. It requires a "common nucleus of operative facts." *Id.* However, "[i]t is not necessary that all the questions of law or fact raised in the dispute be common to all the parties." *Hamilton*, 82 Ohio St.3d at 77, 694 N.E.2d 442.

Plaintiff asserts that there are common questions as to "(1) the existence of an implied or expressed (sic) contract for access to campus, on-campus and in-person educational services, opportunities, and classes; (2) whether OU breached that contract; and (3) the economic difference between what was contracted for and what was provided." (Memorandum in Support, p. 8.)

Defendant's arguments that the proposed class lacks commonality are set forth under the predominance standard in Civ.R. 23(B)(3). (Memorandum in Opposition, p. 7-13.) Therefore, they will be addressed below in that section. As to the commonality requirement in Civ.R. 23(A)(2), the Court finds that it has been met. The questions set forth by Plaintiff are well suited for classwide determination.

**Typicality**

"Under Civ.R. 23(A)(3), the claims or defenses of the representative parties must be typical of the claims or defenses of the class. The typicality requirement has been found to be satisfied where there is no express conflict between the representatives and the class." *Warner*, 36 Ohio St.3d at 97-98, 512 N.E.2d 442.

[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members,



FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25   PM 4: 37

Case No. 2021-00036JD                    -10-                                    DECISION

and if his or her claims are based on the same legal theory.  When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims.

*Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 485, 727 N.E.2d 1265 (2000).

Plaintiff asserts that she and the proposed class "bargained and paid for on-campus and in-person educational services, opportunities, and classes that she did not receive during a portion of the Spring 2020 Semester." (Memorandum in Support, p. 10.)  Therefore, Plaintiff's claims and the proposed class's claims are the same, and they seek the same damages.

Defendant argues that Plaintiff's claims are not typical of the class because Plaintiff is not a member of the class.  Defendant makes its argument with the same reasoning and indeed in the same section of its brief as it argued that that there was not an identifiable class.  Accordingly, for the same reason explained above regarding how there is an identifiable class, the Court also rejects Defendant's argument here.  The Court finds no conflict between Plaintiff and the proposed class.  Therefore, this requirement has been satisfied.

**Fair and Adequate Representation**

Adequate representation requires the Court to examine: (1) the adequacy of the representative class members themselves; and (2) the adequacy of counsel for the representative class members.  *Warner*, 36 Ohio St.3d at 98, 521 N.E.2d 1091.  "A representative is deemed adequate so long as his interest is not antagonistic to that of other class members."  *Marks v. C.P. Chemical Co., Inc.*, 31 Ohio St.3d 200, 203, 509 N.E.2d 1249 (1987), quoting 3B Moore's Federal Practice (1987) 23-188, paragraph 23.07[1].  Regarding the adequacy of counsel requirement:

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25  PM 4: 37

Case No. 2021-00036JD                    -11-                                    DECISION

The issue of whether counsel is competent to handle the action can be the most difficult in the Rule 23 analysis. The fact that an attorney has been admitted to practice does not end the judicial inquiry. An attorney should be experienced in handling litigation of the type involved in the case before class certification is allowed. Close scrutiny should be given to the attorney's qualifications to handle the matter with which he is entrusted.

*Warner,* at 98.

Plaintiff asserts that her interests are aligned with those of the proposed class because she suffered the same injury and seeks the same relief as the class. She further asserts that her counsel are qualified, experienced, and able to conduct the litigation.

Defendant does not challenge the adequacy of class counsel. However, Defendant argues that Plaintiff is not an adequate class representative due to her "alarming lack of familiarity with this lawsuit." (Memorandum in Opposition, p. 3.) Defendant points out several instances in Plaintiff's deposition in which she provided an answer not to Defendant's satisfaction, gave an incorrect answer on an immaterial issue, failed to answer a procedural or technical legal question to the standard of a lawyer, or refused to answer questions after receiving advice from her attorney.

Notably, Defendant does not mention the standard cited above for evaluating whether a class representative is adequate or explain how Plaintiff does not meet that standard. Instead, in support of its argument, Defendant cites *Byes v. Telecheck Recovery Services, Inc.*, 173 F.R.D. 421 (E.D.La.1997.) In *Byes*, a court found a class representative to be inadequate because she was convicted of a crime that, in light of the alleged facts of the case, impugned her honesty; she provided incorrect answers to many questions; she signed an affidavit that was "clearly false"; and, most importantly, there was substantial evidence of insufficient communication between class counsel and Byes. *Byes*, at 427.



FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25 PM 4:37

Case No. 2021-00036JD                    -12-                                    DECISION

It is true that a class representative must take an active role in the litigation. But "[a] class representative is not required to understand the meaning of complex legal terms or to direct litigation strategies." *Byers*, at 426. Plaintiff has provided information and documents through discovery, was deposed, and attended and testified at the hearing on her motion for class certification. After reviewing Plaintiff's deposition and hearing her testimony in Court, the Court is satisfied that she has adequately participated in the litigation and is capable of diligently representing the class. Furthermore, it is clear that her interest is not antagonistic to that of the other class members. *Marks*, 31 Ohio St.3d at 203. Therefore, the Court finds that Plaintiff is an adequate class representative.

Plaintiff provided evidence that attorneys James Simon, Kathleen Lally, and Joshua Arisohn are adequate class counsel. However, Plaintiff did not provide any evidence regarding attorneys Scott Simpkins or Clifford Bendau, II. The Court finds that attorneys Simon, Lally, and Arisohn are adequate class counsel. However, as will be further discussed below, the Court requests that Plaintiff clarify whom she is requesting to be appointed as class counsel.

**Civil Rule 23(B) Requirement**

In order for a class to be certified, it must meet one of the Civ.R. 23(B) requirements. Plaintiff seeks class certification under either Civ.R. 23(B)(1) or Civ.R. 23(B)(3). Civ.R. 23(B)(1)(a) permits a class action if "prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Civ.R. 23(B)(1)(a).

Civ.R. 23(B)(3) permits a class action if the court finds that common questions of law or fact predominate and a class action would be superior to other methods of adjudication. Civ.R. 23(B)(3) requires the trial court to make the following findings:

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25  PM 4: 37

Case No. 2021-00036JD                          -13-                          DECISION

[F]irst, "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and, second, "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." This inquiry requires a court to balance questions common among class members with any dissimilarities between them, and if the court is satisfied that common questions predominate, it then should "consider whether any alternative methods exist for resolving the controversy and whether the class action method is in fact superior."

*Cullen,* 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, at ¶ 29, quoting *Ealy v. Pinkerton Govt. Servs., Inc.,* 514 Fed. Appx. 299 (4th Cir. 2013). "The purpose of Civ.R. 23(B)(3) was to bring within the fold of maintainable class actions cases in which the efficiency and economy of common adjudication outweigh the interests of individual autonomy." *Hamilton*, 82 Ohio St.3d at 80, 69 N.E.2d 442.

The Court will first analyze whether the class may be certified under Civ.R. 23(B)(3). Plaintiff asserts that "whether there is a contract between the Class and OU for access to campus and in-person educational services, opportunities, and classes can be proven or disproven with generalized proof, as the same brochures, catalogs, admission, registration process, and course of dealing – in other words, the same promises – were provided to and made to all students." (Memorandum in Support, p. 12-13.) And if the contract exists, then the issue of whether the contract was breached by the termination of in-person classes and closing of the campus will be answered the same for all students. Plaintiff makes a similar argument that "whether OU was unjustly enriched can also be proven or disproven with common evidence." (Memorandum in Support, p. 13.) "The litigation of this question will largely focus on OU's conduct, namely the form of classes, access to campus, and services OU provided in the Spring 2020 Semester, and whether the payment that it received for

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25  PM 4: 37

Case No. 2021-00036JD                    -14-                         DECISION

those classes, access, and services was unjust considering what was provided."
(Memorandum in Support, p. 13.)

Regarding damages, Plaintiff avers that her experts have provided a method to
measure damages on a classwide bass, such that even questions of damages will be
common to the class. Plaintiff's experts propose to conduct a market research survey
and analysis, using a conjoint analysis, to compare the market value for in-person
classes and full access to OU's campus and facilities to the market value of virtual
classes and no access to OU's campus or facilities. If there is a difference, the experts
will use those numbers to determine the percent by which in-state students and out-of-
state students overpaid for tuition.

Defendant argues that whether or not an implied contract for in-person classes
exists between OU and the students is an individualized issue for each student. To the
extent that an implied contract was formed by the reading of brochures and exposure to
other advertising materials, Defendant asserts the Court would have to make an
individualized determination as to what each putative class member read or saw.
Defendant later makes the same argument regarding Plaintiff's unjust enrichment
claim.[4]

The Court does not need to examine which student was exposed to which
advertisement or discern each student's inner thoughts when they signed up for
classes. The terms of an implied contract can be inferred from the parties' external
conduct. *See Hercules Inc. v. United States*, 516 U.S. 417, 424, 116 S.Ct. 981 (1996)
("An agreement implied in fact is founded upon a meeting of minds, which, although not
embodied in an express contract, is inferred, as a fact, from conduct of the parties
showing, in light of the surrounding circumstances, their tacit understanding."); *see also*

---

[4] Defendant's other arguments against Plaintiff's unjust enrichment claim argue against the merits
of the claim instead of addressing its suitability to classwide determination. Accordingly, they will not be
addressed at this stage of the litigation.

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25 PM 4:37

Case No. 2021-00036JD                    -15-                              DECISION

*Columbus H. v. & T. R. Co. v. Gaffney*, 65 Ohio St. 104, 115, 61 N.E. 152 (1901) ("whereas in the other case the contract is established by the conduct of the parties, viewed in the light of surrounding circumstances, and is called a contract implied in fact"). Similarly, whether a benefit was conferred upon Defendant by the students and whether retention of the benefit would be unjust can also be determined by external conduct. OU advertised in-person classes as an option and advertised its campus on which the students would take said classes. OU charged tuition to attend the classes. And the students paid the tuition and fees and yet could not attend the classes in-person. In short, the Court does not need to delve into the weeds of which student was exposed to which—if any—advertisement to know that a student who signed up for in-person classes would expect them to be in person, in line with the traditional college experience.

Defendant next argues that individual issues predominate regarding whether online classes were materially deficient compared to in-person classes. Some students, Defendant explains, may learn better in an online environment and "student success is uniquely personal and depends on a number of highly individualized factors." (Memorandum in Opposition, p. 12.) However, the crux of Plaintiff's claims is not that the quality of the education she received was poorer than what she contracted for; it is that the education she received should have cost less. The injury is not a diminished quality of education; the injury is that she contracted for in-person classes and did not receive in-person classes for part of the semester. The Court is thus unpersuaded by this argument.

Defendant argues that Plaintiff cannot establish classwide damages. Defendant asserts, and its expert averred, that the conjoint analysis method that Plaintiff proposes to use to determine damages fails to account for the presence of COVID-19, fails to use an appropriate universe of survey respondents, and fails to account for supply-side factors. However, Plaintiff's experts addressed those concerns to the Court's

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25 PM 4: 37

Case No. 2021-00036JD                    -16-                          DECISION

satisfaction.  Indeed, because the alleged implied contract was entered into before the arrival of COVID-19 to the United States, the survey and conjoint analysis should not take COVID-19 into account.  The Court is satisfied that Plaintiff's model for determining damages is consistent with its liability case.  *See Behrend*, 569 U.S. at 35, 133 S.Ct. 1426, 185 L.Ed.2d 515.

The Court agrees with Plaintiff that the elements of each claim are well suited for classwide determination.  Accordingly, the Court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

The Court further finds that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy presented by Plaintiff, especially given a requirement and desirability that litigation of the presented claims should be litigated in this forum.  *See* Civ.R. 23(B)(3); *see also* R.C. 2743.03(A)(1) (providing that the Ohio Court of Claims "has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in [R.C. 2743.02] and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims").  Furthermore, a class action would achieve economies of time, expense, and effort, as well as promote a uniformity of decisions relative to similarly situated persons.  *See Cross v. Univ. of Toledo*, Ct. of Cl. No. 2020-00274JD, 2021 Ohio Misc. LEXIS 43 (Apr. 26, 2021), *on appeal*, 10th Dist. Franklin No. 21-AP-000279; *see also Weiman v. Miami Univ. & Baumgartner v. Miami Univ.*, Ct. of Cl. Nos. 2020-00614JD & 2020-00644JD (Dec. 12, 2021), *on appeal*, 10th Dist. Franklin No. 22-AP-000036; *McDermott v. The Ohio State Univ.*, Ct. of Cl. No. 2020-00286JD (Dec. 27, 2021); *Smith v. The Ohio State Univ.*, Ct. of Cl. No. 2020-00321JD (Jan. 21, 2022).

Therefore, the Court finds that this action is appropriate for class certification under Civ.R. 23(B)(3).  Because the Court concludes that the action is appropriate for

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 25  PM 4: 37

Case No. 2021-00036JD                              -17-                              DECISION

class certification under Civ.R. 23(B)(3), there is no need to assess whether it is appropriate for certification under Civ.R. 23(B)(1).

**Conclusion**

For the reasons discussed above, the Court concludes that the proposed class, as defined above, satisfies the requirements for class certification by a preponderance of the evidence. A review of the docket shows that Plaintiff is represented by five attorneys from five different law firms. The Court requests Plaintiff to inform the Court which attorneys she seeks to have certified as class counsel, with reasons therefor, and to provide any supporting evidence regarding the adequacy of proposed class counsel.

DALE A. CRAWFORD
Judge

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| GILA DUKE, Indv. | Case No. 2021-00036JD |
| Plaintiff | Judge Dale A. Crawford |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO UNIVERSITY | |
| Defendant | |

For the reasons set forth in the Decision filed currently herewith, the Court holds that Plaintiff's proposed class, as defined in the Decision, satisfies the requirements for class certification by a preponderance of the evidence. Plaintiff may inform the Court on or before *March 14, 2022*, whether she has a preference concerning the appointment of class counsel and, if so, whom she prefers to be appointed class counsel with reasons therefor, and to provide any supporting evidence regarding the adequacy of proposed class counsel.

_____
DALE A. CRAWFORD
Judge

cc:

Michael H Carpenter
Michael N Beekhuizen
Timothy R Bricker
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215

Randall W Knutti
Peter E DeMarco
Jeanna V Jacobus
Assistant Attorneys General
30 East Broad Street, 16th Floor
Columbus, OH 43215

JOURNALIZED

Case No. 2021-00036JD                    -2-                    JUDGMENT ENTRY

Kathleen P Lally
Carlson Lynch, LLP
111 West Washington Street Suite 1240
Chicago, IL  60602

James L Simon
5000 Rockside Road, Suite 520
Independence, OH  44131

Clifford P Bendau II
P.O. Box 97066
Phoenix, AZ  85060

Josh Arisohn
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY  10019

Scott D Simpkins
55 Public Square, Suite 1950
Cleveland, OH  44113

Jamisen Etzel
1133 Penn Avenue, 5th Floor
Pittsburgh, PA  15222



012

JOURNALIZED