# EXHIBIT 29

(*Lawrence Keba v. Bowling Green State University*
Ohio Ct. Cl. Case No. 2020-00639JDD, March 30, 2022 Decision)

**IN THE COURT OF CLAIMS OF OHIO**



| | |
|---|---|
| LAWRENCE KEBA, Indv. | Case No. 2020-00639JD |
| Plaintiff | Judge Dale A. Crawford |
| v. | <u>DECISION</u> |
| BOWLING GREEN STATE UNIVERSITY | |
| Defendant | |

Pursuant to Civ.R. 23, Plaintiff Lawrence Keba moves for certification of this action as a class action. Defendant Bowling Green State University (BGSU) opposes Keba's motion. Keba's Civ.R. 23 motion has been fully briefed. The Court also has held a hearing on Keba's Civ.R. 23 motion. For reasons set forth below, the Court holds that the parties' proposed amended class, as modified by the Court, satisfies requirements for class certification by a preponderance of the evidence.

## I.      Introduction

Lawrence Keba represents in his Complaint that he "is a citizen of Pennsylvania who resides in Emmaus, Pennsylvania." (Complaint, ¶ 8.) Keba also represents that he "is an undergraduate student at BGSU where he is studying to be a commercial pilot and pursuing a degree in Flight Technology and Operations." (Complaint, ¶ 8.)

Keba generally contends in the Complaint that, based on BGSU's response to a pandemic of the Novel Coronavirus Disease 2019 (COVID-19) during BGSU'S Spring 2020 academic semester, he, and others similarly situated, lost the benefit of the education for which they paid or, the services for which their fees paid, or both, since BGSU did not refund tuition and fees to Keba, as well as others similarly situated. In the Complaint, Keba, on behalf of himself and other similarly situated, presents claims of breach of contract, unjust enrichment, and conversion. On BGSU's motion, the Court

FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30   PM 3:03

Case No. 2020-00639JD         -2-                    DECISION

dismissed the claim of conversion pursuant to Civ.R. 12(B)(6). Two claims remain for adjudication: breach of contract and unjust enrichment. BGSU generally disputes Keba's claims.

## II. Keba seeks certification of this case as a class action.

Keba sought in the Complaint "to represent a class defined as all BGSU students who paid [BGSU] Spring Semester 2020 tuition and/or fees for in-person educational services that [BGSU] failed to provide, and whose tuition and fees have not been refunded." (Complaint, ¶ 23.) Keba asserts in the Complaint that "[s]pecifically excluded from the Class are [BGSU], [BGSU's] officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by [BGSU], and its heirs, successors, assigns, or other persons or entities related to or affiliated with [BGSU] and/or [BGSU's] officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family." (Complaint, ¶ 23.)

In Keba's Civ.R. 23 motion filed on October 1, 2021, Keba modified the definition of the proposed class, as set forth in the Complaint. In Keba's Civ.R. 23 motion, Keba proposes the following class: "All undergraduate students enrolled in classes at the Main campus of Bowling Green State University during the Spring 2020 semester who paid tuition and/or fees." (Motion For Class Certification, 6.) Keba maintains that this redefined proposed class is identifiable, that he is a member of the proposed redefined class, that the Civ.R. 23 elements of numerosity, commonality, and typicality are satisfied, that Keba and the proposed redefined class have fair and adequate representation, that common issues predominate, and that a class action is superior to thousands of individual actions.

In opposition, BGSU maintains that Keba's arguments—and Keba's experts' proposed damages model—fail to account for individualized factors, which, in BGSU's view, predominate over any common issues. BGSU further maintains that, despite the

FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30  PM 3:03

Case No. 2020-00639JD                    -3-                               DECISION

COVID-19 pandemic, students at BGSU received access to education, the opportunity to earn credit for that education, and diplomas. BGSU maintains that determining what each student contracted for requires an individualized inquiry. BGSU reasons that, because there is no tuition distinction between in-person and online classes at BGSU, then there is no injury in fact. And, according to BGSU, governmental health orders prohibited provision of in-person learning and other on campus activities, thereby excusing the alleged contractual obligations of BGSU. And in BGSU's view, such governmental health orders justified the provision of remote learning. Additionally, BGSU maintains that Keba's proposed methodology for determining damages is flawed and unreliable because Keba's proposed methodology ignores the COVID-19 pandemic (which created a high risk of infection in public settings) and governmental health orders that essentially prohibited in-person university operations.

In reply, Keba contends that BGSU'S online classes do not defeat the element of predominance, that his theory of damages is not based on lost credit hours; that the doctrine of impossibility has no bearing on the issue of class certification, and that his methodology for determining damages is reliable. Keba maintains that the market price of tuition at BGSU was based, in part, on the ability of students to take in-person classes and an ability to access the BGSU campus. According to Keba, after March 13, 2020, students were not given the opportunity to take in-person classes and could not access the BGSU campus. Keba maintains that students who enrolled in online classes were still supposed to receive access to the BGSU campus and that they did not receive the benefit of their bargain.

### III.    The Court holds a hearing on Keba's motion for class certification.

On March 11, 2022, after Keba's Civ.R. 23 motion had been fully briefed, the Court held a hearing on Keba's Civ.R. 23 motion. Keba, through counsel, informed the Court that the definition of the proposed class should be amended because BGSU has refunded fees for housing, dining, and parking, but BGSU has not refunded a general



FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30  PM 3: 03

Case No. 2020-00639JD                    -4-                         DECISION

fee.  Keba, through counsel, urged that this case is similar to other cases against state universities for which the Court has granted motions for class certification.

BGSU, through counsel, advised the Court that an aviation fee and certain other miscellaneous fees have been refunded.  BGSU, through counsel, maintained that the proposed class should not be certified because Keba's proposed class is overbroad as proof of damages in a breach-of-contract action requires an individualized determination, which varies based on students' enrollment preferences and expectations.  Keba's counsel further maintained that most contract cases are not amenable to class certification because contract cases are dependent on the parties' bargain, the parties' expectations, and whether expectations have been met.  Keba's counsel also maintained that it was impossible for BGSU to provide in-person classes during portions of the COVID-19 pandemic due to state health orders.  And, according to BGSU, assuming for the sake of argument that it was possible for BGSU to perform its part of the parties' alleged contract, then BGSU substantially performed any contract because, during the COVID-19 pandemic, BGSU provided students with an opportunity to complete their academic studies on schedule, which, in turn, resulted in no injury to enrolled students affected by the COVID-19 pandemic.  BGSU also questioned the methodology proposed by Keba's expert witnesses.

In response, Keba, through counsel, noted that students at BGSU were still injured because students paid fees to access certain buildings at BGSU and these students were denied access.  Keba, through counsel, maintained that the issue of impossibility concerned an issue pertaining to the merits of the case.  And, according to Keba's counsel, BGSU's claim of impossibility as a defense is unavailing because BGSU could have delayed its performance to a time when BGSU could fully perform under the parties' contract.  Keba's counsel advised the Court that Keba's education has been delayed and that Keba has not graduated from BGSU yet.



FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30 PM 3: 03

Case No. 2020-00639JD                    -5-                              DECISION

At the conclusion of the hearing, the Court announced that class certification was warranted, but the Court asked the parties to file a proposed redefined class.

## IV.     The parties submit a proposed redefined class definition.

On March 17, 2022, in accordance with the Court's request, the parties jointly submitted the following amended class definition:

> All undergraduate students enrolled in classes at the Main Campus of Bowling Green State University during the Spring 2020 semester who paid tuition and/or fees who: (a) paid tuition and fees, but only to the extent they were not refunded; and (b) did not withdraw from classes before March 13, 2020.

In the joint submission, BGSU informed the Court that it "does not object to the amended class definition, but in so doing does not waive any of its objections previously stated in its class certification briefing and/or at the class certification hearing. Further, by not objecting to the amended class definition, [BGSU] is not waiving its right to appeal any class certification Order in this case. [BGSU] otherwise has no objection to Plaintiffs [sic] amended class definition in light of the Judge's determination that class certification is warranted."

## V.     The Court modifies the jointly proposed amended class definition.

Civ.R. 23 governs class actions in Ohio. Pursuant to Civ.R. 23(C)(1)(c), an order that grants or denies class certification "may be altered or amended before final judgment." As one federal district court sitting in Ohio has observed,

> District courts have the discretion and even the obligation "to reassess their class rulings as the case develops." *McNamara v. Felderhof*, 410 F.3d 277, 281 n.8 (5th Cir. 2005) (citing Fed. R. Civ. P. 23(c)(1)(C) and quoting *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2nd Cir.1999)). The Court's "discretion extends to defining the scope of the class."

FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30  PM 3: 03

Case No. 2020-00639JD                     -6-                                    DECISION

*Shapiro v. Midwest Rubber Reclaiming Co.*, 626 F.2d 63, 71 (8th Cir. 1980).  Thus, a class may be redefined or decertified entirely at any time prior to final judgment.  *See General Tel. Co. of SW v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) ("Even after a [class] certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation. '); *McNamara*, 410 F.3d at 280 n.8 ("a trial court overseeing a class action retains the ability to monitor the appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment") (quoting *In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1261 (10th Cir. 2004)). Indeed, "changes in proposed class definitions are commonplace in litigation under Rule 23." *Ammons v. La Z-Boy Inc.*, 2009 U.S. Dist. LEXIS 96963, 2009 WL 3460306 at *5 (D. Utah Oct. 20, 2009).

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litigation*, 302 F.R.D. 448, 459 (N.D.Ohio 2014).[1].

The Court finds that, for the sake of clarity, the parties' proposed amended class definition should be modified, as follows:

All undergraduate students enrolled in classes at the Main Campus of Bowling Green State University during the Spring 2020 semester who (a) paid tuition or fees, or both, but only to the extent that such tuition or fees, or both, were not refunded, and who (b) did not withdraw from classes before March 13, 2020.

For reasons discussed *infra*, the Court concludes that the proposed amended class definition, as modified by the Court, should be approved.

---

[1] The Ohio Supreme Court has determined that federal authority may aid Ohio courts in interpreting Civ.R. 23.  *See Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 14, quoting *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 201, 509 N.E.2d 1249 (1987).

FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30  PM 3: 03

Case No. 2020-00639JD                      -7-                            DECISION

## VI.    Law and Analysis

The relationship between a student and a university is contractual in nature.  The Ohio Supreme Court has remarked,

> Students evaluate and determine which university best meets their needs, and then pay a fee to attend that university.  The relationship formed under these conditions has previously been characterized as contractual.
>
> * * * The student pays a fee and agrees to abide by the university rules.  In exchange, the university provides the student with a worthwhile education.

*Hanson v. Kynast*, 24 Ohio St.3d 171, 174, 494 N.E.2d 1091 (1986).  *Accord Behrend v. State*, 55 Ohio App.2d 135, 139, 379 N.E.2d 617 (10th Dist.1977) ("[g]enerally it may be stated that when a student enrolls in a college or university, pays his or her tuition and fees, and attends such school, the resulting relationship may reasonably be construed as being contractual in nature").

Civ.R. 23(C)(1)(a) provides, "At an early practicable time after a person sues or is sued as a class representative, the court shall determine by order whether to certify the action as a class action."  The party who seeks to maintain a class action under Civ.R. 23 "'bears the burden of demonstrating by a preponderance of the evidence that the proposed class meets each of the requirements set forth in the rule.'" *Madyda v. Ohio Dept. of Pub. Safety*, 10th Dist. Franklin No. 20AP-217, 2021-Ohio-956, ¶ 12 (quoting *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 15), *appeal not accepted*, 163 Ohio St.3d 1505, 2021-Ohio-2401, 170 N.E.3d 904, *reconsideration denied*, 164 Ohio St.3d 1449, 2021-Ohio-3336, 173 NE.3d 1247.  A party who seeks to maintain a class action "satisfies its burden when it establishes that all the prerequisites of Civ.R. 23(A) are met and that at least one of the conditions of Civ.R. 23(B) exists." *Madyda* at ¶ 12.

A trial judge "has broad discretion in determining whether a class action may be maintained." *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987),

FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30 PM 3:03

Case No. 2020-00639JD                    -8-                              DECISION

syllabus.   The Ohio Supreme Court has cautioned, however, that the trial court's discretion in deciding whether to certify a class action "is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23." *Hamilton v. Ohio Savs. Bank*, 82 Ohio St.3d 67, 70, 694 N.E.2d 442 (1998).   The Ohio Supreme Court has further cautioned: "The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." *Hamilton* at 70.   The Ohio Supreme Court has stated, "In resolving a factual dispute when a requirement of Civ.R. 23 for class certification and a merit issue overlap, a trial court is permitted to examine the underlying merits of the claim as part of its rigorous analysis, but only to the extent necessary to determine whether the requirement of the rule is satisfied." *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, paragraph two of the syllabus, clarifying *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 466 N.E.2d 875 (1984).   *Accord Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 44 ("hold[ing] that at the certification stage in a class-action lawsuit, a trial court must undertake a rigorous analysis, which may include probing the underlying merits of the plaintiff's claim, but only for the purpose of determining whether the plaintiff has satisfied the prerequisites of Civ.R. 23").   In *Stammco*, 136 Ohio St.3d 231 at ¶ 33, the Ohio Supreme Court stated:

> [A] trial court's consideration of the underlying merits of a plaintiff's claim at the certification stage is not unfettered. "[T]he office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'" *Amgen v. Connecticut Retirement Plans & Trust Funds*, 568 U.S. ___, 133 S.Ct. 1184, 1191, 185 L.Ed.2d 308 (2013).   *Amgen* confirmed that the rigorous analysis at the certification stage "may 'entail some overlap with the merits of plaintiff's underlying claim'" but stated:



FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30  PM 3: 03

Case No. 2020-00639JD                    -9-                         DECISION

"Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage.  Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* at 1194-1195, quoting [*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011)].

And the Tenth District Court of Appeals has stated that, "although it is the preferred course, Civ.R. 23 does not mandate that the trial court make specific findings on each of the seven prerequisites for class certification, nor that it articulate its reasoning for such findings as part of its rigorous analysis." *Madyda v. Ohio Dept. of Pub. Safety*, 10th Dist. Franklin No. 20AP-217, 2021-Ohio-956, ¶ 10, citing *Hamilton* at 70-71.

The Ohio Supreme Court has enumerated requirements for maintaining a class action under Civ.R 23.  The Ohio Supreme Court has stated:

Civ.R. 23 provides seven requirements for maintaining a class action:

"(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met."

*Stammco, L.L.C. v. United Tel. Co. of Ohio*, 125 Ohio St.3d 91, 2010-Ohio-1042, 926 N.E.2d 292, at ¶ 6, quoting *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 71, 1998-Ohio-365, 694 N.E.2d 442 (1998), citing Civ.R. 23(A) and (B) and *Warner v. Waste Mgt.*, 36 Ohio St. 3d 91, 521 N.E.2d 1091 (1988).



FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30  PM 3: 03

Case No. 2020-00639JD                     -10-                                DECISION

*Cullen* at ¶ 12.[2]  *Accord Madyda* at ¶ 11.  *See* Civ.R. 23(A) (prerequisites) and (B) (types of class actions).[3]

The Ohio Supreme Court has stated that "any doubts about adequate representation, potential conflicts, or class affiliation should be resolved in favor of

---

[2] Some commentators have suggested that the Ohio Supreme Court may have crafted an eighth requirement: whether the definition of the class is too "broad." *Weissenberger's Ohio Civil Procedure Litigation Manual* 210 (2021 Ed.).  Adjunct Professor A.J. Stephani and Professor of Law Emeritus Glen Weisssenberger state, "Gently probing the facts of the case, the *Stammco* court [*Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d, 231, 2013-Ohio-3019, 994 N.E.2d 408] noted that the defendant had 'no records regarding which charges are authorized and which are not.... [and thus] [u]nauthorized third-party charges are better resolved on an individual basis with the third party or UTO [United Telephone Company of Ohio].' *Id.* at ¶ 65." Supreme Court may have crafted an eighth requirement: whether the definition of the class is too "broad." *Weissenberger's Ohio Civil Procedure Litigation Manual* at 210.

[3] Civ.R. 23 provides:
**(A)Prerequisites.**
One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
**(1)** the class is so numerous that joinder of all members is impracticable,
**(2)** there are questions of law or fact common to the class,
**(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class, and class.
**(4)** the representative parties will fairly and adequately protect the interests of the class.

**(B)Types of class actions.**
A class action may be maintained Civ.R. 23(A) is satisfied, and if:
**(1)** prosecuting separate actions by or against individual class members would create a risk of:
**(a)** inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
**(b)** adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; or
**(2)** the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
**(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
**(a)** the class members' interests in individually controlling the prosecution or defense of separate actions;
**(b)** the extent and nature of any litigation concerning the controversy already begun by or against class members;
**(c)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
**(d)** the likely difficulties in managing a class action.
* * *

FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30  PM 3: 03

Case No. 2020-00639JD                    -11-                                    DECISION

upholding the class, subject to the trial court's authority to amend or adjust its certification order as developing circumstances demand, including the augmentation or substitution of representative parties." *Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 487, 727 N.E.2d 1265 (2000). *See* Civ.R. 23(C)(1)(c) (altering or amending an order of class certification).

Upon consideration of the parties' briefings and arguments, and after undertaking a rigorous analysis, as required under Ohio law, the Court finds that the proposed amended class, as modified by the Court, is identifiable and unambiguous, *see State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 11 (stating that "no clear standard has evolved to determine the level of lucidity necessary for a writing to be unambiguous"), and that, if individual class members were to separately prosecute actions against BGSU, inconsistent or varying adjudications may establish incompatible standards for BGSU.

The Court also finds that, whether Keba, as well as those similarly situated, are entitled to remediation for payment of tuition or fees, or both presents questions of law or fact common to Keba, and those similarly situated. And the Court finds that questions of law or fact common to the putative class members predominate over any questions affecting only individual members. *See Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, ¶ 33 (plaintiffs in class-action suits "must demonstrate that they can prove, through common evidence, that all class members were in fact injured by the defendant's actions. * * * Although plaintiffs at the class-certification stage need not demonstrate through common evidence the precise amount of damages incurred by each class member, * * * they must adduce common evidence that shows all class members suffered *some* injury"); *Comcast Corp. v. Behrend*, 569 U.S. 27, 35, 133 S.Ct. 1426, 185 L.Ed.2d 515 (2013) (observing that, at the class-certification stage, any model supporting a plaintiff's damages case must be consistent with its liability case). *See generally* 5 Moore's Federal Practice – Civil,

FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30  PM 3: 03

Case No. 2020-00639JD                    -12-                         DECISION

Section 23.45[1] (2021) (absence of bright-line test for determining whether common questions of law or fact predominate).[4]  *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453-454, 136 S.Ct. 1036, 194 L.Ed.2d 124 (2016).[5]

The Court further finds that Keba's claims relative to remediation for payment of tuition or fees, or both, are typical of the claims of the proposed amended class, as redefined by the Court.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-350,

---

[4] Commentators have noted in 5 Moore's Federal Practice – Civil, Section 23.45[1] (2021):

There is no precise test for determining whether common questions of law or fact predominate, however. Instead, the Rule requires a pragmatic assessment of the entire action and all the issues involved. In making that assessment, courts have enunciated a number of standards, finding predominance if:

- The plaintiff can establish that resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and that these particular issues are more substantial than the issues subject to individualized proof.
- The substantive elements of class members' claims require the same proof for each class member.
- The proposed class is bound together by a mutual interest in resolving common questions more than it is divided by individual interests.
- The resolution of an issue common to the class would significantly advance the litigation.
- One or more common issues constitute significant parts of each class member's individual cases.
- The common questions are central to all of the members' claims.
- The same theory of liability is asserted by or against all class members, and all defendants raise the same basic defenses.
- It is more efficient, in terms both of economy of judicial resources and of the expense of litigation to the parties, to decide some issues on a class basis, rather than decide all issues in separate trials.

(Footnotes omitted.)

[5] In *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453-454, 136 S.Ct. 1036, 194 L.Ed.2d 124 (2016), the United States Supreme Court stated,

The predominance inquiry "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." [2 W. Rubenstein, Newberg on Class Actions., §4:49, pp. 195-196. (5th Ed. 2012)]. When "one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." 7AA C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §1778, pp. 123-124 (3d ed. 2005) (footnotes omitted).



FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30  PM 3: 03

Case No. 2020-00639JD                    -13-                    DECISION

131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), quoting *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) ("[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury'").

The Court also finds that the particular context of this case demonstrates that a class is superior to joinder, given the number of undergraduate students at BGSU's main campus who may have paid fees or tuition, or both, for the Spring 2020 semester, and who have not been refunded tuition or fees, or both, on a pro rata basis.  Factors of geographic dispersion of students who attended the Spring 2020 semester at BGSU's main campus, potential requests for relief from other students who attended the Spring 2020 semester at BGSU's main campus, as well as judicial economy, favor certification of a class rather than joinder.  *See Pennsylvania Pub. School Emp. Retirement Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir.2014) ("[n]umerosity is presumed for classes larger than forty members* * *  However, the numerosity inquiry is not strictly mathematical but must take into account the context of the particular case, in particular whether a class is superior to joinder based on other relevant factors including: (i) judicial economy, (ii) geographic dispersion, (iii) the financial resources of class members, (iv) their ability to sue separately, and (v) requests for injunctive relief that would involve future class members").

The Court further finds that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy presented by Keba, especially given a requirement and desirability that litigation of the presented claims should be litigated in this forum.  *See* Civ.R. 23(B)(3); R.C. 2743.03(A)(1) (providing that the Ohio Court of Claims "has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in [R.C. 2743.02] and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims").

FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30  PM 3: 03

Case No. 2020-00639JD                    -14-                              DECISION

The Court also finds that Keba, as the named representative, is a member of the proposed redefined class.  And the Court finds that it has no reason to doubt that Keba will fairly and adequately protect the interests of the proposed class.

In sum, the Court determines that Keba has satisfied requirements for class certification by a preponderance of the evidence.  A class action would achieve economies of time, expense and effort, as well as promote a uniformity of decisions relative to similarly situated persons.

### VII.  Keba should inform the Court of a preference, if any, for appointment of class counsel.

The Court advises Keba that it intends to limit the potential award of attorney fees to one set of class counsel.  A review of this case's docket shows that Keba presently is represented by two attorneys—Ohio attorney Scott D. Simpkins (0066775) and Joshua Arisohn (pro hac vice) (PHV 22138 – 2022).  The Court asks Keba to inform the Court whether he has a preference concerning the appointment of class counsel and, if so, whom he prefers to be appointed class counsel with reasons therefor, and to provide any supporting evidence regarding the adequacy of proposed class counsel. *See generally In re NHL Players' Concussion Injury Litigation*, D.Minn. No. 14-2551 (SRN/BRT), 2017 U.S. Dist. LEXIS 115159, at *5 (July 24, 2017) (courts possess administrative and procedural authority over the course of class action proceedings under Fed.R.Civ.P. 23(d)(1)(A) and 23(d)(1)(E) and inherent authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases).

The Court advises Keba that, pursuant to Civ.R. 23(F)(2), this Court may appoint an applicant as class counsel "only if the applicant is adequate under Civ.R. 23(F)(1) and (4)" and, if more than one adequate applicant seeks appointment, then this Court is required to "appoint the applicant best able to represent the interests of the class." *See*



FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30 PM 3: 03

Case No. 2020-00639JD                    -15-                              DECISION

Civ.R. 23(F)(1) and (4).[6]  The Court also advises Keba that Rule 12 of The Supreme Court of Ohio's Rules For The Government Of The Bar of Ohio imposes limits on the number of proceedings in which an attorney who has been granted permission to appear pro hac vice may appear.  *See* Gov.Bar.R. XII, Section 2(A)(6).[7]  Attorney Joshua Arisohn (pro hac vice) (PHV 22138 – 2022) who has been granted permission to appear pro hac vice in this matter on behalf of Keba or, an out-of-state attorney who may seek permission to appear pro hac vice in this matter on behalf of Keba and the

---

[6] Civ.R. 23(F)(1) provides:

A court that certifies a class shall appoint class counsel. In appointing class counsel, the court:

(a) shall consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;
(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources that counsel will commit to representing the class;

(b) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

(c) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;

(d) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Civ.R. 23(G); and

(e) may make further orders in connection with the appointment.

Civ.R. 23(F)(4) provides: "Class counsel shall fairly and adequately represent the interests of the class."

[7] Section 2(A)(6) of Gov.Bar.R. XII provides:

An attorney who has been granted permission to appear pro hac vice may participate in no more than three proceedings under this rule in the same calendar year the application is filed. In the event a proceeding continues to the next or subsequent calendar years, the proceeding will not count toward the annual limitation. An appeal from a trial court or court of appeals, an appeal of an administrative agency order or ruling, a transfer of an action to a court of competent jurisdiction, or the consolidation of two or more cases, where the attorney participated in the initial proceeding, shall not be counted toward the annual limitation. Participation for the first time by an attorney at any stage during a proceeding shall count toward the annual limitation.

FILED
COURT OF CLAIMS
OF OHIO

2022 MAR 30 PM 3: 03

Case No. 2020-00639JD                -16-                              DECISION

class, therefore may be subject to certain requirements under Gov.Bar.R. XII that may or, may not, affect such attorney's eligibility to serve as class counsel in this matter.

## VIII.   Conclusion

The Court holds that the parties' proposed amended class, as modified by the Court, satisfies requirements for class certification by a preponderance of the evidence.


DALE A. CRAWFORD
Judge

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| LAWRENCE KEBA, Indv. | Case No. 2020-00639JD |
| Plaintiff | Judge Dale A. Crawford |
| v. | JUDGMENT ENTRY |
| BOWLING GREEN STATE UNIVERSITY | |
| Defendant | |

2022 MAR 30  PM 3: 03
FILED
COURT OF CLAIMS
OF OHIO

For reasons set forth in the Decision filed concurrently herewith, the Court holds that the parties' proposed amended class, as modified by the Court, satisfies requirements for class certification by a preponderance of the evidence.

On or before *April 8, 2022,* Plaintiff Lawrence Keba may inform the Court whether he has a preference concerning the appointment of class counsel and, if so, whom he prefers to be appointed class counsel with reasons therefor, and any supporting evidence regarding the adequacy of proposed class counsel.

_____
DALE A. CRAWFORD
Judge

cc:

Jared J Lefevre
Nicholas W. Bartlett
Stephen E Chappelear
100 East Broad Street, Suite 2100
Columbus, OH  43215

Scott D Simpkins
55 Public Square, Suite 1950
Cleveland, OH  44113


JOURNALIZED

Case No. 2020-00639JD                    -2-                    JUDGMENT ENTRY

Josh Arisohn
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY  10019

009

FILED
COURT OF CLAIMS
OF OHIO
2022 MAR 30  PM 3: 03

JOURNALIZED