# EXHIBIT 30

(*Morgan McDermott v. The Ohio State University*
Ohio Ct. Cl. Case No. 2020-006286JD, Dec. 27, 2021 Decision)

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| MORGAN MCDERMOTT | Case No. 2020-00286JD |
| Plaintiff | Judge Dale A. Crawford |
| v. | <u>DECISION</u> |
| THE OHIO STATE UNIVERSITY | |
| Defendant | |

2021 DEC 27 PM 3: 50
FILED
COURT OF CLAIMS
OF OHIO

This matter is before the Court on Plaintiff's motion for class certification. Plaintiff Morgan McDermott was a dental student at Defendant The Ohio State University (Defendant or OSU) during the Spring 2020 and Summer 2020 semesters. She seeks to represent a class of OSU students who paid the student union fee for the Spring 2020 semester and a subclass of dental students who paid the clinical Education Support Fee[1] for the Spring 2020 or Summer 2020 semesters. Plaintiff asserts that OSU breached an implied contract with her, the class, and the subclass when it closed the student union building and the dental clinic in March 2020 in response to the Novel Coronavirus Disease 2019 (COVID-19) and did not refund a prorated amount of either fee. On November 19, 2021, the Court conducted a hearing on Plaintiff's Civ.R. 23 motion.

The Ohio Supreme Court, in its seminal class action case, *Cullen v. State Farm Mut. Auto. Ins. Co.*, held:

> A trial court must conduct a rigorous analysis when determining whether to certify a class pursuant to Civ.R. 23 and may grant certification only after finding that all of the requirements of the rule are satisfied; the analysis requires the court to resolve factual disputes relative to each

---

[1] The parties have referred to this fee by several different names. Dr. Darryl Hamamoto, an associate dean and professor at Defendant's College of Dentistry, referred to the fee by this name.



FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 27 PM 3:50

Case No. 2020-00286JD                    -2-                                 DECISION

requirement and to find, based upon those determinations, other relevant facts, and the applicable legal standard, that the requirement is met.

137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, paragraph one of the syllabus. The party seeking class certification must demonstrate by a preponderance of the evidence that the proposed class meets each of the requirements of Civ.R. 23. *Id.*, at paragraph three of the syllabus. Upon review of the evidence and applicable law, the Court finds that class certification is appropriate.

**Factual Background**

On March 16, 2020, OSU closed its Columbus campus in response to the COVID-19 pandemic. As a result of the closure, students were no longer able to access the student union building or the dental clinic. OSU refunded a prorated portion of some fees when it closed the campus, such as room and board and the recreational fee, but did not refund any of the student union facility fee or the clinical Educational Support Fee for the Spring 2020 semester. (Motion, Ex. C, OSU_McDermott_00000582.) However, when the campus remained closed for the Summer 2020 term, OSU did not charge a student union facility fee for that term. (Motion, Ex. C, OSU_MCDermott_00000603.)

Plaintiff alleges that OSU should have refunded a prorated amount of the student union fee paid by all Columbus-campus students when OSU closed the campus, including the student union. Likewise, Plaintiff argues that OSU should have refunded a prorated amount of the clinical Education Support Fee that the dental students paid when OSU closed its campus because the dental students were no longer permitted to access the dental clinic.

**Proposed Class and Subclass**

Plaintiff moves the Court to certify a class and a subclass. Plaintiff defines the class as "all students enrolled in graduate or undergraduate academic courses at the



FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 27 PM 3:50

Case No. 2020-00286JD                    -3-                           DECISION

Columbus, Ohio campus of Ohio State University (OSU) for the Spring 2020 semester and who paid OSU's Student Union Facility Fee for that semester." Plaintiff defines the subclass as "all students enrolled in OSU College of Dentistry DDS courses for the Spring 2020 and/or Summer 2020 semesters and who paid OSU's Dental Clinic Support Fee for one or both semesters."

**Requirements for Class Certification**

Rule 23 of the Ohio Rules of Civil Procedure governs class actions in Ohio. *See* Civ.R. 23.[2] A trial judge "has broad discretion in determining whether a class action may be maintained." *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987), syllabus. The Ohio Supreme Court has cautioned, however, that the trial court's discretion in deciding whether to certify a class action "is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23." *Hamilton v. Ohio Savs. Bank*, 82 Ohio St.3d 67, 70, 694 N.E.2d 442 (1998). The Ohio Supreme Court has further cautioned: "The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." *Hamilton* at 70.

The United States Supreme Court too has emphasized that courts should engage in rigorous analysis in determining whether a proposed class should be certified in class action case. In *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34, 133 S.Ct. 1426, 185 L.Ed.2d 515 (2013), the Court stated:

Repeatedly, we have emphasized that it "'may be necessary for the court
to probe behind the pleadings before coming to rest on the certification
question,' and that certification is proper only if 'the trial court is satisfied,

---

[2] The Ohio Supreme Court has determined that federal authority may aid Ohio courts in interpreting Civ.R. 23. *See Cullen* at ¶ 14, quoting *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 201, 31 Ohio B. 398, 509 N.E.2d 1249 (1987) ("[b]ecause Civ.R. 23 is virtually identical to Fed.R.Civ.P. 23, we have recognized that 'federal authority is an appropriate aid to interpretation of the Ohio rule'").



FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 27  PM 3: 50

Case No. 2020-00286JD                    -4-                         DECISION

after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Id. at 350-351* (quoting *General Telephone Co. of Southwest* v. *Falcon*, 457 U.S. 147, 160-161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)). Such an analysis will frequently entail "overlap with the merits of the plaintiff's underlying claim." 564 U.S., at 351, 131 S. Ct. 2541, 180 L. Ed. 2d 374. That is so because the "'class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Ibid.* (quoting *Falcon, supra*, at 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740).

A party seeking class certification must meet the following requirements before the action may be maintained as a class pursuant to Civ.R. 23:

(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met.

*Cullen*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, at ¶ 11 (citations omitted).

**Identifiable Class**

"An identifiable class must exist before certification is permissible. The definition of the class must be unambiguous." *Warner v. Waste Mgt.*, 36 Ohio St.3d 91, 521 N.E.2d 1091 (1988), paragraph two of the syllabus. "[T]he requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular



FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 27  PM 3: 50

Case No. 2020-00286JD                          -5-                                    DECISION

individual is a member."  *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 71-72, 69 N.E.2d 442 (1998) (citations omitted).  The class definition "must be precise enough 'to permit identification within a reasonable effort.'"  *Id.* at 72, quoting *Warner* at 96.

According to Plaintiff, OSU has been able to use the class and subclass definitions to generate lists of the students who compose the class and subclass. Plaintiff asserts that the class and subclass are therefore sufficiently defined.

Defendant argues that Plaintiff's proposed class and subclass are overbroad because they contain a large number of members who were not injured by Plaintiff's actions.  Because the classes are overbroad, Defendant reasons, they are ambiguous and indefinite.  Defendant does not deny that all members of the proposed class and subclass paid the student union facility fee and the clinical Education Support Fee, respectively.  Instead, Defendant argues that not all of the proposed class was harmed because the proposed class members used the student union building to different extents, with some students not using the facility at all.  Defendant further argues that the students did not pay the student union fee in order to access the student union building.  Rather, Defendant asserts, the student union fee is "exclusively used to pay a portion of the debt service financing costs OSU took on to build and maintain the Student Union."  On the Fees Explanation page of OSU's website, the student union fee is described:  "The student fee helps fund the Ohio Union facility, student organization and student meeting space, and cutting-edge venues that support student programing." (Motion, Exhibit C, OSU_McDermott_00000601.)

Defendant also argues that not all of the subclass members were injured because some of the dental students were able to complete portions of the pre-clinic or clinic requirements prior to the closure of the clinic facilities, some of the dental students "successfully worked around the closings respecting other requirements at different paces and to different extents," and most students satisfied the requirements to graduate on schedule.  Further, Defendant argues that the subclass is overbroad



FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 27 PM 3:50

Case No. 2020-00286JD                        -6-                                    DECISION

because the first- and second-year dental students do not work on patients in the clinic, and thus were not harmed by its closing.

In reply, Plaintiff asserts that the class and subclass paid the respective fees in exchange for access to the respective facilities.  Therefore, Plaintiff argues, all of the class and subclass members were harmed because—whether they would have used the respective facilities or not—the closure of the facilities denied them the opportunity to access them, i.e., the benefit for which they contracted.

In support of its argument, Defendant cites *Stammco* for the proposition that if "a class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit certification." *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 53, citing *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 824 (7th Cir.2012).  In that case, some of the putative class members may not have been harmed because they may have authorized the allegedly improper charges on their accounts.  That case was thus unsuitable for a class action because the court would have to determine, on an individual basis, whether each putative class member authorized the charges.

However, *Stammco* does not apply here.  In this case, Defendant was easily able to verify which students paid the student union facility fee or the clinical Education Support Fee.  Indeed, Defendant has used the proposed class definitions to produce lists of students for the class and the subclass.  Furthermore, the Court agrees with Plaintiff that the payment of the student union facility fee was not dependent on the extent to which each student in the class used the building—all students were charged the same fees.  Defendant's argument that the fee was in order to support the debt on the building instead of being an access fee speaks to the merits of the argument, and the merits will be the same for each class member.



FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 27  PM 3: 50

Case No. 2020-00286JD                        -7-                        DECISION

Regarding the dental student subclass, while Defendant argues that first- and second-year dental students were not harmed because they "do not work on patients in the Clinic[,]" Defendant's own administrator stated in his affidavit that first- and second-year students use the "Pre-Clinic" and the clinic.   (Hamamato Affidavit, ¶ 4-5.) Therefore, the Court finds that the proposed class and subclass are not overbroad, but rather are identifiable and unambiguous.

## Class Representative and Membership

In order to establish class membership, it is necessary to demonstrate that "the representative[s] have proper standing. In order to have standing to sue as a class representative, the plaintiff must possess the same interest and suffer the same injury shared by all members of the class that he or she seeks to represent." *Hamilton*, 82 Ohio St.3d at 74, 694 N.E.2d 442.  Defendant does not explicitly challenge McDermott's membership in the class and subclass.  To the extent that Defendant challenges that McDermott is entitled to relief—via its arguments that McDermott did not pay for access to the student union building and that she successfully graduated with her DDS degree—Defendant makes the same arguments regarding the other members of the class and subclass.    Indeed, Defendant says that she "is a prime example." (Memorandum in Opposition, p. 8.)  The Court finds that McDermott is a member of the class and subclass as defined above.

## Numerosity

The Court notes that the parties do not dispute that this requirement has been met under Civ.R. 23.  The evidence before the Court reveals that over 54,000 students were charged the student union facility fee for the Spring 2020 semester.  (Devine Aff., ¶ 9.)  And the evidence indicates that there were hundreds of dental students who were charged the clinical Education Support Fee.  (Hamamato Aff., ¶ 24-25.)   Given the



FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 27  PM 3: 50

Case No. 2020-00286JD                    -8-                              DECISION

number of class and subclass members, the Court finds that joinder is impractical. Therefore, the numerosity requirement has been established.

**Commonality**

Pursuant to Civ.R. 23(A)(2), there must be the presence of "questions of law or fact common to the class." Courts have generally given a permissive application to this requirement. *Warner*, 36 Ohio St.3d at paragraph three of the syllabus, 521 N.E.2d 1091. It requires a "common nucleus of operative facts." *Id.* However, "it is not necessary that all the questions of law or fact raised in the dispute be common to all the parties." *Hamilton* at 77.

Plaintiff asserts that there are common questions as to "(1) whether an implied contract exists between OSU and Plaintiff (and the members of the Class and SubClass) obligating OSU to provide the services for which the fees at issue were charged for the entire semester; (2) whether OSU breached those contracts by failing to provide services for the full semester; and (3) whether retention of the funds collected by students for the services it took away is unjust." (Motion, p. 9.)

Defendant, however, argues that Plaintiff is required to demonstrate that the class and subclass members have suffered the same injury. According to Defendant, Plaintiff has failed to identify how its proposed common questions generate common answers. Defendant cites *Wal-Mart Stores* for the proposition that common questions do not matter if the questions do not "generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349, 131 S.Ct. 2541 (2011). Defendant specifically delineates that the issue of whether Plaintiff or any of the class or subclass members has been injured is a question that lacks a common answer.

The Court already addressed Defendant's argument that the class and subclass members did not suffer the same injury—if any injury—when Defendant closed the student union building and the dental clinic, respectively. For the same reasons given



FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 27  PM 3: 50

Case No. 2020-00286JD                    -9-                              DECISION

above in the analysis of whether the class and subclass are identifiable, the Court is unpersuaded by the argument here.  Instead, the Court finds that there are common questions of law and fact.  Therefore, this requirement has been met.

**Typicality**

"Under Civ.R. 23(A)(3), the claims or defenses of the representative parties must be typical of the claims or defenses of the class.  The typicality requirement has been found to be satisfied where there is no express conflict between the representatives and the class." *Warner*, 36 Ohio St.3d at 97-98, 512 N.E.2d 442.

> [A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.  When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims.

*Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 485, 727 N.E.2d 1265 (2000).

Plaintiff McDermott received a $4,000 scholarship from the College of Dentistry. (Hamamato Affidavit, p. 12.)  She fulfilled all of her graduation requirements and graduated on May 9, 2021.  (Hamamato Affidavit, p. 12.)

Plaintiff asserts that her claims are typical to the claims of the class and the subclass because she paid the same fees, the fees were not refunded, and Defendant made the decision to not refund the fees as to all students, without regard to any individual considerations.

Defendant argues that Plaintiff's claims are not typical of the class and subclass because "it appears that Plaintiff herself has suffered no injury for the reasons stated *supra*." (Memorandum in Opposition, p. 15.)  For the same reasons as stated above,

FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 27 PM 3: 50

Case No. 2020-00286JD                    -10-                         DECISION

the Court finds Defendant's argument that Plaintiff or other class or subclass members have not suffered an actual injury to be unpersuasive at this stage of the litigation. Therefore, this requirement has been satisfied.

**Fair and Adequate Representation**

Adequate representation requires the Court to examine: (1) the adequacy of the representative class members themselves; and (2) the adequacy of counsel for the representative class members. *Warner* at 98. "A representative is deemed adequate so long as his interest is not antagonistic to that of other class members." *Marks v. C.P. Chemical Co., Inc.*, 31 Ohio St.3d 200, 203, 509 N.E.2d 1249 (1987), quoting 3B Moore's Federal Practice (1987) 23-188, paragraph 23.07[1]. Regarding the adequacy of counsel requirement,

> [t]he issue of whether counsel is competent to handle the action can be the most difficult in the Rule 23 analysis. The fact that an attorney has been admitted to practice does not end the judicial inquiry. An attorney should be experienced in handling litigation of the type involved in the case before class certification is allowed. Close scrutiny should be given to the attorney's qualifications to handle the matter with which he is entrusted.

*Warner,* 36 Ohio St.3d at 98, 521 N.E.2d 1091.

Defendant contests the adequacy of McDermott to serve as class representative by again asserting that her lack of injury prevents her from being an adequate class representative. Defendant does not contest the adequacy of Plaintiff's counsel to serve as class counsel.

For the same reasons stated above, the Court is unpersuaded by Defendant's argument that McDermott has not suffered an injury. Furthermore, there is no evidence that McDermott's interests are antagonistic to other class or subclass members' interests.   The Court therefore finds that McDermott is an adequate class



FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 27 PM 3: 50

Case No. 2020-00286JD                    -11-                    DECISION

representative. Regarding class counsel, upon review of Exhibits B and E—and in the absence of an argument from Defendant that Plaintiff's counsel are not adequate—the Court finds that Drew Legando, Jeffrey Klafter, Seth Lesser, and Amir Alimehri are adequate class counsel.

**Predominance and Superiority**

In order for a class to be certified, it must meet one of the Civ.R. 23(B) requirements. Plaintiff seeks class certification under Civ.R. 23(B)(3). Civ.R. 23(B)(3) requires the trial court to make the following findings:

> [F]irst, "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and, second, "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." This inquiry requires a court to balance questions common among class members with any dissimilarities between them, and if the court is satisfied that common questions predominate, it then should "consider whether any alternative methods exist for resolving the controversy and whether the class action method is in fact superior."

*Cullen,* 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, at ¶ 29, citing *Ealy v. Pinkerton Govt. Servs., Inc.,* 514 Fed. Appx. 299 (4th Cir. 2013). "The purpose of Civ.R. 23(B)(3) was to bring within the fold of maintainable class actions cases in which the efficiency and economy of common adjudication outweigh the interests of individual autonomy." *Hamilton*, 82 Ohio St.3d at 80, 69 N.E.2d 442.

Plaintiff asserts that "the issues of whether OSU charged its students to provide the services for which it imposed the fees at issue and whether OSU breached that contract are the overarching common issues in this case. There are simply no individual issues which would impact resolution of those common issues." (Motion, p. 12.)



FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 27 PM 3: 50

Case No. 2020-00286JD                    -12-                         DECISION

In addition to reiterating previous arguments, Defendant argues that individual issues predominate over common issues because the over 45,000 students received different amounts of student aid—so they paid different amounts in tuition and fees. (Memorandum in Opposition, p. 10.)  Defendant further argues that the Court would have to inquire into the facts and circumstances of each class and subclass member in order to assess the terms of any implied contracts between the class or subclass member and Defendant.

However, the issue of damages for each individual class member need not be addressed at the class certification stage; the question before the Court is rather whether common issues of law or fact predominate.  *See Behrend*, 569 U.S. at 35 ("calculations need not be exact, but at the class-certification stage (as at trial), any model supporting a plaintiff's damages case must be consistent with its liability case); *see also Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, ¶ 33 (plaintiffs in class-action suits "must demonstrate that they can prove, through common evidence, that all class members were in fact injured by the defendant's actions. * * * Although plaintiffs at the class-certification stage need not demonstrate through common evidence the precise amount of damages incurred by each class member, * * * they must adduce common evidence that shows all class members suffered *some* injury").

Furthermore, the terms of an implied contract are based on the parties' external conduct, not on their innermost thoughts as they perform the actions forming the contract.  *See Hercules Inc. v. United States*, 516 U.S. 417, 424, 116 S.Ct. 981 (1996) ("An agreement implied in fact is founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from the conduct of the parties showing, in light of the surrounding circumstances, their tacit understanding.").  For each class or subclass member, the material circumstances underlying the alleged implied contract will be the same.  The university advertised the existence of the student

FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 27 PM 3: 50

Case No. 2020-00286JD                    -13-                    DECISION

union building and dental clinic and charged each member of the class and the subclass the student union fee and the clinical Education Support Fee, respectively, and each member of the class and the subclass paid the student union fee and the clinical Education Support Fee, respectively. It does not matter what each individual student was thinking when they paid either fee. The Court thus concludes that common issues of law or fact predominate. *See Cross v. Univ. of Toledo*, Ct. of Cl. No. 2020-00274JD, 2021 Ohio Misc. LEXIS 43 (April 26, 2021); *see also Weiman v. Miami Univ.*, Ct. of Cl. Nos. 2020-00614JD and 2020-00644JD (Dec. 13, 2021).

The Court further finds that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy presented by Plaintiff, especially given a requirement and desirability that litigation of the presented claims should be litigated in this forum. *See* Civ.R. 23(B)(3); *see also* R.C. 2743.03(A)(1) (providing that the Ohio Court of Claims "has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in [R.C. 2743.02] and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims").

**Conclusion**

For the reasons discussed above, the Court concludes that Plaintiff's motion for class certification will be granted.

_____
DALE A. CRAWFORD
Judge

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| MORGAN MCDERMOTT | Case No. 2020-00286JD |
| Plaintiff | Judge Dale A. Crawford |
| v. | <u>JUDGMENT ENTRY</u> |
| THE OHIO STATE UNIVERSITY | |
| Defendant | |

2021 DEC 27  PM 3: 50
FILED
COURT OF CLAIMS
OF OHIO

For the reasons set forth in the decision filed concurrently herewith, the Court GRANTS Plaintiff's motion for class certification.   The Court hereby certifies the following classes:

<u>Class</u>:  All students enrolled in graduate or undergraduate academic courses at the Columbus, Ohio campus of Ohio State University (OSU) for the Spring 2020 semester and who paid OSU's Student Union Facility Fee for that semester.

<u>Subclass</u>:  All students enrolled in OSU College of Dentistry DDS courses for the Spring 2020 and/or Summer 2020 semesters and who paid OSU's clinical Education Support Fee for one or both semesters.

Pursuant to Civ.R. 23(C)(1)(c), this Court may alter or amend the class certifications before final judgment.

The Court appoints the following attorneys as class counsel:  Drew Legando (0084209), Jeffrey Klafter (admitted pro hac vice), Seth Lesser (admitted pro hac vice), Amir Alimehri (admitted pro hac vice).

_____
DALE A. CRAWFORD
Judge

JOURNALIZED

Case No. 2020-00286JD                    -2-                    JUDGMENT ENTRY

cc:

Drew Legando                          Amir Alimehri
Tom Merriman                          Jeffrey A Klafter
Edward S Jerse                        Seth R Lesser
1360 West 9th Street, Suite 200       2 International Drive, Suite 350
Cleveland, OH  44113                  Rye Brook, NY  10573

John Ryan Gall
Aneca Elizabeth Lasley
E Joseph DAndrea II
2000 Huntington Center
41 South High Street
Columbus, OH  43215-6106

012

FILED
COURT OF CLAIMS
OF OHIO
2021 DEC 27  PM 3: 50

JOURNALIZED