# EXHIBIT 27

## Declaration of Nick Quattrociocchi

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

NICHOLAS BERGERON and NICK
QUATTROCIOCCHI, individually and on
behalf of others similarly situated,

                Plaintiffs,

v.

ROCHESTER INSTITUTE OF
TECHNOLOGY,

                Defendants.

Case No. 6:20-cv-06283

## <u>DECLARATION OF NICK QUATTROCIOCCHI</u>

I, NICK QUATTROCIOCCHI, make this Declaration pursuant to 28 U.S.C. § 1746:

1.     This Declaration is based on my personal knowledge, unless otherwise noted, and, if called upon to testify to the matters stated herein, I could and would competently do so. This declaration is submitted in support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment.

2.     I am a named Plaintiff in this action, and I currently reside in, and am a citizen of Quincy, Massachusetts.

3.     In or around November of 2014 and July 2018, I applied to Rochester Institute of Technology's campus-based program so that I could potentially become an enrolled student at their main campus located at 1 Lomb Memorial Drive, Rochester, NY 14623. I did not apply to RIT Online program.

4.     At the time I applied, I expected to receive campus-based educational services, including access to campus, its technologies, labs, libraries, in-person instruction, and in-person

opportunities. The same types of campus-based in-person services were conveyed to me through numerous documents and materials I saw during the application process.

5. In or around August of 2018, I was accepted to RIT's campus-based program as an undergraduate.

6. Shortly thereafter, I accepted admission at RIT's campus-based program on its main campus and became an enrolled student. I did not accept admission to RIT Online, even though I later came to understand there was a "reduced tuition rate" for RIT Online.

7. Between acceptance and leading up to the Spring 2020 semester, I continued to receive official documents and materials from RIT that conveyed an expectation that I would receive in-person, on-campus educational services – just as they conveyed the same to me during the application process. At no point during this period of time, did I agree to become an RIT Online enrolled student.

8. I was an undergraduate student at RIT during the Spring 2020 semester.

9. During the Fall 2019 semester, I registered for classes for the Spring 2020 semester. I selected to take all of my classes in-person.

10. Prior to the semester I paid the Spring 2020 semester tuition and fees to RIT. For the Spring 2020 semester, I paid $323 in fees and $18,726.00 in tuition.

11. Based on everything I saw, heard, read, and received from RIT between application to payment, I expected to receive in-person and on-campus educational services. RIT conveyed over and over that its services, events, instruction, and student opportunities would be available on the main campus, including access to it.

12. Access to campus and in-person services were fundamental to my agreement with the University from application through acceptance, enrollment, registration, and payment.

13.     By paying tuition and fees, I reasonably expected that I would have access to RIT's campus, facilities and services for the entire semester.

14.     Prior to the Spring 2020 semester, all of my courses that I was enrolled in at RIT were taught in person, except for COMM 253 which I took in my first semester at RIT in 2018-2019 Fall.

15.     I had enrolled at RIT with the understanding that all of my courses would be taught in person and on RIT's campus. I understood and expected that by paying tuition and fees, in exchange, RIT would provide me with an in-person education and access to on-campus services, facilities, and amenities – like labs, libraries, technologies, and other campus-based services.

16.     When I reviewed class options on Student Information System (SIS) registration portal for the Spring 2020 semester, each class was listed by description, meeting time, and physical classroom location.

17.     During the 2019 and some of the 2020 semester, I had access to campus facilities, services, and amenities provided by RIT.

18.     Starting on approximately March 15, 2020, all of my educational services at RIT were switched to an online only format, access to campus was denied, campus-based services were closed, and students were directed to not return to campus to receive in-person educational instruction or access to on-campus services.

19.     RIT's transition to remote classes continued for the remainder of the Spring 2020 semester.

20.     For the remainder of the Spring 2020 semester, I did not have access to RIT's campuses, facilities and services that I had expected to receive in exchange for paying tuition and fees.

21. Even though I received online only instruction like that offered via RIT Online, I did not receive a reduced tuition rate after RIT transitioned to online classes.

22. I believe it is unjust for Defendant to promise in-person, on-campus educational services and convey the same through dozens, if not hundreds, of images, pictures, and other references to campus and its services, but then deliver a materially different product.

23. From everything I saw and heard through application, admission, acceptance, registration, enrollment, and payment, I understood that RIT intended to provide me and fellow RIT students at their main campus with in-person, on-campus educational services.

24. I understand that they may not have been able to provide those services because of COVID. But I also believe it is important for them to keep money that I paid for those services when they were not able to deliver what I expected to receive and what they expected to provide.

25. I understand that RIT Online offers a reduced tuition rate for the same degrees, the same instruction, and the same faculty. So I'm not sure why RIT was allowed to provide me with an online only product and keep the tuition and fees I paid for their campus-based product.

26. I support the claims asserted in this action and support this matter becoming a class action so that other students can seek the same recovery.

I declare under penalty of perjury under the laws of the United States and New York that the foregoing is true and correct.

Date: October 27, 2022
Rochester, New York

Nick Quattrociocchi (Oct 28, 2022 10:30 EDT)

NICK QUATTROCIOCCHI