# EXHIBIT 28

**Declaration of Nicholas Bergeron**

NICHOLAS BERGERON and NICK QUATTROCIOCCHI, individually and on behalf of others similarly situated,

                Plaintiffs,

v.

ROCHESTER INSTITUTE OF TECHNOLOGY,

                Defendants.

Case No. 6:20-cv-06283

## DECLARATION OF NICHOLAS BERGERON

I, Nicholas Bergeron, make this Declaration pursuant to 28 U.S.C. § 1746:

1. This Declaration is based on my personal knowledge, unless otherwise noted, and, if called upon to testify to the matters stated herein, I could and would competently do so. This declaration is submitted in support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment.

2. I am a named Plaintiff in this action. I currently reside in, and am a citizen of Quincy, Massachusetts.

3. In January of 2015, I applied to Rochester Institute of Technology's campus-based program so that I could potentially become an enrolled student at their main campus located at 1 Lomb Memorial Drive, Rochester, NY 14623. I did not apply to RIT Online program.

4. At the time I applied, I expected to receive campus-based educational services, including access to campus, its technologies, labs, libraries, in-person instruction, and in-person opportunities. The same types of campus-based in-person services were conveyed to me through numerous documents and materials I saw during the application process.

5. In or around February of 2015, I was accepted to RIT's campus-based program as an undergraduate.

6. Shortly thereafter, I accepted admission at RIT's campus-based program on its main campus and became an enrolled student. I did not accept admission to RIT Online, even though I later came to understand there was a "reduced tuition rate" for RIT Online.

7. I was an undergraduate student at Defendant Rochester Institute of Technology during the Spring 2020 semester.

8. Between acceptance and leading up to the Spring 2020 semester, I continued to receive official documents and materials from RIT that conveyed an expectation that I would receive in-person, on-campus educational services – just as RIT conveyed to me during my application process. At no point during this period of time did I agree to become an RIT Online enrolled student.

9. During the Fall 2019 semester, I registered for classes for the Spring 2020 semester. I selected to take all of my classes in-person, with the exception of CRIM 245 online.

10. Prior to my enrollment in the Spring 2020 semester, I paid tuition and fees to RIT. For the 2019-2020 year, I paid $646 in fees and $42,646.00 in tuition.

11. Based on everything I saw, heard, and received from RIT between application to payment, I expected to receive in-person and on-campus educational services. RIT conveyed over and over that its services, events, instruction, and student opportunities would be available on the main campus, including access to it.

12. By paying tuition and fees, I reasonably expected that I would have access to RIT's campus, facilities and services for the entire semester.

13. Prior to the Spring 2020 semester, all of my courses that I was enrolled in at RIT were taught in person.

14. I had enrolled at RIT with the understanding that all of my courses would be taught in person and on RIT's campus. I understood and expected that by paying tuition and fees, in exchange, RIT would provide me with an in-person education and access to on-campus services, facilities, and amenities.

15. When I reviewed class options on Student Information System (SIS) registration portal for the Spring 2020 semester, each class was listed by description, meeting time, and physical classroom location.

16. During the 2019 and some of the 2020 semester, I had access to facilities, services, and amenities provided by RIT.

17. Starting on approximately March 15, 2020, all of my classes at RIT were switched to a remote format, access to campus was denied, and students were directed to not return to campus to receive in-person educational instruction or access to on-campus services. I only returned to campus to collect my belongings pursuant to RIT's instructions.

18. RIT's transition to remote classes continued for the remainder of the Spring 2020 semester.

19. For the remainder of the Spring 2020 semester, I did not have access to RIT's campuses, facilities and services that I had expected to receive in exchange for paying tuition and fees.

20. Although I only received online instruction like that offered in RIT Online, I did not receive a reduced tuition rate after RIT transitioned to online classes.

21. While COVID may have prevented RIT from providing those services, I believe it is unjust for RIT to keep the tuition and fees payments I made when they did not provide the services I expected to receive and what RIT expected to provide.

22. I understand that RIT Online offers a reduced tuition rate for the same degrees, the same instruction, and the same faculty, but I do not understand why RIT provided me with an online only product but kept the tuition and fees I paid for their campus-based product.

23. I support the claims asserted in this action and support this matter becoming a class action so that other students may seek the same recovery.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: 10/28/2022 _____