UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS BERGERON and BARBARA MYCEK, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ROCHESTER INSTITUTE OF TECHNOLOGY,<br><br>        Defendant. | Case No. 6:20-cv-06283<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Defendant Rochester Institute of Technology ("RIT") hereby provides this notice of supplemental authority of the appellate decisions reversing class certification orders in (i) *Cross v. Univ. of Toledo*, -- N.E.3d --, 2022 WL 15138777 (Ohio Ct. App. Oct. 27, 2022); and (ii) *Smith v. Ohio State Univ.*, 2022-Ohio-4101.  True and correct copies of these decisions are annexed as Exhibit 1 and Exhibit 2, respectively.

In *Cross*, the Ohio Court of Appeals reversed the trial court's grant of class certification on the grounds that the trial court failed to undertake the rigorous analysis required as to each requirement for class certification.  The Court of Appeals explained that, following *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011), a court analyzing class certification must engage with the merits of the substantive claims including distinguishing whether the plaintiff has sufficiently established the *fact* of damages on a class-wide basis (as opposed to the *amount* of damages).  *See id.* at *10.

In *Smith*, the Ohio Court of Appeals reversed the trial court's grant of class certification on the grounds that the student-plaintiffs' arguments that each class member was injured by "losing the benefit for which they contracted" was insufficient to carry the student-plaintiff's burden under each element of class certification.  Plaintiff moreover failed to establish that every

#180615765_v1

member of the putative class had actually sustained an economic injury, and the plaintiff's expert failed to propose a reliable method for determining class-wide damages.  *See id.* at ¶¶ 43-46. The appellate court moreover found it troubling that the facts established that students paid the same for in-person and online learning in various configurations, and opined that it cut against arguments of economic injury.  *See id.* at ¶ 45.


Dated: New York, New York
           November 18, 2022

SANTIAGO BURGER LLP

By: /s *Fernando Santiago*
Fernando Santiago
fernando@litgrp.com
2280 East Avenue, 2nd Floor
Rochester, NY 14610
Tel:  (585) 563-2400
Fax:  (585) 563-7526


HOLLAND & KNIGHT LLP

By: /s/ *Qian Shen*
Robert J. Burns
Qian (Sheila) Shen
robert.burns@hklaw.com
qian.shen@hklaw.com
31 West 52nd Street
New York, NY 10019
Tel:  (212) 513-3200
Fax:  (212) 385-9010

Paul G. Lannon (*admitted pro hac vice*)
paul.lannon@hklaw.com
10 St. James Avenue, 11th Floor
Boston, MA 02116
Tel:  (617) 523-2700
Fax:  (617) 523-6850