**EXHIBIT 1**
*Reply declaration of Michael A. Tompkins, Esq.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NICHOLAS BERGERON and NICK QUATTROCIOCCHI, individually and on behalf of others similarly situated,

        Plaintiffs,

v.

ROCHESTER INSTITUTE OF TECHNOLOGY,

        Defendants.

Case No. 6:20-cv-06283

### REPLY DECLARATION OF MICHAEL A. TOMPKINS, ESQ.

I, Michael A. Tompkins, make this reply declaration pursuant to 28 U.S.C. § 1746 and swear, under penalty of perjury, that the following is truthful and accurate to the best of my recollection:

1. I have personal knowledge of the facts stated below. If called upon to do so, I could and would competently testify thereto.

2. I am making this reply declaration in further support of Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel and to address the false and baseless accusations made by Defendants against myself, my co-counsel, our coordination, and the work performed in this case.

3. My firm, Leeds Brown Law P.C., along with, the Poulin, Willey, Anastopoulo Law Firm, the Sultzer Law Group, P.C., and Bursor & Fisher P.A. represent the Named Plaintiffs.

4. My firm has efficiently worked with co-class counsel to protect the interest of the Named Plaintiffs and putative class members, including by investigating the claims, reviewing publicly available records and documents, gathering facts regarding the university's response to

COVID-19, compiling materials that form part of the university-student contract, engaging in discovery, mediating this case, identifying an expert for damages, and engaging in motion practice in support of the claims of this action.

5.  It is surprising that Defendant argues that I have no substantive involvement in this action when they do not possess knowledge of how Plaintiffs' team has coordinated and organized our collectively responses to Defendants in this action, including through discovery, mediation, and motion practice. However, to rebut Defendant's arguments, I provide this declaration to rebut their false and baseless allegation.

6.  I have been the primary attorney at Leeds Brown Law, P.C. tasked with coordinating our firm's involvement in this action, including coordinating externally amongst co-counsel (with Mr. Fraietta, Mr. Willey, Mr. Abbott, Mr. Sultzer, and members of their firms) and coordinating internally with our team at Leeds Brown Law, P.C. (including associate Anthony Alesandro, paralegal Thao Williams, and partner Jeffrey K. Brown).

7.  While the firms have agreed that Poulin, Willey, Anastopoulo Law Firm and Bursor & Fisher P.A. would take lead in this matter before the Court and Defendant, that has not meant that our firm has not performed substantive work.

8.  Our firm, including myself, have been involved in performing the following tasks in this action: (1) coordinating and communicating with Plaintiff Quattrociocchi on all aspects of his representations and this action; (2) responding to discovery on behalf of Plaintiff Quattrociocchi and coordinating with co-counsel on Plaintiffs' positions on discovery responses; (3) drafting discovery materials; (4) identifying a potential expert and viable damage models under New York contract and quasi-contract law; (5) investigating RIT Online and the University's cheaper online-only program as a market alternative for both damages, class certification,

mediation, and summary judgment; (6) researching, drafting, and editing substantive portions of the class certification brief, (7) researching and editing opposition to Defendant's summary judgment motion; (8) evaluating the risks and merits of this action in preparing for mediation; and (9) identifying and proposing a mediator agreeable to Defendant that assisted the parties at mediation.

9. Our firm has coordinated internally including between myself and Mr. Alesandro to ensure that work was performed efficiently and by persons with lower billing rights but still capable of performing the required tasks. This accords with the proper and efficient prosecution of large class actions to avoid duplicative or unnecessary billing.

10. Additionally, our firm has coordinated with Mr. Sultzer and his team to ensure that there was no duplicative or unnecessary billing in this action, which has meant coordinating between the two firms before submitting materials on behalf of Plaintiff Quattrociocchi.

11. Thus, Defendant's allegation that I have no substantive involvement in this action is simply false.

12. Similarly, Defendant's allegation that I lack the personal experience as class counsel to be deemed class counsel is simply false.

13. First, I coordinated with Defendant's counsel Mr. Paul Lannon, Esq., amongst other members of his firm Holland & Knight, in connection with Mr. Sultzer and his firm to resolve *Porter v. Emerson College*, 1:20-CV-11897(RWZ) (D. Mass.), as a fair and efficient compromise of similar claims for our similarly situated clients. Additionally, our firm is involved in other college refund cases in which Defendant's counsel is also representing the schools. *See e.g., Mooer v. Middlebury College*, Case No. 2:20-cv-00144(CR) (D. Vt.) (wherein defendants' motion to

dismiss was partially denied). Thus, it is surprising that Defendant's counsel would omit their past experience and interactions with me in these types of actions.

14. Second, Defendant cites to the resume of Leeds Brown Law, P.C. as Dkt. 75-17, but appears to have failed to read the document – or failed to evaluate the cases and experience cited in it. Defendant claims is fails to reflect as personal experience I have as class counsel.

15. Specifically, pg. 5 of Dkt. 75-17 contains an entire page specifically devoted to actions in which I served as lead counsel for Leeds Brown Law, P.C. as class counsel including specific quotes from Courts on my involvement. *See e.g., Malcok v. SEB Service of New York, Inc.*, Case No. 11-CV-5089(MDG) (E.D.N.Y. March 13, 2017) ("[Mr. Jeffrey K. Brown, Mr. Michael A. Tompkins, Ms. Suzanne Leeds and co- counsel] have experience litigating class and collective actions based on wage and hour claims.… This Court observed counsel's performance in this action … and finds that their performance in both litigating and settling this case demonstrates their commitment to the classes and to representing the interests of the classes."); *Varela v. Building Services Industries, LLC*, Index No. 600037/2016 (Sup. Ct. Nassau Cty. June 21, 2018) ("the Court finds that class counsel [including Michael A. Tompkins] have established their significant experience prosecuting employment class actions and their work performed in the representing the interests of the class members in this action."); Contreras v. Dania Marina, Inc., Index No. 54536/2018 (Sup. Ct.Westchester Cty., Oct. 3, 2019) (Mr. Tompkins serving as lead counsel on behalf of Leeds Brown Law, P.C.); *Arredondo v. Univ. of La Verne*, 341 F.R.D. 47, 54 (C.D. Cal. Feb. 8, 2022).

16. In fact, I served as one of the primary attorneys as class counsel in *Arredondo*, wherein the Honorable Mark C. Scarsi, U.S.D.J., noted the work performed by Leeds Brown Law,

P.C. (along with other co-counsel including The Sultzer Law Group, P.C.) by citing to my declaration:

> Counsel here has done significant work in identifying and investigating potential claims, including bringing a meritorious motion for class certification supported by ample evidence. Counsel also has a wealth of experience handling class actions. [Citing the declaration of Michael A. Tompkins, Esq. of Leeds Brown Law, P.C.]. … Counsel has demonstrated strong knowledge of the applicable law throughout the briefing process for this class certification motion. And finally, counsel has demonstrated it will commit sufficient resources to represent the class in this heavily litigated case…

*Id.* at 54.

17. Other similarly cases of my experience as the primary attorney as class counsel is included in the resume of Leeds Brown Law, P.C. *See* Dkt. 75-17; *see also e.g., Membrives v. HHC TRS FP Portfolio*, 196 A.D.3d 560 (N.Y. App Div. 2d Dept. 2021) (listing Mr. Tompkins in the decision establishing separate causes of action under 12 NYCRR §§ 146-2.18 and 2.19); *Jones v. Admr's of the Tulane Educ. Fund*, 51 F.4th 101 (2022) (listing myself and Ms. Yvette Golan as the primary attorneys in the successful appeal taking against Tulane University). Thus, Defendant's argument that I lack experience in class actions and these types of cases is simply unfounded.

18. We respectfully request that Court grant class certification and allow our firm, including myself, to serve as co-class counsel with the qualified firms presented to the Court here.

Date: November 18, 2022

Carle Place, New York

Respectfully submitted,

 /s/ Michael Tompkins  
Michael Tompkins, Esq.,  
**LEEDS BROWN LAW, P.C.,**  
One Old Country Road, Suite 347  
Carle Place, New York 11514  
T: 516-873-9550