**Exhibit 2**
*Declaration of Jason P. Sultzer*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NICHOLAS BERGERON and NICK QUATTROCIOCCHI, individually and on behalf of others similarly situated,

        Plaintiffs,

v.

ROCHESTER INSTITUTE OF TECHNOLOGY,

        Defendants.

Case No. 6:20-cv-06283

## REPLY DECLARATION OF JASON P. SULTZER

I, Jason P. Sultzer, make this reply declaration pursuant to 28 U.S.C. § 1746 and swear, under penalty of perjury, that the following is truthful and accurate to the best of my recollection:

1. I have personal knowledge of the facts stated below. If called upon to do so, I could and would competently testify thereto.

2. I am making this reply declaration in further support of Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel and to address the false and baseless accusations made by Defendants against myself, my co-counsel, our coordination, and the work performed in this case.

3. My firm, The Sultzer Law Group, P.C., along with, the Poulin, Willey, Anastopoulo Law Firm, Leeds Brown Law P.C., and Bursor & Fisher P.A. represent the Named Plaintiffs.

4. My firm has efficiently worked with co-class counsel to protect the interest of the Named Plaintiffs and putative class members, including by investigating the claims, reviewing publicly available records and documents, gathering facts regarding the university's response to

COVID-19, compiling materials that form part of the university-student contract, engaging in discovery, mediating this case, identifying an expert for damages, and engaging in motion practice in support of the claims of this action.

5. Moreover, my firm has an history of working with all of the firms representing Named Plaintiffs in this action, including in other tuition refund cases and consumer fraud class actions through the nation.

6. It is surprising that Defendant argues that I have no substantive involvement in this action when they do not possess knowledge of how Plaintiffs' team has coordinated and organized our collective responses to Defendants in this action, including through discovery, mediation, and motion practice. However, to rebut Defendant's arguments, I provide this declaration to rebut their false and baseless allegation.

7. I have been the primary attorneys at The Sultzer Law Group, P.C. tasked with coordinating our firm's involvement in this action, including coordinating externally amongst co-counsel (with Mr. Fraietta, Mr. Willey, Mr. Abbott, Mr. Tompkins, and members of their firms) and coordinating internally with our team at The Sultzer Law Group, P.C. (including associates Mindy Dolgoff and Benjamin Zackarin).

8. While the firms have agreed that Poulin, Willey, Anastopoulo Law Firm and Bursor & Fisher P.A. would take lead in this matter before the Court and in communicating with Defendant, that has not meant that our firm has not performed substantive work.

9. Our firm, including myself, have been involved in performing the following tasks in this action: (1) coordinating with Plaintiff Quattrociocchi on all aspects of his representations and this action; (2) responding to discovery on behalf of Plaintiff Quattrociocchi and coordinating with co-counsel on Plaintiffs' positions on discovery responses; (3) identifying a potential expert

and viable damage models under New York contract and quasi-contract law; (4) investigating RIT Online and the University's cheaper online-only program as a market alternative for both damages, class certification, mediation, and summary judgment; (5) researching, drafting, and editing substantive portions of the class certification brief; (6) evaluating the risks and merits of this action in preparing for mediation; and (7) identifying and proposing a mediator agreeable to Defendant that assisted the parties at mediation; (8) participating in the mediation.

10.     Even more specifically, in conjunction with Mr. Tompkins, we were able extensively contribute to the development of a damages model in connection with our expert who we also retained and worked with in a similar tuition refund case in which we successfully obtained class certification and reached resolution on behalf of the certified class.

11.     Our firm has coordinated internally including between myself and Ms. Dolgoff to ensure that work was performed efficiently and by persons with lower billing rights but still capable of performing the required tasks. This accords with the proper and efficient prosecution of large class actions to avoid duplicative or unnecessary billing.

12.     Additionally, our firm has coordinated with Mr. Tompkins and Leeds Brown Law, P.C. to ensure that there was no duplicative or unnecessary billing in this action, which has meant coordinating between the two firms before submitting materials on behalf of Plaintiff Quattrociocchi.

13.     Thus, Defendant's allegation that I have no substantive involvement in this action is simply false.

14.     Similarly, Defendant's allegation that I lack the personal experience as class counsel to be deemed class counsel is simply false.

15. First, I and my firm, in conjunction with Mr. Tompkins, coordinated with Defendant's counsel Mr. Paul Lannon, Esq., amongst other members of his firm Holland & Knight, to resolve *Porter v. Emerson College*, 1:20-CV-11897(RWZ) (D. Mass.), as a fair and efficient compromise of similar claims for our similarly situated clients. Additionally, our firm is involved in other college refund cases in which Defendant's counsel is also representing the schools. *See e.g., Mooer v. Middlebury College*, Case No. 2:20-cv-00144(CR) (D. Vt.) (wherein defendants' motion to dismiss was partially denied). Thus, it is surprising that Defendant's counsel would omit their past experience and interactions with me and my firm in these types of actions.

16. Second, Defendant cites to the resume of The Sultzer Law Group, P.C., Dkt. 75-17, arguing that I rely on the general credentials of my firm rather than my personal experience as class counsel.

17. I am the founder and principal of The Sultzer Law Group, P.C. All of the class action cases and appointments as lead or co-lead counsel contained in the firm's resume represent and are a direct reflection of me and my personal involvement in those actions.

18. We respectfully request that Court grant class certification and allow our firm, including myself, to serve as co-class counsel with the qualified firms presented to the Court here.

Date: November 18, 2022

                Respectfully submitted,

                __/s/ Jason P. Sultzer_____
                Jason P. Sultzer, Esq.,
                **THE SULTZER LAW GROUP, P.C.,**