**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS BERGERON and NICK QUATTROCIOCCHI, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>ROCHESTER INSTITUTE OF TECHNOLOGY,<br><br>        Defendant. | Case No. 6:20-cv-06283-CJS-MJP |

<u>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE TESTIMONY FROM AND THE EXPERT OPINION OF PLAINTIFFS' EXPERT CHARLES D. COWAN, PH.D.**</u>

## TABLE OF CONTENTS

INTRODUCTION...........................................................................................................1

LEGAL STANDARD ...................................................................................................2

I.    Dr. Cowan's Opinion is Based on Sufficient Facts and Data............................. 2

II.   Dr. Cowan's Analysis is Reliable ....................................................................... 4

III.  Dr. Cowan Does Not Rely on Erroneous Assumptions...................................... 5

IV.   Dr. Cowan Did not Fail to Apply Accepted Economic Modeling Principles ................. 6

V.    Real-Life Data Does Not Contradict Dr. Cowan's Theory ................................. 6

VI.   Dr. Cowan Not Analyzing The 'Diverse Circumstances' of Students in the Putative Class Has No Bearing On Rule 702 Analysis......................................... 7

VII.  Dr. Cowan Wholly Failed to Analyze Plaintiffs' Fee Claims ........................... 8

CONCLUSION .............................................................................................................. 8

CERTIFICATE OF SERVICE ...................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Amorgianos v. National R.R. Passenger Corp.*, 303 F.3d 256 (2d Cir. 2002) ............................. 5

*Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993) ......................................................... 5

*Faulkner v. Arista Records LLC,* 46 F.Supp.3d 365 (S.D.N.Y. 2014) ........................................... 5

*Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.,* No 11CV 6201 DLC, 2015 WL 539489
   (S.D.N.Y. Feb. 10, 2015) ........................................................................................................ 7

*In re Fisher-Price Rock 'N Play Sleeper Marketing, Sales Practices and Products Liability
   Litigation,* 567 F. Supp.3d 406 (W.D.N.Y., 2021) ................................................................... 5

**Rules**

Fed. R. Evid. 702 ......................................................................................................................... 5

Plaintiffs Nicholas Bergeron and Nick Quattrociocchi ("Plaintiffs"), by and through their undersigned counsel, hereby file this Response in Opposition to Defendant's Motion to Exclude Testimony of Plaintiffs' Expert, Dr. Charles D. Cowan.

## <u>INTRODUCTION</u>

Defendant Rochester Institute of Technology ("Defendant" or "RIT") filed a *Daubert* Motion seeking to exclude testimony of Plaintiffs' expert, Dr. Charles D. Cowan, Ph.D. ("Dr. Cowan"). Plaintiffs retained Dr. Cowan to determine the economic loss suffered by RIT students during the Spring 2020 Semester. Plaintiffs will utilize Dr. Cowan's decades of experience in statistics and economics (Ex. 1 Cowan Report at 3-5) to educate this Court, and the jury, regarding complex calculations necessary to determine the proper damages resulting from RIT's breach of contract. Undoubtedly, Dr. Cowan meets the *Daubert* standard: (1) he is competent to testify regarding Plaintiffs' damages calculations; (2) his methodology is sufficiently reliable; and (3) his testimony will assist this court, and the jury, by using his expertise to determine class-wide damages. Furthermore, Defendant's motion is entirely devoid of factual support for the conclusions that Defendant seeks to have the Court draw. While Defendant disclosed an expert rebuttal report in response to Dr. Cowan's standard, reasoning, and supported analyses, Defendant failed to submit that report in support of its *Daubert* motion. This failure to provide factual support, tied with Defendant's failure to delve beyond any high-level *Daubert* case citations to support its arguments, confirms Defendant's musings go, at best, to weight of testimony. Thus, Defendant has failed to challenge the admissibility of Dr. Cowan's testimony. Therefore, for the following reasons, Defendant's arguments are without merit and Dr. Cowan's testimony should not be excluded.

**LEGAL STANDARD**

Rule 702 lists specific criteria to govern admissibility of expert testimony. These criteria are (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

The admissibility of expert testimony is primarily controlled under Federal Rule of Evidence (FRE) 702. *See Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 580-90 (1993). "Under Daubert, the non-exclusive criteria to establish the reliability of scientific evidence include testing, publication, error rate, and acceptance within the scientific community." *In re Fisher-Price Rock 'N Play Sleeper Marketing, Sales Practices and Products Liability Litigation,* 567 F. Supp.3d 406, 410 (W.D.N.Y., 2021). Although the Court does evaluate for the overarching requirement of reliability, the Court's obligation is "to examine the proposed methodology and *identify junk science as early as possible.*" *Id.* (emphasis added). The District Court "is charged with the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Amorgianos v. National R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002).

I.      **Dr. Cowan's Opinion is Based on Sufficient Facts and Data**

The Court may conclude that there is simply too great an analytical gab between the data and opinion proffered. *Faulkner v. Arista Records LLC,* 46 F.Supp.3d 365, 376 (S.D.N.Y. 2014). "The judge should only exclude expert evidence if the flaw is large enough that the expert lacks good grounds for his or her conclusions." *Amorgianos* at 267. "As long as an expert's scientific testimony rests upon good grounds, based on what is known, it should be tested by the adversary process- competing expert testimony and active cross-examination- rather than excluded from

jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies." *Faulkner* at 376.

      Here, Defendant's motion to exclude Dr. Cowan seems to be based in their mistaken belief that each Plaintiff and potential class member will have individualized damages. Defendant disingenuously accords that individual class members will have different actual damages with their contention that each class member with require individualized damage analysis, this is simply not the case. Instead of analyzing whether Dr. Cowan's methodology is fatally flawed, Defendant is arguing that Cowan's report should be excluded on the basis that not enough Plaintiffs and class members were tested. The simplicity of this case means that the methodology in determining Plaintiff Quattrociocchi's damages is applicable to all class members. It is unclear why Cowan not reviewing Plaintiffs' deposition transcripts or exhibits is somehow indicative of some flaw in his methodology. Dr. Cowan's report simply takes how much tuition was paid for the Spring 2020 semester, how much RIT charged for their in-person program, how much RIT charged for RIT Online, and then applied a percentage for the amount of time the semester was taught online rather than in-person. Ex. 1 at 6.

      RIT argues that it was "grossly simplistic" to assume that the difference between RIT Online and RIT's campus-based programs was modality. However, RIT fails to point out any alternative or more appropriate benchmark. Dr. Cowan could not use RIT online undergraduate classes as none of those classes were part of a fully integrated online program, like RIT Online is. RIT Online is the only benchmark because RIT Online is the only program RIT offers that is wholly analogous to the Spring 2020 semester when RIT breached its agreement with RIT students and shifted to delivering the student experience to entirely online.

## II.    <u>Dr. Cowan's Analysis is Reliable</u>

RIT concedes that a benchmark comparison is a common valuation and instead argues that Dr. Cowan chose the wrong benchmark. Under RIT's assertions, it is unclear and perhaps impossible to identify exactly what benchmark would satisfy their criteria in this given context. RIT's argument conflates the issue at hand. Dr. Cowan was not creating an experiment for testing the differences in in-person and virtual education. Instead, he was using a *benchmark comparison*. Therefore, the variable analysis and case law that follows in RIT's Motion is irrelevant.

An experiment to test whether an observed result was caused by given variable, the control group must lack that variable. *Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.,* No 11CV 6201 DLC, 2015 WL 539489, at *5 (S.D.N.Y. Feb. 10, 2015). "If a scientist wanted to prove that Medicine X causes rashes, she might design a study wherein she would observe two patients: Patient 1, who had taken Medicine X, and Patient 2, who had not." *Id.* Here, Dr. Cowan was not tasked with creating an experiment testing the difference between RIT's in-person courses and RIT Online. Interestingly enough, RIT somehow argues that Dr. Cowan did not do research into the differences between RIT in-person courses and RIT Online and then concludes that Dr. Cowan based the benchmark comparison on "[RIT] marketing statement that the quality of RIT Online programs are comparable to their campus-based programs." ECF 84-65 at 7. Therefore, not only is the benchmark comparison accurate per RIT's own statement, RIT concedes Dr. Cowan did the research it claimed he did not do.

RIT states a variety of differences which they include in their expert report. However, as stated above, conflicting expert reports are not indicative that one fails the *Daubert* test. Rather, those differences should be determined by the trier-of-fact.

III.    **Dr. Cowan Does Not Rely on Erroneous Assumptions**

RIT's arguments assert a number of legal conclusions that are simply not relevant at this time and do not point towards errors under *Daubert*. If anything, their opening paragraph demonstrate exactly why Dr. Cowan's report should be admissible as they detail exactly why Dr. Cowan's report is not junk science. Dr. Cowan relies on RIT's *published tuition rates*, the amount of time class members' classes was held in-person versus online, and financial aid. RIT argues Dr. Cowan failed to comport with accepted economic principles but then does not state any economic principles.

First, RIT seems to argue that their in-person tuition rates are inflated based solely off financial aid. "This error [to consider financial aid] is particularly problematic because one of the primary reasons why RIT Online's tuition rates are discounted is to offset the lack of institutional aid to RIT Online students." ECF 84-6 at 9. Further, this argument seems to suggest that those who receive institutional aid do not have any out-of-pocket expenses which, of course, is simply not true.

Second, Dr. Cowan basing his class-wide damages model on Plaintiff Quattrociocchi is not indicative of any error, and further supports class certification here. Plaintiff Quattrociocchi, being a member of the class, underwent the same contract formation process as potential class members, paid tuition and fees in the same manner, was wronged by RIT in the same manner, and is seeking the same recovery based on Dr. Cowan's formula. Therefore, Dr. Cowan's damage model is demonstrated by Plaintiff Quattrociocchi. If Dr. Cowan's model required multiple students as examples, then it would be indicative that class certification should not be granted.

Nothing in RIT's argument in this section asserts what it claims. They do not cite any case law, they do not cite any economic principles, and they do not demonstrate any facts to show

exactly why Dr. Cowan's report is of the junk science the District Court is tasked with restricting. If anything, they show how Dr. Cowan's report does not apply a layman's erroneous factors and is instead based on sound, scientific methodology.

### IV.     Dr. Cowan Did not Fail to Apply Accepted Economic Modeling Principles

RIT simply asserts Dr. Cowan did not use economic modeling principles without offering any substantive argument as to how he failed. The only argument RIT makes in this assertion is their expert feels a pro rata discount is not applicable. Which, again, does not point to Dr. Cowan's model being junk science but rather highlights the difference between the two should be a question for the jury. Again, RIT only uses Dr. Wilner's report as evidence, which is not the standard for the Court to use. RIT simply disagreeing with Dr. Cowan's use of pro rata discount does not mean the methodology Dr. Cowan uses is rooted in some fundamental flaw. Perhaps even more indicative of RIT's flimsy argument is the fact they have not cited to any case law in this section as support. They are simply making conclusory statements and expecting the Court to take them at face value.

### V.      Real-Life Data Does Not Contradict Dr. Cowan's Theory

RIT is so desperate to exclude Dr. Cowan's report that they seem to manifest supporting arguments entirely out of thin air. First, they claim that just because a student *chose* to take an online class prior to the RIT's breach in the Spring 2020 semester, any online class would be acceptable. ECF 84-6 at 10. This argument is illogical. A student choosing to take an online course in, say Art History, is not indicative of their desire to have an in-person, advanced engineering lab course be online. Indeed, Plaintiff Quattrociocchi stated as much in his deposition. Ex. 2 Quattrociocchi Dep. 125:13-134:21.

Second, RIT cites that because students knew the Fall 2020 Semester might be conducted partly remote and still registered anyway, somehow, they were not aggrieved during the Spring 2020 semester. As a preliminary matter, RIT seems to acknowledge with this argument that Spring 2020 students were in fact promised that semester to be in-person and on-campus and only in Fall 2020 did the students have any expectation that remote learning was possible. As to RIT's other assertions, enrollment numbers for the Fall 2020 semester are in no way indicative of this matter nor are they indicative of any possible error on Dr. Cowan's part. RIT closing their campus was not an isolated incident only affecting RIT; practically everywhere closed during the Spring 2020 semester, universities like RIT included. Therefore, evidence of students enrolling at any college, including RIT, is simply indicative of changed circumstances and has no bearing on whether students received what they were promised and contracted for during RIT's Spring 2020 semester. Finally, RIT offers nothing in this argument that Dr. Cowan's report fails under Rule 702. Also of note, RIT cites to no case law to support these assertions.

## VI. <u>Dr. Cowan Not Analyzing The 'Diverse Circumstances' of Students in the Putative Class Has No Bearing on Rule 702 Analysis</u>

Yet again, RIT offers no case law in support of the arguments of this section. RIT wants Dr. Cowan to analyze damages in a manner fitting their arguments. For example, RIT wants Dr. Cowan to analyze damages for those with express contracts and for those with implied contracts. This attempt to again inject whether students had a contract based on implied or expressed contracts has not been litigated at this point and is contrary to Plaintiffs' claims. Dr. Cowan was asked to provide a damage model applicable to tuition and fees, which is what he did. Dr. Cowan was not asked to formulate a damages model based on what RIT and Dr. Wilner claim.

Dr. Cowan's model is applicable to all class members because all class members were exposed to the same marketing materials, underwent the same contract formation process,

experienced the same breach when RIT closed campus and moved to online education, and experienced the same proportional harm. Dr. Cowan's creation of a damage analysis based from an individual student and its broad applicability to the Class is further support of certification RIT again does not cite to any case law to support their assertions.

**VII.    Dr. Cowan Wholly Failed to Analyze Plaintiffs' Fee Claims**

RIT argues that Dr. Cowan did not provide any methodology of Plaintiffs' claims for fee refunds. ECF 84-6 at 12. Dr. Cowan stated that he did not offer similar calculations for fees because he did not have the necessary information to provide such calculation at the time of his report. Ex. 1 at 3. However, Dr. Cowan explained the method of his calculations are based on a partial allocation of fees before and after the closure of RIT's campus due to COVID-19. *Id.* at 6. Dr. Cowan further explained that fees fall into three general categories and he described the way in which he would calculate, for example, a lab fee.

> For students, the lab fee would be dependent on whether a student took a course that would involve some type of lab work. In this case, I would divide lab fees by prorating them into the pre closure period and the post-closure period. Pre-closure fees would remain unchanged, but post-closure fees would be valued as damages at their full amount. For example, for a $100 lab fee where 50% of the term was pre-closure and 50% was post-closure, the $50 dollars prorated from the $100 lab fee would be the damages for a student, as there would be no labs at a closed university.

Ex. 1. at 11-12. As such, Dr. Cowan can easily make this calculation for every fee charged when provided with the necessary financial information.

## CONCLUSION

Dr. Cowan's methodology, analysis, and report is not revolutionary or unique. Dr. Cowan relied upon tried and sound methodologies frequently used by expert economists and statisticians in courts around the country to show economic damages. Furthermore, Dr. Cowan's testimony will assist the trier of fact in understanding the complex damages. RIT provided minimal legal

support, failing to dip beyond standard recitations of expert admissibility issues and instead relying

upon manifestations of perceived deficiencies. The Court, therefore, should deny Defendant's

motion in its entirety. Plaintiffs further request that the Court grant them all such other relief that

the Court deems necessary and appropriate.

Dated: November 28, 2022

Respectfully Submitted,

**POULIN | WILLEY | ANASTOPOULO, LLC**

BY: */s/Blake G. Abbott*
Blake G. Abbott*
Paul J. Doolittle*
32 Ann Street
Charleston, SC 29403
Telephone: (843) 614-8888
Email: blake@akimlawfirm.com
          pauld@akimlawfirm.com

-and-

**BURSOR & FISHER, P.A.**
Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

**LEEDS BROWN LAW, P.C.**

Michael A. Tompkins
Anthony M. Alesandro
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
aalesandro@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com

**CO-LEAD INTERIM COUNSEL FOR
THE PUTATIVE CLASS**

-and-

**FERR & MULLIN, P.C.**
Robert L. Mullin
7635 Main Street Fishers
P.O. Box 440
Fishers, NY 14453
Telephone: (585) 869-0210
Facsimile: 95850 869-0211
Email: rlmullin@ferrmullinlaw.com

-and-

**MOREA SCHWARTZ BRADHAM
FRIEDMAN & BROWN LLP**

John M. Bradham*
444 Madison Avenue, 4th Floor
New York, NY 10022
Telephone: (212) 695-8050
Email: jbradham@msbllp.com

-and-

**TOPTANI LAW PLLC**

Edward Toptani*
375 Pearl Street, Suite 1410
New York, NY 10038
Telephone: (212) 699-8930
Email: edward@toptanilaw.com

-and-

**THE SULTZER LAW GROUP, P.C.**

Jason P. Sultzer, Esq.
Joseph Lipari, Esq.
Mindy Dolgoff, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, New York 12601
Tel: (845) 483-7100
Fax: (888) 749-7747

sultzerj@thesultzerlawgroup.com
liparij@thesultzerlawgroup.com
dolgoffm@thesultzerlawgroup.com

**\*Admitted via _Pro Hac Vice_**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


Date: November 28, 2022                    */s/ Blake G. Abbott*