**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

NICHOLAS BERGERON and NICK
QUATTROCIOCCHI, individually and on
behalf of others similarly situated,

                          Plaintiffs,                          Case No. 6:20-cv-06283

        v.

ROCHESTER INSTITUTE OF
TECHNOLOGY,

                          Defendant.

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs hereby provide this notice of supplemental authority of one new opinion in

COVID-19 tuition and fee refund actions in relation to Plaintiffs' Motion to Certify Class (Dkt

No. 73) The recent decision in *Booth v. Molloy College*, No. 608750/2020 (N.Y. Sup. Ct.

December 13, 2022), a copy of which is attached hereto.

In *Booth*, the Plaintiff-student filed a class action against her university for breach of

contract, unjust enrichment, and conversion of theft of property. *Id*. at 1. The Supreme Court of

New York certified a class consisting of "[a]ll persons who paid tuition and/or mandatory fees for

a student to attend in-person classes(es) during the semester affected by COVID-19 at Molloy

College, including the Spring 2020 and Summer 2020 semesters, but had their classes and

educational experience moved to online learning." *Id*. at 1-2.

Defendant Molloy College, similar to RIT, argued that 1) it did not stop operating

completely, but rather created solutions that allowed students to receive college credit for their

course work and earn degrees; 2) class membership depends on whether or not Defendant failed

to provide education and/or service or facilities that it was obligated to provide under an

1

agreement; 3) whether each class member was aggrieved by the alleged breach requires individualized questions; 4) Plaintiff will be unable to demonstrate that she or every class member personally paid for the tuition and fees at issue. *Id*. at 5-6. Here, RIT makes almost identical arguments throughout its Opposition to Plaintiffs' Motion for Class Certification. *See* Def. Mem. at 4-6, 7, 8, 12-13, 14 and 17 (Dkt. No. 83).

As in *Booth*, here, Plaintiffs' claims satisfy all of the requirements for class certification. Plaintiffs respectfully submit that this decision further support their position in this matter in support of Plaintiffs' motion to certify the class.

Dated: December 28, 2022

<div style="margin-left:50%">

Respectfully Submitted,

BY: /s/ *Blake G. Abbott*
**POULIN | WILLEY |**
**ANASTOPOULO, LLC**
Blake G. Abbott*
Paul J. Doolittle*
32 Ann Street
Charleston, SC 29403
Telephone: (843) 614-8888
Email: blake@akimlawfirm.com
pauld@akimlawfirm.com

-and-

**BURSOR & FISHER, P.A.**
Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

-and-

**LEEDS BROWN LAW, P.C.**
Michael A. Tompkins, Esq.
Anthony M. Alesandro
One Old Country Road, Suite 347

</div>

Carle Place, NY 11514
(516) 873-9550
aalesandro@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com

*CO-LEAD INTERIM COUNSEL FOR
THE PUTATIVE CLASS*

-and-

**FERR & MULLIN, P.C.**
Robert L. Mullin
7635 Main Street Fishers
P.O. Box 440
Fishers, NY 14453
Telephone: (585) 869-0210
Facsimile: 95850 869-0211
Email: rlmullin@ferrmullinlaw.com

-and-

**MOREA SCHWARTZ BRADHAM
FRIEDMAN & BROWN LLP**
John M. Bradham*
444 Madison Avenue, 4th Floor
New York, NY 10022
Telephone: (212) 695-8050
Email: jbradham@msbllp.com

-and-

**TOPTANI LAW PLLC**
Edward Toptani*
375 Pearl Street, Suite 1410
New York, NY 10038
Telephone: (212) 699-8930
Email: edward@toptanilaw.com

-and-

**THE SULTZER LAW GROUP, P.C.**
Jason P. Sultzer, Esq.
Joseph Lipari, Esq.
Mindy Dolgoff, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, New York 12601

3

Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com
liparij@thesultzerlawgroup.com
dolgoffm@thesultzerlawgroup.com

**\*Admitted via Pro Hac Vice**

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via the Court's CM/ECF.

By: /s/ Blake G. Abbott