UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NICHOLAS BERGERON and NICK
QUATTROCIOCCHI, individually and on behalf of
others similarly situated,

                     Plaintiffs,

     v.

ROCHESTER INSTITUTE OF TECHNOLOGY,

                     Defendant.

Case No. 6:20-cv-06283

**NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Defendant Rochester Institute of Technology ("RIT") hereby provides this notice of supplemental authority of the Southern District of Florida granting summary judgment for defendant, University of Miami, in *In re Univ. of Miami COVID-19 Tuition & Fee Refund Litigation,* ---- F.Supp.3d ----, 2022 WL 18034457 (S.D. Fla. Dec. 30, 2022).  A true and correct copy of this decision is annexed as Exhibit 1.

In *Univ. of Miami*, the district court granted the university's motion for summary judgment on all claims.  The court held that there was no contractual promise made by the university to provide only in-person classes because: (1) "descriptions of the campus and its facilities do not support Plaintiffs' claim for breach of contract to provide only in-person classes"; (2) the fact that the University had a separate website dedicated to its online-only programs does not create a promise for in-person instruction; (3) references to on-campus activities in the academic bulletin do not constitute a promise for in-person instruction; (4) the statement of student rights in the student handbook does not create a promise of in-person instruction; and (5) "even if such a contract did exist, UM had the express right to alter or amend its procedures or policies and to close its classrooms and facilities" per the reservation of rights

found in the Student Handbook, which expressly provided that the university had the right to revoke access to university facilities/premises. *Id*. at *4-5.

Importantly, the court noted that at the summary judgment stage, "Plaintiffs have the burden of producing more than a 'scintilla' of evidence in opposition to Defendant's Motion." *Id*. at *5. Thus, while a court could deny a motion to dismiss, the failure to "provide evidence supporting [the] assertion that Defendant made express promises" warrants dismissing Plaintiffs claims on summary judgment. *Id*. (citation omitted).

Dated: New York, New York
          January 6, 2023

SANTIAGO BURGER LLP

By: /s *Fernando Santiago*
Fernando Santiago
fernando@litgrp.com
2280 East Avenue, 2nd Floor
Rochester, NY 14610
Tel:  (585) 563-2400
Fax:  (585) 563-7526


HOLLAND & KNIGHT LLP

By: /s/ *Qian Shen*
Robert J. Burns
Qian (Sheila) Shen
robert.burns@hklaw.com
qian.shen@hklaw.com
31 West 52nd Street
New York, NY 10019
Tel:  (212) 513-3200
Fax:  (212) 385-9010

Paul G. Lannon (*admitted pro hac vice*)
paul.lannon@hklaw.com
10 St. James Avenue, 11th Floor
Boston, MA 02116
Tel:  (617) 523-2700
Fax:  (617) 523-6850